IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

| | | |
|---|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 19-742-C (Judge Lydia Kay Griggsby) |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) ) | |

**BLUE ORIGIN, LLC'S UNOPPOSED MOTION TO INTERVENE**

Pursuant to Rule 24(a) of the Rules of the United States Court of Federal Claims ("RCFC"), Blue Origin, LLC ("Blue") respectfully moves this Court to join in this action as a Defendant-Intervenor. Blue is an awardee under the Solicitation at issue in this bid protest: Solicitation No. FA8811-17-9-0001 dated October 5, 2017 (the "Solicitation") to develop a space launch system prototype under the Evolved Expendable Launch Vehicle ("EELV") Launch Services Agreement ("LSA"). On October 10, 2018, Blue was awarded a $500 Million contract (Contract FA8811-19-9-0001) for the prototype development of Blue's New Glenn launch system. Work has been proceeding under the Contract since that time. The agreement requires shared cost investment for the prototype development. Government Fiscal Year 2018 funds in the amount of $109 Million were obligated at the time of award.

Blue has a right to intervene as it has a substantial interest in the subject of this litigation, and the resolution of the action may impair or impede Blue's ability to protect its interest. Plaintiff Space

Exploration Technologies Corp. ("SpaceX") and defendant United States of America (the "Government") have advised that they do not object to Blue's Motion to Intervene.

Under RCFC 24(a), this Court must permit any person to intervene who, upon a timely motion, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." RCFC 24(a). Consistent with the mandatory language in the rule, "[t]he United States Court of Appeals for the Federal Circuit has advised that the requirements for intervention are to be construed in favor of intervention." *Bannum, Inc. v. United States*, 96 Fed. Cl. 364, 378 (2010) (quotation marks omitted).

In determining whether a motion to intervene is timely, this Court looks to three factors: (1) the length of time that the applicant knew or should have known of its rights; (2) whether the prejudice to other parties resulting from intervention outweighs the prejudice to the applicant of denying intervention; and (3) the existence of any unusual circumstances. *M.E.S., Inc. v. United States*, 99 Fed. Cl. 239, 242 (2011). First, Blue's Motion to Intervene is timely, having been filed only four days after the filing of SpaceX's May 18, 2019 Complaint and one day after learning that Complaint involved Blue's LSA award.[1]

Second, the existing parties will suffer no prejudice should the Court grant Blue's Motion to Intervene because no action has taken place in the litigation. In contrast, Blue would be substantially prejudiced were it denied the opportunity to defend its award where performance has been ongoing for months and is critical to Blue's proposal for the Phase II contract effort for the Launch Services Procurement ("LSP"). The LSP RFP was issued May 3, 2019, with proposals due August 1, 2019.

---

[1] Blue did not receive the pre-filing notice from Plaintiff specified by RCFC Appendix C, Section II.2.(d), and has filed this motion promptly on learning from the Government that Plaintiff's Complaint (currently under seal) potentially affects Blue's LSA award and that Blue was an interested party for the protest.

Third, the substantial period between Blue's LSA Award (October 10, 2018), and the belated filing of SpaceX's action here (May 17, 2019), without any prior effort to stay or suspend Blue's performance is an extraordinary circumstance that supports Blue's intervention in this action.  In contrast, there are no unusual circumstances weighing against Blue's intervention.  For these reasons, Blue's Motion to Intervene is timely and appropriate.

Furthermore, it is indisputable that Blue's LSA award is involved in SpaceX's bid protest, so that Blue has and "claims" an interest in the transaction that is the subject of the litigation.  Blue understands that SpaceX has challenged the Government's conduct under the LSA transaction, and previously filed an agency-level protest challenging the Government's LSA evaluation.  As a successful awardee, Blue has a direct and immediate interest in the litigation because its economic interest in its LSA award and its competitive standing for Phase II could well be affected by the Court's resolution of this bid protest.  *See Emerald Coast Finest Produce Co., Inc. v. United States*, 74 Fed. Cl. 679, 680-81 (2006) (granting a contract awardee's motion to intervene where it alleged that, as an awardee, it was an interested party whose economic well-being will or may be affected by the case).  Although Blue has not yet had access to SpaceX's Complaint, it apparently challenges the evaluation and award process for the LSA awards, including the award to Blue under the Solicitation at issue.  Blue, as an awardee, may be denied the opportunity to perform and receive tangible technical benefits from the LSA award, and to obtain the performance benefits for its proposal in the Phase II procurement.  Importantly, Blue would have no legal recourse to recover those significant benefits, should the Court issue judgment in favor of SpaceX.

And finally, Blue's interests are not identical to those of the Government.  Blue's primary concern will be to ensure that the resolution of the action does not impair its opportunity to perform under its LSA award and to obtain the significant and irreplaceable benefits accruing from that performance.  The Government's primary interest lies elsewhere, and it may present arguments and propose relief at odds with Blue's interests.  This Court recognizes that where the intervenor's

interest is similar but not identical to that of an existing party, the applicant ordinarily should be allowed to intervene. *Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407, 417 (2006). "The burden of showing the inadequacy of representation clearly is minimal." *Id.* This is especially true where such relief may include reopening of the procurement.

For the foregoing reasons, Blue respectfully requests that the Court enter an Order granting Blue's Motion to Intervene in this bid protest. A proposed Order is attached.

Dated:  May 21, 2019

                                              Respectfully submitted,

                                              */s/ Scott E. Pickens*
                                              Scott E. Pickens

                                              BARNES & THORNBURG LLP
                                              1717 Pennsylvania Avenue, NW
                                              Suite 500
                                              Washington, D.C.  20006
                                              (202) 371-6349 (Telephone)
                                              (202) 912-8409 (Secure Facsimile)
                                              Scott.Pickens@btlaw.com

                                              *Counsel of Record for Blue Origin, LLC*

Of Counsel:

Michael A. Hordell
Matthew J. Michaels
BARNES & THORNBURG LLP
1717 Pennsylvania Avenue, NW
Suite 500
Washington, D.C.  20006
(202) 289-1313 (Telephone)
Michael.Hordell@btlaw.com
Matthew.Michaels@btlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2019, pursuant to RCFC 5, 5.3, and Appendix E, paragraph 12, I caused the foregoing document to be filed electronically.  All counsel of record will be served by operation of the Court's electronic filing system.

Dated:  May 21, 2019

    Respectfully submitted,

    */s/ Scott E. Pickens*
    Scott E. Pickens

    BARNES & THORNBURG LLP
    1717 Pennsylvania Avenue, NW
    Suite 500
    Washington, D.C.  20006
    (202) 371-6349 (Telephone)
    (202) 912-8409 (Secure Facsimile)
    Scott.Pickens@btlaw.com

    *Counsel of Record for Blue Origin, LLC*

Of Counsel:

Michael A. Hordell
Matthew J. Michaels
BARNES & THORNBURG LLP
1717 Pennsylvania Avenue, NW
Suite 500
Washington, D.C.  20006
(202) 289-1313 (Telephone)
Michael.Hordell@btlaw.com
Matthew.Michaels@btlaw.com