## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

### BID PROTEST

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP.,<br><br>   Plaintiff,<br><br>  v.<br><br>UNITED STATES,<br><br>   Defendant. | Case No. 19-742-C<br>(Judge Lydia Kay Griggsby) |

### UNITED LAUNCH SERVICES, LLC'S UNOPPOSED MOTION TO INTERVENE

Pursuant to Rule 24 of the Rules of the United States Court of Federal Claims ("RCFC"), United Launch Services, LLC ("ULS") respectfully moves to intervene in the above-captioned case as a defendant-intervenor. ULS seeks to intervene to protect its rights as the awardee of an Other Transaction Authority Agreement ("OTA") under the U.S. Air Force solicitation that ULS understands is at issue in this protest, the Evolved Expendable Launch Vehicle (EELV) Launch Service Agreements (LSA) Request for Proposals, Solicitation No. FA8811-17-9-0001 dated October 5, 2017 (the "Solicitation"). ULS understands that the U.S. Air Force awarded an OTA agreement to three entities for the development of domestic space launch systems pursuant to the Solicitation, including Agreement No. FA8811-19-9-0003 to ULS (the "ULS OTA"). The ULS OTA is a $967 million OTA establishing a cost-sharing arrangement for the further development of a prototype for ULS' Vulcan launch vehicle system. ULS has been and is continuing to perform work pursuant to the ULS OTA since award. Plaintiff Space Exploration Technologies Corp. ("SpaceX") and Defendant United States of America (the "Government") have advised

ULS that they do not object to ULS' Motion to Intervene.

ULS moves to intervene as a matter of right because it satisfies the requirements of RCFC 24(a). RCFC 24(a) provides that the Court "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." RCFC 24(a)(2); *see also Mgmt. Solutions & Sys., Inc. v. United States,* 75 Fed. Cl. 820, 826-27 (2007). The U.S. Court of Appeals for the Federal Circuit has held that "the requirements for intervention are to be construed in favor of intervention." *Am. Mar. Transp., Inc. v. United States,* 870 F.2d 1559, 1561 (Fed. Cir. 1989).

ULS meets the Rule 24(a) test for intervention as a matter of right. First, ULS' Motion is timely, as ULS files this Motion just four days after SpaceX filed the Complaint and the day after receiving formal notice from the U.S. Air Force that ULS may be an interested party in this matter.

Second, ULS has a direct economic interest in the transaction that is the subject of this action. ULS is the awardee of the ULS OTA. Although the Complaint in this matter remains under seal, ULS understands that SpaceX has challenged the Government's conduct as it pertains to the award of the three OTAs under the Solicitation, including the ULS OTA. ULS has already received funding under the ULS OTA and is continuing to perform development activities upon which it has based continued receipt of funding under the ULS OTA. As such, ULS' economic well-being will be affected by the Court's resolution of the litigation, and ULS has a direct and immediate interest in this matter.

Third, ULS' interests "are so situated that the disposition of the action may as a practical

matter impair or impede [ULS'] ability to protect its interest." RCFC 24(a)(2). While ULS' defenses may be aligned with those of the Government, only ULS is best positioned to adequately protect its interests in this matter. It is entirely possible that the United States could, at any stage of these proceedings, take a position or action that conflicts with ULS' interests. Indeed, ULS, as an awardee of the ULS OTA, may be denied the opportunity to receive nearly $1 billion in economic benefits in the event of an adverse decision. Absent intervention, ULS would be significantly prejudiced, having no ability to assert its rights to protect these benefits. Moreover, neither SpaceX nor the Government will be prejudiced should the Court grant ULS' Motion to Intervene. For these reasons, ULS satisfies the elements for intervention as a matter of right and intervention under RCFC 24(a)(2) is proper.

Alternatively, ULS should be permitted to intervene in accordance with RCFC 24(b). RCFC 26(b)(1) and 26(b)(1)(B) permit intervention "on timely motion" for any "claim or defense that shares with the main action a common question of law or fact." As stated above, ULS' Motion is timely and ULS has direct and immediate interests in the litigation, all of which present claims or defenses that share with the Complaint common questions of law and fact. As a result, ULS satisfies the RCFC 24(b)'s requirements for permissive intervention and respectfully requests that the Court permit ULS' intervention under RCFC 24(b) in the event the Court deems RCFC 24(a) as insufficient to permit intervention.

For the foregoing reasons, ULS respectfully requests that the Court enter an order granting ULS' Motion to Intervene in this matter. A proposed Order is attached.

Dated:  May 21, 2019

Respectfully submitted,

 /s/ Todd R. Steggerda
Todd R. Steggerda

MCGUIREWOODS LLP
2001 K Street, NW
Suite 400
Washington, DC 2006
Telephone: 202-857-2477
Facsimile:   202-828-2968
tsteggerda@mcguirewoods.com
*Counsel of Record for United Launch Services, LLC*

Of Counsel:

Benjamin L. Hatch
Edwin O. Childs, Jr.
Nathan R. Pittman
Karlee S. Blank
MCGUIREWOODS LLP
2001 K Street, NW
Suite 400
Washington, DC 2006
Telephone: 202-857-1700
bhatch@mcguirewoods.com
echilds@mcguirewoods.com
npittman@mcguirewoods.com
kblank@mcguirewoods.com

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2019, pursuant to RCFC 5, 5.3, and Appendix E, paragraph 12, I have filed ULS' Motion to Intervene via the Court's electronic case filing system, which automatically serves the document on all parties.

Dated:  May 21, 2019

Respectfully submitted,

 /s/ Todd R. Steggerda
Todd R. Steggerda

MCGUIREWOODS LLP
2001 K Street, NW
Suite 400
Washington, DC 2006
Telephone: 202-857-2477
Facsimile:   202-828-2968
tsteggerda@mcguirewoods.com
*Counsel of Record for United Launch Services, LLC*

Of Counsel:

Benjamin L. Hatch
Edwin O. Childs, Jr.
Nathan R. Pittman
Karlee S. Blank
MCGUIREWOODS LLP
2001 K Street, NW
Suite 400
Washington, DC 2006
Telephone: 202-857-1700
bhatch@mcguirewoods.com
echilds@mcguirewoods.com
npittman@mcguirewoods.com
kblank@mcguirewoods.com