# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# BID PROTEST

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant, <br><br> and <br> UNITED LAUNCH ALLIANCE, LLC, BLUE ORIGIN, LLC, and ORBITAL SCIENCES CORPORATION, <br> Intervenor-Defendants. | Case No. 1:19-cv-00742-LKG <br><br> Judge Griggsby |

## APPLICATION FOR ACCESS TO INFORMATION UNDER PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL

1. I, <u>Kenneth M. Reiss</u>, hereby apply for access to protected information covered by the Protective Order issued in connection with this proceeding.

2. a. I [outside counsel only] am an attorney with the law firm of _____ and have been retained to represent _____, a party to this proceeding.
   b. I [inside counsel] am in-house counsel (my title is: <u>Corporate Director and Assistant General Counsel) for Northrop Grumman Corporation, which is the corporate parent of Orbital Sciences Corporation</u>, a party to this proceeding.

3. I am [_] am not [x] a member of the bar of the United States Court of Federal Claims (the court).

4. My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel. I am not involved in competitive decision making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order. I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means that I do not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advantage.

5. I [outside counsel only] identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph:

6. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the proceeding or with any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order.

_____None_____

7. I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked, or have been found to have violated a protective order issued by any administrative or judicial tribunal:

_____None_____

8. I [inside counsel] have attached a detailed narrative providing the following information:
    a. my position and responsibilities as in-house counsel, including my role in providing advice in procurement-related matters;
    b. the person(s) to whom I report and their position(s) and responsibilities;
    c. the number of in-house counsel at the office in which I work and their involvement, if any, in competitive decision making and in providing advice in procurement-related matters;
    d. my relationship to the nearest person involved in competitive decision making (both in terms of physical proximity and corporate structure); and
    e. measures taken to isolate me from competitive decision making and to protect against the inadvertent disclosure of protected information to persons not admitted under the Protective Order.

9. I have read the Protective Order issued by the court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any protected information produced in connection with the proceeding.

10. I acknowledge that a violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the court and in possible civil and criminal liability.

\* \* \*

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

_/s/ Kennett R._                 5/23/2019
Signature                                           Date Executed
Kenneth M. Reiss, Assistant General Counsel
Typed Name and Title
P: (703) 280-4085  F: (703) 846-9616
Telephone and Facsimile Numbers
ken.reiss@ngc.com
E-mail Address

_____     5/23/2019
Signature of Attorney of Record          Date Executed
Kevin P. Mullen, Partner
Typed Name and Title
P: (202) 887-1560 F: (202) 785-7623
Telephone & Facsimile Numbers
KMullen@mofo.com
E-mail Address

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP.,<br><br>                                  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                                  Defendant,<br><br>and<br><br>UNITED LAUNCH ALLIANCE, LLC, BLUE ORIGIN, LLC, and ORBITAL SCIENCES CORPORATION,<br><br>                                  Intervenor-Defendants. | Case No. 1:19-cv-00742-LKG<br><br>Judge Griggsby |

### SUPPLEMENTAL STATEMENT OF KENNETH M. REISS
### IN SUPPORT OF APPLICATION FOR ACCESS TO MATERIAL
### UNDER A PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL

I, Kenneth M. Reiss, make the following statement and representation and request the Court grant me access to protected material that parties may file or produce in the above-captioned protest ("Protest"). The following paragraphs provide the information required by paragraph 8 of the Application for Access to Material under a Protective Order for In-House Counsel, to which this Supplemental Statement is appended.

(a) My title is Corporate Director and Assistant General Counsel, Litigation, for Northrop Grumman Corporation. Northrop Grumman Corporation is the publicly traded parent company of Orbital Sciences Corporation, which is a party in this Protest. I have worked for Northrop Grumman Corporation since July 2002. I am responsible for providing legal counsel and support with regard to anticipated and pending disputes and litigation for the Company's corporate office and its four Sectors: the Mission Systems Sector headquartered in Linthicum, Maryland; the Technology Services Sector headquartered in Herndon, Virginia; the Aerospace Systems Sector headquartered in El Segundo, California; and the Innovation Systems Sector headquartered in Dulles, Virginia. Orbital Sciences Corporation is part of the Innovation Systems Sector. My responsibilities include advising the Company on questions regarding litigation reserves and disclosures. I also provide advice on disputes provisions and contractual limitations of liability in the event of litigation involving

1

commercial contracts. My role in procurement-related matters is limited to providing legal counsel and support with regard to anticipated and pending disputes and litigation.

I have not been and am not now involved in competitive decision-making for or on behalf of any entity. I do not provide advice or participate in decisions about marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected material could provide a competitive advantage.

(b)     I report to Maureen F. Del Duca, Esq., Vice President and Deputy General Counsel, Northrop Grumman Corporation. Ms. Del Duca is responsible for providing legal counsel and support with regard to anticipated, threatened, and actual civil and criminal disputes, and other forms of litigation and investigations. Ms. Del Duca reports to Sheila C. Cheston, Esq., Corporate Vice President and General Counsel for Northrop Grumman Corporation. Ms. Cheston is the chief legal officer of Northrop Grumman Corporation and is responsible for all legal issues concerning the Company. Ms. Del Duca and Ms. Cheston are located at Northrop Grumman Corporation's corporate headquarters in Falls Church, Virginia.

(c)     My office is located at Northrop Grumman Corporation's corporate headquarters at 2980 Fairview Park Drive, Falls Church, Virginia. There are approximately 33 in-house attorneys at this location. None of the lawyers is responsible for providing day-to-day legal advice and support to the Innovation Systems Sector, the sector involved with this Protest, on procurement-related matters or competitive decision-making. The other attorneys located at Northrop Grumman Corporation headquarters, in addition to Ms. Cheston and Ms. Del Duca, support the Company in the areas of corporate governance, mergers & acquisitions, international law (including import and export law), environmental law, human resources and employee benefits, employment law, intellectual property law, government contract law, litigation, investigations, and ethics and compliance.

(d)     The Northrop Grumman Corporation Law Department Litigation Group, of which I am a part, has attorneys located in California and in Falls Church, Virginia. At the Falls Church office where I work, the Litigation Group attorneys are physically separate and distinct from the Sector Counsel, who serve particular business units or Sectors within Northrop Grumman Corporation. In particular, I am physically separated from the Sector Counsel for the Innovation Systems Sector (the Northrop Grumman Sector involved with this Protest); she and her staff are located in the Innovation Systems Sector headquarters office in Dulles, Virginia, and other locations away from Northrop Grumman's Falls Church headquarters. As noted above, in terms of corporate structure, I report to Ms. Del Duca, who reports to Ms. Cheston, a reporting relationship separate and distinct from the Innovation Systems Sector Counsel.

(e)     I am isolated from competitive decision-making as a function of my position and responsibilities. This isolation is a result of Northrop Grumman Corporation's recognition that, from time to time, it may desire that I have access to materials pursuant to Protective Orders that require my isolation from competitive decision-making. I do not attend proposal development meetings or otherwise review proposals in the course of my duties, except as may be needed to carry out any litigation-related responsibilities, and, in such cases, my advice is limited in scope to just those responsibilities. Physically, my office is enclosed and separate from anyone who might be involved in competitive decision-making.

I have been admitted under protective orders in numerous protests. I was admitted under a protective order in two U.S. Court of Federal Claims bid protests – <u>Technatomy Corp. v. United States</u>, Case No. 19-369C (filed Mar. 11, 2019) and <u>Novetta, Inc. v. United States</u>, Case No. 19-330C (filed Mar. 4, 2019). I also was admitted under protective orders in several Government Accountability Office bid protests, including: <u>General Atomics Aeronautical Systems, Inc.</u>, B-31004 (Dec. 21, 2007); <u>Northrop Grumman Information Technology, Inc.</u>, B-400134.7 (Nov. 17, 2008); <u>Northrop Grumman Information Technology, Inc.</u>, B-400134.10 (May 19, 2009); <u>Global Strategies Group (North America), Inc.</u>, B-402013.1 (Oct. 2, 2009); <u>Northrop Grumman Space & Mission Systems Corporation</u>, B-403502 (Aug. 6, 2010); <u>Northrop Grumman Technical Services, Inc.</u>, B-404636.1 (Dec. 14, 2010); <u>Computer Sciences Corporation</u>, B-404867 (Mar. 9, 2011); <u>Northrop Grumman Systems Corporation</u>, B-405647 (Aug. 31, 2011); <u>Northrop Grumman Systems Corporation</u>, B-406338 (Jan. 18, 2012); <u>ITT Electronic Systems, Inc.</u>, B-406405 (Feb. 10, 2012); <u>Northrop Grumman Systems Corporation</u>, B-406411 (Feb. 13, 2012); <u>SRA International, Inc.</u>, B-407527 (Oct. 3, 2012); <u>QinetiQ North America, Inc.</u>, B-408666 (Aug. 5, 2013); <u>Northrop Grumman Systems Corporation</u>, B-410990.3 (June 26, 2015); <u>Northrop Grumman Systems Corporation</u>, B-412278.2 (June 27, 2016); <u>Northrop Grumman Systems Corporation</u>, B-414312, B-414312.2 (Feb. 9, 2017); <u>Nuclear Security & Technology, LLC</u>, B-414750.2 (June 5, 2017); <u>Leidos, Inc.</u>, B-415293 (Oct. 6, 2017); <u>M7 Aerospace, LLC</u>, B-415293.2 (Oct. 20, 2017); <u>PTSI Managed Services, Inc.</u>, B-414850.8 (Dec. 5, 2017); <u>Tapestry Solutions, Inc.</u>, B-414850.9 (Dec. 8, 2017); <u>Technatomy Corp.</u>, B-414672.5 (Oct. 10, 2018); <u>Novetta, Inc.</u>, B-414672.4; B-414672.7 (Oct. 9, 2018); <u>Solers, Inc.</u>, B-414672.3; B-414672.8 (Oct. 9, 2018); and <u>OGSystems, LLC</u>, B-414672.6; B-414672.9 (Oct. 10, 2018).

For this Protest, I will not review any protected material at a Northrop Grumman facility, whether in electronic or hardcopy form. In addition, I will not receive or review any protected material on my primary work computer or on any computer that connects to Northrop Grumman's network. I will only receive protected material from Northrop Grumman's outside counsel in this matter, Morrison & Foerster LLP, in one or more of the following ways: by mail or courier to my home; through a password-protected website set up by outside counsel; via a computer that does not connect to the Northrop Grumman network; or in person, either at outside counsel's offices or at other locations away from any Northrop Grumman facility. Any courier or mail shipments will be addressed to me and the contents will be secured in a sealed interior envelope bearing the following legend: **"PROTECTED INFORMATION DISCLOSED."**

DATED: May 23, 2019

_____
Kenneth M. Reiss, Esq.