John D. Lombardo (Bar No. 187142)
john.lombardo@arnoldporter.com
Arnold & Porter Kaye Scholer LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: 213.243.4120
Facsimile: 213.243.4199

Craig A. Holman (*admitted pro hac vice*)
craig.holman@arnoldporter.com
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Telephone: 202.942.5722
Facsimile: 202.942.5999

Attorneys for Plaintiff
Space Exploration Technologies, Corp.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Space Exploration Technologies, Corp., <br><br> Plaintiff, <br><br> v. <br><br> United States of America, <br><br> Defendant, <br><br> v. <br><br> Blue Origin, LLC, *et al.*, <br><br> Defendant-Intervenors. | Case No. 2:19-cv-7927-ODW(GJS) <br> Honorable Otis D. Wright II <br><br> **JOINT STIPULATION FOR ORDERED BRIEFING SCHEDULE ON CERTIFIED ADMINISTRATIVE RECORD, TO EXTEND PAGE LIMITS AND ADOPT PROTECTIVE ORDER OF TRANSFERRING COURT** <br><br> [*Proposed Order Submitted Concurrently Herewith*] |

Plaintiff Space Exploration Technologies Corp. ("SpaceX"), Defendant United States (the "Government"), and Defendant-Intervenors Blue Origin, LLC, United Launch Services, LLC, and Northrop Grumman Corporation (collectively the "Parties"), by and through their undersigned counsel, have consolidated several procedural issues for consideration by and the convenience of this Court related to this transferred Administrative Procedures Act matter from the United States Court of Federal Claims.  The Parties hereby stipulate as follows:

1. This action, transferred from the United States Court of Federal Claims, is an Administrative Procedure Act matter (5 U.S.C. § 551 et seq.) involving challenges to an agency's award of other transaction agreements which are related to an ongoing competitive procurement that can be decided and resolved based on the Certified Administrative Record.

2. Prior to the transfer of this matter, the Government had produced the certified administrative record and the Court of Federal Claims had set a schedule for briefing on cross-motions for judgment on the administrative record.  (ECF 67.)  The Court of Federal Claims then suspended the schedule while it considered jurisdictional arguments.  (ECF 71.)

3. More specifically, on May 17, 2019, SpaceX filed a bid protest complaint against the Government in the Court of Federal Claims, challenging the awards of Launch Service Agreements by the United States Air Force ("Air Force") to three of SpaceX's competitors: Blue Origin, LLC, United Launch Services, LLC, and Orbital Sciences Corp. (now part of Northrop Grumman). (ECF 1.)

4. The Air Force awarded the Launch Service Agreements using the Department of Defense Other Transaction authority (10 U.S.C. § 2371b) for prototype projects.  (ECF 14; ECF 63.)

5. SpaceX contends that the awards have prejudiced SpaceX because, among other things, under those agreements SpaceX's competitors are collectively receiving over two billion dollars of total Government investment into the launch

1    systems that these competitors are proposing in an ongoing follow-up Federal
2    Acquisition Regulation procurement for launch services. (ECF 14, ECF at 63.)

3       6.   Given that the matter involves confidential and proprietary information
4    of Plaintiff and the Defendant-Intervenors as well as source selection information of
5    the Government, the Court of Federal Claims issued a protective order on May 22,
6    2019, covering the litigation and the Parties.  (ECF 16.)

7       7.   The Government filed the administrative record with the Court of Federal
8    Claims on June 11, 2019.  (ECF 49.)

9       8.   The Government then filed a motion to dismiss challenging the Court of
10   Federal Claims' Tucker Act (28 U.S.C. § 1491) jurisdiction over the Other
11   Transaction awards.  (ECF 51.)

12      9.   On August 28, 2019, the Court of Federal Claims agreed with the
13   Government that it lacked subject matter jurisdiction over SpaceX's challenge to the
14   Other Transaction awards at issue and granted SpaceX's protective motion to transfer
15   the above-captioned action to the Central District of California. (ECF 77.)

16      10.  On September 13, 2019, the Clerk's Office for the Central District of
17   California received the transferred case.  (ECF 81).

18      11.  On October 3, 2019, this matter was reassigned from the Hon. Christina
19   A. Snyder to the Hon. Otis D. Wright.  (ECF 111.)

20      12.  The docket transferred from the Court of Federal Claims includes the
21   protective order issued by the Court of Federal Claims as well as the administrative
22   record compiled and filed by the Government.

23      13.  Because SpaceX seeks relief pursuant to the Administrative Procedure
24   Act, and the Court's review is limited to the certified administrative record on which
25   the agency based its decision, *see* 5 U.S.C. § 706, the Parties presently believe that
26   this matter may be adjudicated on briefing on the Certified Administrative Record
27   following SpaceX's filing of a supplemental complaint based on the record.

28

14. Briefing on the Certified Administrative Record will conserve judicial resources and streamline the presentation of the issues before the Court.

15. The parties agree that there is no need for the Government or Defendant Intervenors to formally answer the complaint or supplemental complaint.

16. As such, the Parties request the Court enter the following briefing schedule:

   a. December 5, 2019: Plaintiff shall file its supplemental complaint.
   b. December 10, 2019: Plaintiff shall file its opening brief for judgment on the certified record.
   c. January 17, 2020: Government and Defendant Intervenors shall each file their responsive briefs.
   d. January 31, 2020: Plaintiff shall file its reply brief.
   e. February 14, 2020: Government and Defendant-Intervenors shall file their sur-replies.
   f. A hearing on the Parties' motion should be set for Monday March 2, 2020, pursuant to the Court's availability.

17. In light of the complexity of the factual and legal issues involved, the Parties request that the Court afford the Plaintiff 65 pages for its opening brief; the Government and Defendant-Intervenors 75 pages for their respective responsive briefs; the Plaintiff 50 pages for its reply brief; and, the Government and Defendant-Intervenors 40 pages for their respective sur-replies.

18. To facilitate the expedient resolution of this bid protest, Parties also request that this Court adopt the Court of Federal Claims protective order entered in this case (ECF 16) which is the standard order issued by the Court of Federal Claims in bid protest matters. The Parties also request that this Court confirm that all counsel admitted to the Court of Federal Claims protective order are admitted to the Protective Order adopted by this Court and direct any attorneys who have entered their

appearance since the matter transferred to the Central District of California to submit applications consistent with the adopted protective order.

A proposed order consistent with this Stipulation is attached hereto.

Dated: November 20, 2019  ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Craig A. Holman*
Craig A. Holman (*admitted pro hac vice*)

Attorney for Plaintiff
*Space Exploration Technologies Corp.*

U.S. DEPARTMENT OF JUSTICE

By: */s/ Joseph Borson*
Joseph Borson

Attorney for Defendant
*United States of America*

BARNES AND THORNBURG LLP

By: */s/ Scott E. Pickens*
Scott E. Pickens (*admitted pro hac vice*)

Attorney for Defendant-Intervenor
*Blue Origin, LLC*

MCGUIREWOODS LLP

By: */s/ Todd R. Steggerda*
Todd R. Steggerda (*admitted pro hac vice*)

Attorney for Defendant-Intervenor
*United Launch Services, LLC*

MORRISON AND FOERSTER LLP

By: */s/ Kevin P. Mullen*
Kevin P. Mullen (*admitted pro hac vice*)

Attorney for Defendant-Intervenor
*Orbital Sciences Corporation*

**SIGNATURE ATTESTATION**

All signatories listed, and on whose behalf the filing is submitted, concur in the filing's content, and have authorized the filing.

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Craig A. Holman*
Craig A. Holman (*admitted pro hac vice*)

Attorney for Plaintiff
*Space Exploration Technologies Corp.*