MCGUIREWOODS LLP
KEVIN M. LALLY (SBN 226402)
Wells Fargo Center, South Tower
355 South Grand Ave., Suite 4200
Los Angeles, CA 90071-3103
Telephone: 213.457.9862
Facsimile: 213.457.9882
E-mail: klally@mcguirewoods.com

TODD R. STEGGERDA (pro hac vice)
2001 K Street NW, Suite 400
Washington, DC 20006
Telephone: 202-857-2477/1725
Facsimile: 202-828-2968/3350
E-Mail: tsteggerda@mcguirewoods.com
apafford@mcguirewoods.com

Attorneys for United Launch Services, LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SPACE EXPLORATION TECHNOLOGIES CORP.,

Plaintiff,

vs.

UNITED STATES,

Defendant,

and

UNITED LAUNCH SERVICES, LLC, et al.,

Intervenors,

NO. CV 19-7927-ODW-GJS

**NOTICE OF FILING OF APPLICATIONS FOR ACCESS TO INFORMATION UNDER PROTECTIVE ORDER BY OUTSIDE COUNSEL FOR KEVIN M. LALLY AND ABRAM J. PAFFORD; EXHIBITS**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE THAT** intervenor United Launch Services, LLC, hereby submits applications for access to information under protective order by outside counsel Kevin M. Lally and Abram J. Pafford, which are attached hereto as Exhibits A and B.[1] The Protective Order in the above-captioned case was issued while this matter was pending before the United States Court of Federal Claims (1:19-CV-742-LKG; CR 16). Following its transfer to the Central District of California, the Honorable Otis D. Wright II, United States District Judge, adopted the Protective Order (CR 162). Consistent with the Protective Order, all applications for access to information under protective order by outside or inside counsel must include the sworn representations set forth in the attached applications and are deemed granted without further order of the Court provided that no party to the Protective Order objects within two business days of receipt of these applications.

Dated: November 26, 2019

Respectfully submitted,

MCGUIREWOODS LLP

By: /s/ Kevin M. Lally
KEVIN M. LALLY
TODD R. STEGGERDA

Attorneys for Intervenor
United Launch Services, LLC

---

[1] The application for Kevin Lally was prepared while the transfer to this Court was pending.

# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| SPACE EXPLORATION TECHNOLOGIES, CORP.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | ) | No. 19-742-C<br>(Judge Lydia Kay Griggsby) |

## APPLICATION FOR ACCESS TO INFORMATION UNDER PROTECTIVE ORDER BY OUTSIDE COUNSEL

1. I, Kevin M. Lally, hereby apply for access to protected information covered by the Protective Order issued in connection with this proceeding.

2. I am an attorney with the law firm of McGuireWoods LLP, and have been retained to represent United Launch Services, LLC, a party to this proceeding.

3. I am not a member of the bar of the United States Court of Federal Claims (the court).

4. My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel. I am not involved in competitive decision making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order. I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means that I do not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advantage.

5. I identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph:

None

6. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the proceeding or with any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order.

None

7. I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked, or have been found to have violated a protective order issued by any administrative or judicial tribunal:

None

8. I have read the Protective Order issued by the court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any protected information produced in connection with the proceeding.

9. I acknowledge that a violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the court and in possible civil and criminal liability.

* * *

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

Signature

September 27, 2019
Date Executed

Kevin M. Lally, Partner
Typed Name and Title

213-457-9862 (p); 213-457-9882 (f)
Telephone & Facsimile Numbers

klally@mcguirewoods.com
E-mail Address

[signature] Sept. 29, 2019

Signature of Attorney of Record Date Executed

Todd R. Steggerda
Typed Name and Title

202-857-2477 (p) / 202-828-2968(f)
Telephone & Facsimile Numbers

tsteggerda@mcguirewoods.com
E-mail Address

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**BID PROTEST**

SPACE EXPLORATION TECHNOLOGIES, CORP.,

Plaintiff,

v.

UNITED STATES,

Defendant.

CV No. 19-7927-ODW-GJS

## APPLICATION FOR ACCESS TO INFORMATION UNDER PROTECTIVE ORDER BY OUTSIDE COUNSEL

1. I, Abram J. Pafford, hereby apply for access to protected information covered by the Protective Order issued in connection with this proceeding.

2. I am an attorney with the law firm of McGuireWoods LLP, and have been retained to represent United Launch Services, LLC, a party to this proceeding.

3. I am an admitted member of the Bars of New York, Virginia and the District of Columbia. My admission to represent United Launch Services, LLC, pro hac vice in this case presently is pending before this Court.

4. My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel. I am not involved in competitive decision making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order. I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means that I do not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advantage.

    5. I identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph:

None

    6. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the proceeding or with any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order.

None

    7. I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked, or have been found to have violated a protective order issued by any administrative or judicial tribunal:

On November 7, 2019, I received a letter from the General Accounting Office ("GAO"), noting what GAO considered to be a protective order violation in connection with a pre-award bid protest – *BHB Ltd. Partnership*, B-417760.1 et al. This violation did not involve any improper disclosure of protected information. Instead, it related to a GAO protective order provision that required notice to GAO within one business day if a procurement first protested at GAO was later protested at the Court of Federal Claims ("COFC"). I filed a COFC protest on behalf of BHB Ltd. Partnership on the evening of October 15. This filing was a public document and did not contain protected information. The October 15 filing was not docketed and assigned a case number at COFC until October 16, and I provided notice to GAO of the COFC filing via telephone call on October 17. GAO's November 7 letter concluded that under the circumstances, this notice should have been provided on October 16, not October 17. GAO did not impose sanctions, and expressly stated that the finding of a violation "will not affect your admission under future protective orders." I have practiced before GAO and the COFC for twenty years without incident, and this was the first instance in which I ever was faced with an allegation of violating the terms of a protective order. A copy of GAO's November 7 letter is attached as Exhibit C.

8. I have read the Protective Order issued by the court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any protected information produced in connection with the proceeding.

9. I acknowledge that a violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the court and in possible civil and criminal liability.

* * *

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

[signature]
Signature

Nov. 26, 2019
Date Executed

Abram J. Pafford, Senior Counsel
Typed Name and Title

202-857-1725 (p); 202-828-3350
Telephone & Facsimile Numbers

apafford@mcguirewoods.com
E-mail Address

Signature of Attorney of Record

11-26-19
Date Executed

Todd R. Steggerda
Typed Name and Title

202-857-2477 (p) / 202-828-2968(f)
Telephone & Facsimile Numbers

tsteggerda@mcguirewoods.com
E-mail Address

# EXHIBIT C

GAO U.S. GOVERNMENT ACCOUNTABILITY OFFICE

441 G St. N.W.
Washington, DC 20548

Comptroller General
of the United States

B-417760.1 et al.

November 7, 2019

Abram J. Pafford, Esq.
Arent Fox LLP

Dear Mr. Pafford,

On October 17, 2019, it came to our attention that you were involved in a violation of the terms of a protective order issued by our Office in connection with your representation of BHB Limited Partnership & Indiana Associates Ltd. Partnership, in a bid protest. The protest, docketed as file No. B-417760.1 et al., challenged the terms of Request for Lease Proposals (RLP) No. 6DC0335 issued by the U.S. General Services Administration (GSA) for the lease of office space.

On August 12, 2019, our Office issued a protective order in connection with the protest. In your application for access to protected material, you certified that you had read and would comply with the protective order in all respects. Protective Order Application ¶ 9, August 12, 2019. Upon application, our Office admitted you and your co-counsel, Richard J. Webber, Esq., to the protective order on August 13. The protective order provides, in pertinent part, that "GAO must be notified no later than one business day after suit is filed with the Court, regardless of whether protected information is used in the Court filing." GAO Protective Order ¶ 8.

On October 9, 2019, our Office issued a decision denying the protest. On October 15, a bid protest was filed on behalf of BHB Limited with the United States Court of Federal Claims (COFC). On October 17, you called the assigned GAO attorney to inquire when a redacted version of the GAO decision would be issued, because the COFC judge had asked for a copy of the decision. As no prior notice of filing with the COFC had been provided to our Office, the GAO attorney reminded you of your notice obligations required by the protective order issued in the protest. Based on that telephone conversation, we issued a notice on October 18 directing you to file a declaration detailing the circumstances surrounding the filing at COFC. GAO Notice at 1.

In your response, you indicated the complaint was filed with the COFC after close of business on October 15, and that the complaint was not filed under seal because it did not contain protected material. Declaration of Abram Pafford, at 1. You indicated that you believed the filing at the COFC had gone through and been accepted, but had not received a conformation e-mail from the COFC until 8:08 a.m. on October 16, which was followed by an initial status conference with the court at 12:30 p.m. on the same day. Id. You explained that on October 15, you began your new job as Senior Counsel

at McGuire Woods, and that while attempting to coordinate the COFC matter, and completing various mandatory onboarding and administrative tasks associated with your new job, you "inadvertently overlooked the deadline in paragraph 8 of the GAO protective order for providing notice to GAO of the filing of the COFC protest." Id. Finally, on October 18, you submitted a written notice to our Office, through the Electronic Protest Docketing System (EPDS), of the COFC filing. Id. at 2; see EPDS No. 37.

As noted above, the terms of our protective order required you to notify our Office within one business day of when the protest with COFC was filed. You did not comply with this requirement. While you have indicated that the filing made with COFC did not include protected information and was not filed under seal, we nonetheless find that you violated the terms of the order when you failed to notify our Office of the suit within one business day, as required by paragraph 8 of the protective order. Here, the facts show that the filing was made to COFC, and docketed on October 15. You did not notify our Office of the filing until two days later, on October 17, during a telephone conversation with the assigned GAO attorney regarding when a redacted version of GAO's decision would be issued.

As you know, our Office views any violation of a protective order with utmost concern. While protective orders provide a way for protesters to effectively pursue their protests, they require agencies and private parties to make available sensitive and valuable information. Accordingly, it is imperative that the parties are scrupulous in honoring all requirements of the protective order. While we conclude that, under these circumstances, the imposition of sanctions is not warranted, we admonish you to adhere strictly to the terms of our protective order in the future. Although this violation alone will not affect your admission under future protective orders, any additional violation or relevant adverse information may affect your standing in the future. Accordingly, you must disclose this finding of a violation of the protective order on any future Government Accountability Office protective order applications filed within the next two years from the date of this letter.

Sincerely yours,

Thomas H. Armstrong
General Counsel

cc: Michael Klein, Esq.
General Services Administration