**BARNES & THORNBURG LLP**
Scott E. Pickens (admitted *pro hac vice*)
scott.pickens@btlaw.com
Scott N. Godes (admitted *pro hac vice*)
Scott.Godes@btlaw.com
Michael A. Hordell (admitted *pro hac vice*)
Michael.Hordell@btlaw.com
Matthew J. Michaels (admitted *pro hac vice*)
MMichaels@btlaw.com
1717 Pennsylvania Avenue N.W., Suite 500
Washington, D.C. 20006-4623
Telephone:   202-289-1313
Facsimile:   202-289-1330

REDACTED VERSION

**BARNES & THORNBURG LLP**
Matthew B. O'Hanlon (SBN 253648)
matthew.ohanlon@btlaw.com
2029 Century Park East, Suite 300
Los Angeles, CA 90067-3012
Telephone:   310-284-3880
Facsimile:   310-284-3894

Attorneys for Defendant-Intervenor
Blue Origin, LLC

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

SPACE EXPLORATION
TECHNOLOGIES CORP.,

      Plaintiff,

  v.

UNITED STATES OF AMERICA,

      Defendant.

Case No. 2:19-cv-07927-ODW-GJS

**[PROPOSED] ORDER ON EVIDENTIARY OBJECTIONS IN SUPPORT OF DEFENDANT-INTERVENOR BLUE ORIGIN, LLC'S OPPOSITION TO PLAINTIFF SPACE EXPLORATION TECHNOLOGIES CORP.'S MOTION FOR JUDGMENT ON THE CERTIFIED ADMINISTRATIVE RECORD**

▮▮▮▮▮▮▮▮▮▮▮

Date:     March 2, 2020
Time:    1:30 p.m.
Courtroom: 5D, 5th Floor
         First Street Courthouse
         350 W. 1st Street
         Los Angeles, CA 90012

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

[PROPOSED] ORDER ON EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO SPACEX'S MOTION FOR JUDGMENT ON THE CERTIFIED ADMINISTRATIVE RECORD – ▮▮▮▮▮▮▮▮▮▮▮

1       Defendant-Intervenor Blue Origin, LLC's evidentiary objections to portions of

2   the Declaration of ██████████ submitted by Plaintiff Space Exploration

3   Technologies Corporation in support of its Motion for Judgment on the Administrative

4   Record were heard on March 2, 2020 in Courtroom 5D of the above-captioned Court,

5   the Honorable Otis D. Wright II presiding.   After full consideration of the matter,

6   arguments of counsel and all things presented to the Court, the Court rules as follows:

7

8            **OBJECTIONS TO DECLARATION OF** ██████████

9

10   1.    "Because this Declaration is offered for the limited purpose of explaining the

11   prejudice and irreparable harm to SpaceX caused by the challenged agency conduct, it

12   does not include all of the information I know about the matters referenced herein."

13   Declaration of ██████████ ("██████ Decl.") ¶ 4.

14   **Grounds for Objection**:  Impermissible evidence outside of administrative record.

15   *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record

16   evidence is limited to the evidence that was before the agency at the time it made its

17   decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977));

18   *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review

19   [in an APA suit] should be the administrative record already in existence, not some

20   new record made initially in the reviewing court").  Lack of personal knowledge/

21   foundation.  *See* Fed. R. Evid. 602.   Impermissible lay opinion/legal conclusion.  *See*

22   Fed. R. Evid. 701; *see also Torres v. Cty. of Oakland*, 758 F.2d 147, 150 (6th Cir.

23   1985) ("The problem with testimony containing a legal conclusion is in conveying the

24   witness' unexpressed, and perhaps erroneous, legal standards to the jury"); *and United*

25   *States v. Ness*, 665 F.2d 248, 250 (8th Cir. 1981) ("where the opinion proffered

26   necessarily encompasses a legal conclusion, a trial court may very properly conclude

27   that a response would not be helpful to the trier of fact").

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**Court's Ruling on Objection No. 1:**          Sustained: _____

                                                Overruled: _____


2.      "Elon Musk founded SpaceX in 2002 to dramatically reduce the cost of access to space through the design, manufacture and launch of advanced rockets and spacecraft." ███ Decl. ¶ 5.

**Grounds for Objection**:  Impermissible evidence outside of administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record evidence is limited to the evidence that was before the agency at the time it made its decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)); *see also Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review [in an APA suit] should be the administrative record already in existence, not some new record made initially in the reviewing court").  Lack of personal knowledge/ foundation.  *See* Fed. R. Evid. 602.  Lacks relevance.  *See* Fed. R. Evid. 402. Impermissible lay opinion.  *See* Fed. R. Evid. 701.

**Court's Ruling on Objection No. 2:**          Sustained: _____

                                                Overruled: _____


3.      "In less than twenty years, SpaceX has achieved numerous historic milestones. In September 2008, SpaceX's Falcon 1 became the first privately developed liquid fuel rocket to reach Earth orbit. In July 2009, the Falcon 1 again made history as the first privately developed liquid fuel rocket to deliver a commercial satellite to Earth orbit." ███ Decl. ¶ 6.

**Grounds for Objection**:  Impermissible evidence outside of administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record evidence is limited to the evidence that was before the agency at the time it made its decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)); *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review

[in an APA suit] should be the administrative record already in existence, not some new record made initially in the reviewing court"). Lack of personal knowledge/ foundation. *See* Fed. R. Evid. 602. Lacks relevance. *See* Fed. R. Evid. 402. Impermissible lay opinion. *See* Fed. R. Evid. 701.

**Court's Ruling on Objection No. 3:**           Sustained: _____

                                                                 Overruled: _____


4.      "SpaceX's Dragon became the first privately developed spacecraft in history to re-enter the atmosphere from low Earth orbit in December 2010 and to visit the Space Station in May 2012." ▓▓▓▓ Decl. ¶ 7.

**Grounds for Objection**: Impermissible evidence outside of administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record evidence is limited to the evidence that was before the agency at the time it made its decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)); *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review [in an APA suit] should be the administrative record already in existence, not some new record made initially in the reviewing court"). Lack of personal knowledge/ foundation. *See* Fed. R. Evid. 602. Lacks relevance. *See* Fed. R. Evid. 402.

**Court's Ruling on Objection No. 4:**           Sustained: _____

                                                                 Overruled: _____


5.      "The Falcon 9—the first currently operational launch vehicle proposed by SpaceX under the LSA RFP—entered service in 2010 and has achieved a series of historic milestones since then, including achieving the first-ever orbital class rocket landing when its first stage returned to a soft landing after delivering payloads to orbit. This market changing achievement gives SpaceX the unique ability to reuse key launch vehicle components and thus reduce the lead time and expense associated with launch." ▓▓▓▓ Decl. ¶ 8.

Barnes & Thornburg LLP
ATTORNEYS AT LAW
LOS ANGELES

**[PROPOSED] ORDER ON EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO SPACEX'S MOTION FOR JUDGMENT ON THE CERTIFIED ADMINISTRATIVE RECORD –** ▓▓▓▓▓▓▓▓▓▓

1   **Grounds for Objection**:  Impermissible evidence outside of administrative record.

2   *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record

3   evidence is limited to the evidence that was before the agency at the time it made its

4   decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977));

5   *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review

6   [in an APA suit] should be the administrative record already in existence, not some

7   new record made initially in the reviewing court").  Lack of personal knowledge/

8   foundation.  *See* Fed. R. Evid. 602.   Lacks relevance.  *See* Fed. R. Evid. 402.

9   Impermissible lay opinion.  *See* Fed. R. Evid. 701.

10   **Court's Ruling on Objection No. 5:**          Sustained:  _____

11                                                                           Overruled:  _____

12

13   6.        "After obtaining certification in May 2015 for Falcon 9 to perform national

14   security space ('NSS') missions, SpaceX introduced competition into the United States

15   Evolved Expendable Launch Vehicle ('EELV') program, now renamed the National

16   Security Space Launch program. Prior to this time, the EELV program depended on

17   sole source contracts to legacy provider, ULA." ▮▮▮▮ Decl. ¶ 9.

18   **Grounds for Objection**:  Impermissible evidence outside of administrative record.

19   *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record

20   evidence is limited to the evidence that was before the agency at the time it made its

21   decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977));

22   *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review

23   [in an APA suit] should be the administrative record already in existence, not some

24   new record made initially in the reviewing court").  Lack of personal knowledge/

25   foundation.  *See* Fed. R. Evid. 602.   Lacks relevance.  *See* Fed. R. Evid. 402.

26   **Court's Ruling on Objection No. 6:**          Sustained:  _____

27                                                                           Overruled:  _____

28

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**[PROPOSED] ORDER ON EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO SPACEX'S MOTION FOR JUDGMENT ON THE CERTIFIED ADMINISTRATIVE RECORD –** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7.      "The Falcon Heavy—the second currently operational launch vehicle proposed by SpaceX under the LSA RFP—entered service in February 2018. As the most powerful launch vehicle in operation, with more than 5.1 million pounds of thrust at liftoff, the Falcon Heavy builds on the proven, highly reliable design of Falcon 9 and ███████████████████████████████████. The second Falcon Heavy launch occurred on April 11, 2019 and all three booster rockets successfully returned to earth for later reuse. The two outer cores successfully landed on dual concrete landing pads at Cape Canaveral, while the center core landed on the drone ship in the Atlantic. The third Falcon Heavy launch successfully occurred on June 25, 2019. The Air Force has certified the Falcon Heavy to fly EELV missions." ██████ Decl. ¶ 10.

**Grounds for Objection**:  Impermissible evidence outside of administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record evidence is limited to the evidence that was before the agency at the time it made its decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)); *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review [in an APA suit] should be the administrative record already in existence, not some new record made initially in the reviewing court").  Lack of personal knowledge/ foundation.  *See* Fed. R. Evid. 602.   Lacks relevance.  *See* Fed. R. Evid. 402. Impermissible lay opinion.  *See* Fed. R. Evid. 701.

**Court's Ruling on Objection No. 7:**                Sustained: _____

                                                                     Overruled: _____


8.      "To date, SpaceX has successfully launched its Falcon 9 and Falcon Heavy launch vehicles more than 70 times in support of national security, civil space and commercial space customers, including recent missions for the Air Force and the National Reconnaissance Office. In December 2018, SpaceX successfully launched the first of the next generation Global Positioning System ('GPS') III satellites to orbit, helping the Department of Defense start a new era for the critically important

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

1   GPS constellation and mission."  ███  Decl. ¶ 11.

2   **Grounds for Objection**:  Impermissible evidence outside of administrative record.

3   *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record

4   evidence is limited to the evidence that was before the agency at the time it made its

5   decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977));

6   *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review

7   [in an APA suit] should be the administrative record already in existence, not some

8   new record made initially in the reviewing court").  Lack of personal knowledge/

9   foundation.  *See* Fed. R. Evid. 602.   Lacks relevance.  *See* Fed. R. Evid. 402.

10   Impermissible lay opinion.  *See* Fed. R. Evid. 701.

11   **Court's Ruling on Objection No. 8:**              Sustained: _____

12                                                        Overruled: _____

13

14   9.      "Building upon the achievements of the Falcon 9 and Falcon Heavy, SpaceX is

15   currently working on Starship, its next generation, ███████  launch vehicle that

16   will be the most powerful rocket ever built. SpaceX proposed Starship as the third

17   launch vehicle for the LSA; only the Category C NSS missions require the super

18   heavy-lift capabilities of the Starship."     ███  Decl. ¶ 12.

19   **Grounds for Objection**:  Impermissible evidence outside of administrative record.

20   *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record

21   evidence is limited to the evidence that was before the agency at the time it made its

22   decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977));

23   *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review

24   [in an APA suit] should be the administrative record already in existence, not some

25   new record made initially in the reviewing court").  Lack of personal knowledge/

26   foundation.  *See* Fed. R. Evid. 602.  Lacks relevance.  *See* Fed. R. Evid. 402.

27   Impermissible lay opinion.  *See* Fed. R. Evid. 701.

28

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

6

[PROPOSED] ORDER ON EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO SPACEX'S MOTION FOR JUDGMENT ON THE CERTIFIED ADMINISTRATIVE RECORD – ███████

**Court's Ruling on Objection No. 9:**          Sustained: _____

                                                Overruled: _____

10.     "In parallel with its commitment to national security missions, SpaceX has become the global leader in commercial satellite launch services, despite fierce competition from heavily subsidized competitors from Europe, Russia, China, and India." ███ Decl. ¶ 13.

**Grounds for Objection**:  Impermissible evidence outside of administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record evidence is limited to the evidence that was before the agency at the time it made its decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)); *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review [in an APA suit] should be the administrative record already in existence, not some new record made initially in the reviewing court").  Lack of personal knowledge/ foundation.  *See* Fed. R. Evid. 602.  Lacks relevance.  *See* Fed. R. Evid. 402. Impermissible lay opinion.  *See* Fed. R. Evid. 701.

**Court's Ruling on Objection No. 10:**          Sustained: _____

                                                Overruled: _____

11.     "SpaceX has conducted more launches than any other commercial provider over the past two years, with a record of 21 launches in 2018 alone. Indeed, fewer than half of SpaceX's launches to date have been executed for United States Government customers, demonstrating the commercial market's steady demand for SpaceX launch services." ███ Decl. ¶ 14.

**Grounds for Objection**:  Impermissible evidence outside of administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record evidence is limited to the evidence that was before the agency at the time it made its decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977));

7

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

1  *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review

2  [in an APA suit] should be the administrative record already in existence, not some

3  new record made initially in the reviewing court").  Lack of personal knowledge/

4  foundation.  *See* Fed. R. Evid. 602.  Lacks relevance.  *See* Fed. R. Evid. 402.

5  **Court's Ruling on Objection No. 11:**                  Sustained:  _____

6                                                           Overruled:  _____

7

8  12.     "Prior to the Falcon 9's entrance into the commercial launch market, the

9  United States held *zero percent* of the market share. Today, SpaceX itself holds

10  roughly *65 percent* of the global commercial launch market."  ▮▮▮  Decl. ¶ 15.

11  **Grounds for Objection**:  Impermissible evidence outside of administrative record.

12  *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record

13  evidence is limited to the evidence that was before the agency at the time it made its

14  decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977));

15  *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review

16  [in an APA suit] should be the administrative record already in existence, not some

17  new record made initially in the reviewing court").  Lack of personal knowledge/

18  foundation.  *See* Fed. R. Evid. 602.   Lacks relevance.  *See* Fed. R. Evid. 402.

19  **Court's Ruling on Objection No. 12:**                  Sustained:  _____

20                                                           Overruled:  _____

21

22  13.     "SpaceX has secured over 100 missions to its manifest including commercial

23  satellite launches as well as national security space and civil space missions for the

24  United States Government."  ▮▮▮  Decl. ¶ 16.

25  **Grounds for Objection**:  Impermissible evidence outside of administrative record.

26  *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record

27  evidence is limited to the evidence that was before the agency at the time it made its

28  decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977));

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

*see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review [in an APA suit] should be the administrative record already in existence, not some new record made initially in the reviewing court").  Lack of personal knowledge/ foundation.  *See* Fed. R. Evid. 602.   Lacks relevance.  *See* Fed. R. Evid. 402.

**Court's Ruling on Objection No. 13:**          Sustained: _____

                                                 Overruled: _____

14.     "SpaceX's ability to compete successfully for commercial launches around the globe means that SpaceX does not depend solely on any one market segment to remain viable. In periods of low demand for NSS launch services for the United States Government, SpaceX maintains sufficient business in the commercial and civil space markets to continue its operations without Government support. This eliminates the burden to the Government of carrying the full fixed costs of SpaceX's business to maintain assured access to space." ████ Decl. ¶ 17.

**Grounds for Objection**:  Impermissible evidence outside of administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record evidence is limited to the evidence that was before the agency at the time it made its decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)); *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review [in an APA suit] should be the administrative record already in existence, not some new record made initially in the reviewing court").  Lack of personal knowledge/ foundation.  *See* Fed. R. Evid. 602.  Lacks relevance.  *See* Fed. R. Evid. 402. Impermissible lay opinion.  *See* Fed. R. Evid. 701.

**Court's Ruling on Objection No. 14:**          Sustained: _____

                                                 Overruled: _____

15.    "SpaceX's operating model stands in stark contrast to companies like legacy provider ULA, which requires the United States Government to pay its operational costs." ▇▇▇ Decl. ¶ 18.

**Grounds for Objection**:  Impermissible evidence outside of administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record evidence is limited to the evidence that was before the agency at the time it made its decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)); *see also Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review [in an APA suit] should be the administrative record already in existence, not some new record made initially in the reviewing court").  Lack of personal knowledge/ foundation.  *See* Fed. R. Evid. 602.   Lacks relevance.  *See* Fed. R. Evid. 402.

**Court's Ruling on Objection No. 15:**          Sustained: _____

                                                                   Overruled: _____


16.    "Also unlike ULA, which has long relied on Russian-designed and–made engines to power its launch vehicles, SpaceX's developed its own, American-made rocket engines to power its family of launch vehicles." ▇▇▇ Decl. ¶ 19.

**Grounds for Objection**:  Impermissible evidence outside of administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record evidence is limited to the evidence that was before the agency at the time it made its decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)); *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review [in an APA suit] should be the administrative record already in existence, not some new record made initially in the reviewing court").  Lack of personal knowledge/ foundation.  *See* Fed. R. Evid. 602.  Lacks relevance.  *See* Fed. R. Evid. 402.

**Court's Ruling on Objection No. 16:**          Sustained: _____

                                                                   Overruled: _____

17.   "In late 2014, Congress directed the Air Force to end its reliance on Russian-powered launches for NSS missions." ▬▬ Decl. ¶ 20.

**Grounds for Objection**:  Impermissible evidence outside of administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record evidence is limited to the evidence that was before the agency at the time it made its decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)); *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review [in an APA suit] should be the administrative record already in existence, not some new record made initially in the reviewing court").  Lack of personal knowledge/ foundation.  *See* Fed. R. Evid. 602.  Lacks relevance.  *See* Fed. R. Evid. 402.

**Court's Ruling on Objection No. 17:**           Sustained: _____

                                                                        Overruled: _____


18.   "In response, the Air Force announced a four-phased approach for its next procurement of EELV launch services. The LSA is the third step in that process, which the LSA RFP itself describes as 'a strategy to quickly transition from the use of non-allied space launch engines, implement sustainable competition for National Security Space (NSS) launch services, and maintain assured access to space.'" ▬▬ Decl. ¶ 21.

**Grounds for Objection**:  Impermissible evidence outside of administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record evidence is limited to the evidence that was before the agency at the time it made its decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)); *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review [in an APA suit] should be the administrative record already in existence, not some new record made initially in the reviewing court").  Lack of personal knowledge/ foundation.  *See* Fed. R. Evid. 602.  Lacks relevance.  *See* Fed. R. Evid. 402.  Violates Best Evidence Rule with respect to purported recitation of the contents of alleged

11

document.  *See* Fed. R. Evid. 1002; *see also United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004) ("the [Best Evidence] rule does apply when a witness seeks to testify about the contents of a writing, recording or photograph without producing the physical item itself").

**Court's Ruling on Objection No. 18:**          Sustained: _____

                                                 Overruled: _____


19.     "The fourth and final step of the process is a Federal Acquisition Regulation Part 12-based procurement seeking two launch providers for NSS missions, the so-called Phase 2 Competition. SpaceX is currently competing in the Phase 2 Competition against each of the LSA awardees." ▮ Decl. ¶ 22.

**Grounds for Objection**:  Impermissible evidence outside of administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record evidence is limited to the evidence that was before the agency at the time it made its decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)); *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review [in an APA suit] should be the administrative record already in existence, not some new record made initially in the reviewing court").  Lack of personal knowledge/ foundation.  *See* Fed. R. Evid. 602.  Lacks relevance.  *See* Fed. R. Evid. 402.

**Court's Ruling on Objection No. 19:**          Sustained: _____

                                                 Overruled: _____


20.     "The LSA RFP advised all offerors that the 'focus of the solicitation is to leverage industry's commercial launch solutions and ensure they are modified to meet NSS requirements.'" ▮ Decl. ¶ 23.

**Grounds for Objection**:  Violates Best Evidence Rule with respect to purported recitation of the contents of alleged document.  *See* Fed. R. Evid. 1002; *see also United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004) ("the [Best Evidence] rule does

apply when a witness seeks to testify about the contents of a writing, recording or photograph without producing the physical item itself").

**Court's Ruling on Objection No. 20:**          Sustained: _____

                                                 Overruled: _____


21.   "The LSA RFP also advised that the 'public private agreements,' i.e., the LSAs, 'will be tailored to each launch service provider's needs in order to enable commercial launch systems to meet all NSS requirements.'" ▮▮▮▮ Decl. ¶ 24.

**Grounds for Objection**:  Violates Best Evidence Rule with respect to purported recitation of the contents of alleged document.  *See* Fed. R. Evid. 1002; *see also United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004) ("the [Best Evidence] rule does apply when a witness seeks to testify about the contents of a writing, recording or photograph without producing the physical item itself").

 **Court's Ruling on Objection No. 21:**          Sustained: _____

                                                  Overruled: _____


22.   "SpaceX took the RFP objectives and requirements seriously and at face value, proposing a viable commercial launch system that met or exceeded all RFP requirements for fulfilling the NSS mission. For all Category A/B missions, SpaceX's LSA proposal offers the Falcon 9—the dominant commercial launch vehicle on the global market—as well as the Falcon Heavy—an operational vehicle with a strong mix of commercial and Government customers. For the limited Category C missions, SpaceX offered its Starship—a groundbreaking design leveraging technologies developed for both the Falcon fleet as well as the Dragon spacecraft—to provide the lowest mission cost of any Category C capable launch vehicle. Starship offers the Air Force ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." ▮▮▮ Decl. ¶ 25.

13

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

[PROPOSED] ORDER ON EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO SPACEX'S MOTION FOR JUDGMENT ON THE CERTIFIED ADMINISTRATIVE RECORD – ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1  **Grounds for Objection**:  Impermissible evidence outside of administrative record.

2  *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record

3  evidence is limited to the evidence that was before the agency at the time it made its

4  decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977));

5  *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review

6  [in an APA suit] should be the administrative record already in existence, not some

7  new record made initially in the reviewing court").  Lack of personal knowledge/

8  foundation.  *See* Fed. R. Evid. 602.  Lacks relevance.  *See* Fed. R. Evid. 402.

9  Impermissible lay opinion.  *See* Fed. R. Evid. 701.

10  **Court's Ruling on Objection No. 22:**          Sustained: _____

11                                                                    Overruled: _____

12

13  23.      "It was SpaceX's reasonable expectation from the Agency's RFP

14  pronouncements that SMC would apply the evaluation criteria and invest in

15  partnerships to adapt the most advantageous commercial launch system to fulfill NSS

16  requirements."  ▮▮▮▮ Decl. ¶ 26.

17  **Grounds for Objection**:  Impermissible evidence outside of administrative record.

18  *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record

19  evidence is limited to the evidence that was before the agency at the time it made its

20  decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977));

21  *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review

22  [in an APA suit] should be the administrative record already in existence, not some

23  new record made initially in the reviewing court").  Lack of personal knowledge/

24  foundation.  *See* Fed. R. Evid. 602.  Lacks relevance.  *See* Fed. R. Evid. 402.

25  Impermissible lay opinion/legal conclusion.  *See* Fed. R. Evid. 701; *see also Torres v.*

26  *Cty. of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985) ("The problem with testimony

27  containing a legal conclusion is in conveying the witness' unexpressed, and perhaps

28  erroneous, legal standards to the jury"); *and United States v. Ness*, 665 F.2d 248, 250

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

1  (8th Cir. 1981) ("where the opinion proffered necessarily encompasses a legal

2  conclusion, a trial court may very properly conclude that a response would not be

3  helpful to the trier of fact").

4  **Court's Ruling on Objection No. 23:**          Sustained: _____

5                                                    Overruled: _____

6

7  24.    "SpaceX was the only offeror in the LSA competition not to receive an

8  LSA award." ▮▮▮▮ Decl. ¶ 27.

9  **Grounds for Objection**:  Impermissible evidence outside of administrative record.

10  *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record

11  evidence is limited to the evidence that was before the agency at the time it made its

12  decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977));

13  *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review

14  [in an APA suit] should be the administrative record already in existence, not some

15  new record made initially in the reviewing court").  Lack of personal knowledge/

16  foundation.  *See* Fed. R. Evid. 602.  Lacks relevance.  *See* Fed. R. Evid. 402.

17  **Court's Ruling on Objection No. 24:**          Sustained: _____

18                                                    Overruled: _____

19

20  25.    "The debriefing materials provided to SpaceX showed that the Air Force based

21  its decision not to award SpaceX an LSA on material and demonstrable deviations

22  from the RFP's stated objectives and evaluation criteria, and other evaluation mistakes

23  that improperly favored the awardees and/or disfavored SpaceX." ▮▮▮▮ Decl. ¶ 28.

24  **Grounds for Objection**:  Impermissible evidence outside of administrative record.

25  *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record

26  evidence is limited to the evidence that was before the agency at the time it made its

27  decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977));

28  *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review

15

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

[PROPOSED] ORDER ON EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO SPACEX'S MOTION FOR JUDGMENT ON THE CERTIFIED ADMINISTRATIVE RECORD – ▮▮▮▮▮▮▮▮▮▮

[in an APA suit] should be the administrative record already in existence, not some new record made initially in the reviewing court"). Lack of personal knowledge/ foundation. *See* Fed. R. Evid. 602. Lacks relevance. *See* Fed. R. Evid. 402. Impermissible lay opinion/legal conclusion. *See* Fed. R. Evid. 701; *see also Torres v. Cty. of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985) ("The problem with testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury"); *and United States v. Ness*, 665 F.2d 248, 250 (8th Cir. 1981) ("where the opinion proffered necessarily encompasses a legal conclusion, a trial court may very properly conclude that a response would not be helpful to the trier of fact"). Violates Best Evidence Rule with respect to purported recitation of the contents of alleged document. *See* Fed. R. Evid. 1002; *see also United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004) ("the [Best Evidence] rule does apply when a witness seeks to testify about the contents of a writing, recording or photograph without producing the physical item itself").

**Court's Ruling on Objection No. 25:**          Sustained: _____

                                                 Overruled: _____


26.     "<u>Disproportionately Weighted Category C</u>. Only two Category C payload orbits are referenced in the LSA RFP, and the launch capability need dates for those respective orbits were September 1, 2025 (tentative) and October 1, 2026 (firm), many years after the April 1, 2022 need date for Category A/B missions that the Falcon 9 and Falcon Heavy would service." ▆▆▆ Decl. ¶ 29.

**Grounds for Objection**: Impermissible evidence outside of administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record evidence is limited to the evidence that was before the agency at the time it made its decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)); *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review [in an APA suit] should be the administrative record already in existence, not some

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**[PROPOSED] ORDER ON EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO SPACEX'S MOTION FOR JUDGMENT ON THE CERTIFIED ADMINISTRATIVE RECORD –** ▆▆▆▆▆▆▆▆▆

new record made initially in the reviewing court"). Lack of personal knowledge/ foundation. *See* Fed. R. Evid. 602. Lacks relevance. *See* Fed. R. Evid. 402.

**Court's Ruling on Objection No. 26:**                    Sustained: _____

                                                          Overruled: _____


27.     "Based on the debriefing materials and my pre-award, independent knowledge of our competitors, SpaceX was the only LSA offeror that proposed actual operational launch vehicles, with real and repeated launch successes, and a true commercial business model underpinning those successes. Nevertheless, the evaluation nullified each of SpaceX's unique strengths, strengths that go to the heart of the 'assured access to space' award criterion based on perceived risks with the Starship, which is the only developmental aspect of SpaceX's proposed approach and which would be required solely for the few Category C missions set to take place starting in September 2025 at the earliest." ████ Decl. ¶ 30.

**Grounds for Objection**:  Impermissible evidence outside of administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record evidence is limited to the evidence that was before the agency at the time it made its decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)); *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review [in an APA suit] should be the administrative record already in existence, not some new record made initially in the reviewing court").  Lack of personal knowledge/ foundation.  *See* Fed. R. Evid. 602.  Lacks relevance.  *See* Fed. R. Evid. 402. Impermissible lay opinion.  *See* Fed. R. Evid. 701.

**Court's Ruling on Objection No. 27:**                    Sustained: _____

                                                          Overruled: _____


28.     "In other words, the Air Force determined that SpaceX's existing, proven, and certified launch vehicles—in combination with a newly proposed launch vehicle to

17

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**[PROPOSED] ORDER ON EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO SPACEX'S MOTION FOR JUDGMENT ON THE CERTIFIED ADMINISTRATIVE RECORD –** ████████

1   handle a distinct category of limited missions not set to fly for many years—pose more

2   risk to the assured access to space than the entirely conceptual rocket solutions the Air

3   Force actually selected for LSAs, which the awardees must have ready by the

4   operational need date of April 1, 2022 for the Air Force's nearest and most imminent

5   requirements."  ████  Decl. ¶ 31.

6   **Grounds for Objection**:  Impermissible evidence outside of administrative record.

7   *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record

8   evidence is limited to the evidence that was before the agency at the time it made its

9   decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977));

10  *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review

11  [in an APA suit] should be the administrative record already in existence, not some

12  new record made initially in the reviewing court").  Lack of personal knowledge/

13  foundation.  *See* Fed. R. Evid. 602.  Lacks relevance.  *See* Fed. R. Evid. 402.

14  Impermissible lay opinion.  *See* Fed. R. Evid. 701.

15  **Court's Ruling on Objection No. 28:**              Sustained: _____

16                                                        Overruled: _____

17

18  29.     "When assessing risk for SpaceX, SMC focused exclusively on SpaceX's

19  proposed solution for Category C payloads, giving no weight to the Low risk Category

20  A/B solutions proposed by SpaceX, i.e., the Falcon 9 and Falcon Heavy."  ████  Decl.

21  ¶ 32.

22  **Grounds for Objection**:  Impermissible evidence outside of administrative record.

23  *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record

24  evidence is limited to the evidence that was before the agency at the time it made its

25  decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977));

26  *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review

27  [in an APA suit] should be the administrative record already in existence, not some

28  new record made initially in the reviewing court"). Lack of personal knowledge/

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**[PROPOSED] ORDER ON EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO SPACEX'S MOTION FOR JUDGMENT ON THE CERTIFIED ADMINISTRATIVE RECORD –** ████

1    foundation.  *See* Fed. R. Evid. 602.   Lacks relevance.  *See* Fed. R. Evid. 402.

2    Impermissible lay opinion.  *See* Fed. R. Evid. 701.

3    **Court's Ruling on Objection No. 29:**                Sustained: _____

4                                                            Overruled: _____

5

6    30.     "During its debriefing, the Air Force acknowledged that the LSA RFP does not

7    prioritize the Category C missions or otherwise indicate that Category C risk would

8    drive the Air Force's award decision. Nevertheless, the Air Force conceded that it in

9    fact did consider the Category C mission to be an 'absolute . . . driving factor in this

10   RFP' because an unstated but 'overarching goal' was to 'get off the Delta IV Heavy,'

11   i.e., ULA's launch vehicle, which is currently the only certified system for launching

12   the EELV's largest Category C payloads."   ████   Decl. ¶ 33.

13   **Grounds for Objection**:  Impermissible evidence outside of administrative record.

14   *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record

15   evidence is limited to the evidence that was before the agency at the time it made its

16   decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977));

17   *see also Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review

18   [in an APA suit] should be the administrative record already in existence, not some

19   new record made initially in the reviewing court").  Lack of personal knowledge/

20   foundation.  *See* Fed. R. Evid. 602.  Lacks relevance.  *See* Fed. R. Evid. 402.  Violates

21   Best Evidence Rule with respect to purported recitation of the contents of alleged

22   document.  *See* Fed. R. Evid. 1002; *see also United States v. Bennett*, 363 F.3d 947,

23   953 (9th Cir. 2004) ("the [Best Evidence] rule does apply when a witness seeks to

24   testify about the contents of a writing, recording or photograph without producing the

25   physical item itself").

26   **Court's Ruling on Objection No. 30:**                Sustained: _____

27                                                            Overruled: _____

28

Barnes & Thornburg LLP
Attorneys At Law
Los Angeles

**[Proposed] Order on Evidentiary Objections In Support Of Opposition To SpaceX's Motion For Judgment On The Certified Administrative Record – ████████████**

31.     "The RFP does not, however, indicate that Category C missions are the 'absolute … driving factor' for this procurement. The RFP does not even reference the Delta IV Heavy, let alone suggest that 'getting off' of this rocket was a goal of the RFP. Instead, the RFP reflects a different risk paradigm by specifying that all but a minimal number of anticipated NSS missions, including all launches before at least September 2025, will be Category A/B payloads."     ▬▬▬  Decl. ¶ 34.

**Grounds for Objection**:  Impermissible evidence outside of administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record evidence is limited to the evidence that was before the agency at the time it made its decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)); *see also Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review [in an APA suit] should be the administrative record already in existence, not some new record made initially in the reviewing court").  Lack of personal knowledge/ foundation.  *See* Fed. R. Evid. 602.  Lacks relevance.  *See* Fed. R. Evid. 402.  Violates Best Evidence Rule with respect to purported recitation of the contents of alleged document.  *See* Fed. R. Evid. 1002; *see also United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004) ("the [Best Evidence] rule does apply when a witness seeks to testify about the contents of a writing, recording or photograph without producing the physical item itself").

**Court's Ruling on Objection No. 31:**          Sustained: _____

                                                                      Overruled: _____


32.     "Had the Air Force advised SpaceX that the Air Force intended to put much greater weight on risks associated with Category C than risks associated with Category A/B solutions, SpaceX would have proposed differently.  Instead, the Air Force advised that it would make the award decision to the solutions that, based on the evaluation factors, 'are most advantageous in achieving the Government's goal of

1   assured access to space via two or more domestic, commercial launch services

2   providers that also meet NSS requirements.'" █████ Decl. ¶ 35.

3   **Grounds for Objection**:  Impermissible evidence outside of administrative record.

4   *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record

5   evidence is limited to the evidence that was before the agency at the time it made its

6   decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977));

7   *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review

8   [in an APA suit] should be the administrative record already in existence, not some

9   new record made initially in the reviewing court").  Lack of personal knowledge/

10  foundation.  *See* Fed. R. Evid. 602.  Lacks relevance.  *See* Fed. R. Evid. 402.  Violates

11  Best Evidence Rule with respect to purported recitation of the contents of alleged

12  document.  *See* Fed. R. Evid. 1002; *see also United States v. Bennett*, 363 F.3d 947,

13  953 (9th Cir. 2004) ("the [Best Evidence] rule does apply when a witness seeks to

14  testify about the contents of a writing, recording or photograph without producing the

15  physical item itself").

16  **Court's Ruling on Objection No. 32:**          Sustained: _____

17                                                   Overruled: _____

18

19  33.     "Space Shuttle Comparison. Relatedly, SpaceX learned that the Air Force based

20  its predictions for the Starship development timeline (for purposes of the Technical

21  Schedule subfactor evaluation) not on supporting information from SpaceX's proposal

22  or SpaceX's unique, demonstrated ability to rapidly develop new launch vehicles form

23  the ground up, but rather on the eleven years the Government took to develop the

24  Space Shuttle—from the start of 1971 until the end of 1981." █████ Decl. ¶ 36.

25  **Grounds for Objection**:  Impermissible evidence outside of administrative record.

26  *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record

27  evidence is limited to the evidence that was before the agency at the time it made its

28  decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977));

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**[PROPOSED] ORDER ON EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO SPACEX'S MOTION FOR JUDGMENT ON THE CERTIFIED
ADMINISTRATIVE RECORD –** ██████████████

*see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review [in an APA suit] should be the administrative record already in existence, not some new record made initially in the reviewing court").  Lack of personal knowledge/ foundation.  *See* Fed. R. Evid. 602.   Lacks relevance.  *See* Fed. R. Evid. 402. Impermissible lay opinion.  *See* Fed. R. Evid. 701.

**Court's Ruling on Objection No. 33:**          Sustained: _____

                                                 Overruled: _____


34.     "SpaceX, however, is a modern launch services provider that uses development technology and capabilities that did not even exist in the 1970s and that enable far faster and more accurate analysis and development. For example, SpaceX engineers employ advanced computer aided design and analysis methods, such as three-dimensional computational fluid dynamics, that enable design and test cycles orders of magnitude faster than was possible in the 1970s. Miniaturized electronics and more capable flight computers also eliminate many of the restrictions and challenges that made computer hardware and software such a challenging aspect of the Space Shuttle development." ████ Decl. ¶ 37.

**Grounds for Objection**:  Impermissible evidence outside of administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record evidence is limited to the evidence that was before the agency at the time it made its decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)); *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review [in an APA suit] should be the administrative record already in existence, not some new record made initially in the reviewing court").  Lack of personal knowledge/ foundation.  *See* Fed. R. Evid. 602.  Lacks relevance.  *See* Fed. R. Evid. 402. Impermissible lay opinion.  *See* Fed. R. Evid. 701.

**Court's Ruling on Objection No. 34:**          Sustained: _____

                                                 Overruled: _____

35.     "SpaceX is also able to build on lessons learned and actual technology developed during other launch vehicle development programs, information not available during development of the Space Shuttle nearly half a century ago." ████ Decl. ¶ 38.

**Grounds for Objection**:  Impermissible evidence outside of administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record evidence is limited to the evidence that was before the agency at the time it made its decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)); *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review [in an APA suit] should be the administrative record already in existence, not some new record made initially in the reviewing court").  Lack of personal knowledge/ foundation.  *See* Fed. R. Evid. 602.   Lacks relevance.  *See* Fed. R. Evid. 402. Impermissible lay opinion.  *See* Fed. R. Evid. 701.

**Court's Ruling on Objection No. 35:**           Sustained: _____

                                                                          Overruled: _____

36.     "SpaceX not only uses common processes and hardware between Falcon 9, Falcon Heavy, Dragon, and Starship, ████████████████████████ ████   Decl. ¶ 39.

**Grounds for Objection**:  Impermissible evidence outside of administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record evidence is limited to the evidence that was before the agency at the time it made its decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)); *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review [in an APA suit] should be the administrative record already in existence, not some new record made initially in the reviewing court").  Lack of personal knowledge/ foundation.  *See* Fed. R. Evid. 602.  Lacks relevance.  *See* Fed. R. Evid. 402.

Barnes & Thornburg LLP
Attorneys At Law
Los Angeles

1  **Court's Ruling on Objection No. 36:**                    Sustained: _____

2                                                              Overruled: _____

3

4  37.    "The Space Shuttle development, in contrast, relied on myriad subcontractors for

5  each system. This would have created a major schedule drag that does not exist for

6  SpaceX." ▬▬▬ Decl. ¶ 40.

7  **Grounds for Objection**:  Impermissible evidence outside of administrative record.

8  *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record

9  evidence is limited to the evidence that was before the agency at the time it made its

10  decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977));

11  *see also Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review

12  [in an APA suit] should be the administrative record already in existence, not some

13  new record made initially in the reviewing court").  Lack of personal knowledge/

14  foundation.  *See* Fed. R. Evid. 602.   Lacks relevance.  *See* Fed. R. Evid. 402.

15  **Court's Ruling on Objection No. 37:**                    Sustained: _____

16                                                              Overruled: _____

17

18  38.    "The Starship configuration is also considerably simpler than that of the Space

19  Shuttle. It has ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

20  ▬▬▬▬▬▬▬▬▬▬▬▬▬. The Starship also has a ▬▬▬▬▬▬▬▬▬▬

21  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. This results in ▬▬▬▬▬▬

22  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬." ▬▬▬ Decl. ¶ 41.

23  **Grounds for Objection**:  Impermissible evidence outside of administrative record.

24  *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record

25  evidence is limited to the evidence that was before the agency at the time it made its

26  decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977));

27  *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review

28  [in an APA suit] should be the administrative record already in existence, not some

24

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

new record made initially in the reviewing court"). Lack of personal knowledge/ foundation. *See* Fed. R. Evid. 602. Lacks relevance. *See* Fed. R. Evid. 402. Impermissible lay opinion. *See* Fed. R. Evid. 701.

**Court's Ruling on Objection No. 38:**          Sustained: _____

                                                 Overruled: _____

39.     "In sum, technological improvements and the accumulation of knowledge over the last four-plus decades, SpaceX's ████████████████████, SpaceX's lack of reliance on major subcontractors, and Starship's simpler design all combine to make the Shuttle a remarkably inappropriate comparison for schedule estimation." ████ Decl. ¶ 42.

**Grounds for Objection**: Impermissible evidence outside of administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record evidence is limited to the evidence that was before the agency at the time it made its decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)); *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review [in an APA suit] should be the administrative record already in existence, not some new record made initially in the reviewing court"). Lack of personal knowledge/ foundation. *See* Fed. R. Evid. 602. Lacks relevance. *See* Fed. R. Evid. 402. Impermissible lay opinion. *See* Fed. R. Evid. 701.

**Court's Ruling on Objection No. 39:**          Sustained: _____

                                                 Overruled: _____

40.     "Government ██████████████. SpaceX learned during the debriefing that the Air Force assessed a significant weaknesses to its proposal on the basis that SpaceX ████████████████████████████████ ████████████████████████████. None of the LSA RFP requirements directed offerors to ████████████████████████

25

Barnes & Thornburg LLP
Attorneys At Law
Los Angeles

[PROPOSED] ORDER ON EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO SPACEX'S MOTION FOR JUDGMENT ON THE CERTIFIED ADMINISTRATIVE RECORD – ████████████████████

1    ████████████. The RFP does not specify an NSS requirement for offerors to

2    incorporate the Government's current Category C payload processing procedures into

3    the proposed integration approach, or advise offerors that ████████████████

4    ████████████████████████████████████████████████,

5    ████████ Instead, the RFP invites offerors to propose their commercial solutions and

6    advises that the Air Force initiated the LSA procurement to leverage those solutions.

7    Had the Air Force structured the RFP to require the LSA solutions to ████████████

8    ████████████████████████████████████████████,

9    SpaceX would have ████████████████████████████████

10   ████████████." ████ Decl. ¶ 43.

11   **Grounds for Objection**:  Impermissible evidence outside of administrative record.

12   *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record

13   evidence is limited to the evidence that was before the agency at the time it made its

14   decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977));

15   *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review

16   [in an APA suit] should be the administrative record already in existence, not some

17   new record made initially in the reviewing court"). Lack of personal knowledge/

18   foundation.  *See* Fed. R. Evid. 602.  Lacks relevance.  *See* Fed. R. Evid. 402.

19   **Court's Ruling on Objection No. 40:**               Sustained: _____

20                                                          Overruled: _____

21

22   41.   "████████████████████. In the debriefing, SpaceX learned that the Air

23   Force assessed a significant weakness to SpaceX because SpaceX proposed to ████

24   ████████████████████████████████████████. The

25   LSA RFP did not require offerors to ████████████████████████████.

26   ████████████████████████████████████████████

27   ████████████████████████████████), and the

28   Agreements Officer confirmed in its decision on SpaceX's initial objection to the LSA

26

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES
[PROPOSED] ORDER ON EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO SPACEX'S MOTION FOR JUDGMENT ON THE CERTIFIED
ADMINISTRATIVE RECORD – ████████████████████████████

1  awards that ████████████████████████████████████████

2  ████████████   Decl. ¶ 44.

3  **Grounds for Objection**:  Impermissible evidence outside of administrative record.

4  *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record

5  evidence is limited to the evidence that was before the agency at the time it made its

6  decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977));

7  *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review

8  [in an APA suit] should be the administrative record already in existence, not some

9  new record made initially in the reviewing court"). Lack of personal knowledge/

10  foundation.  *See* Fed. R. Evid. 602.  Lacks relevance.  *See* Fed. R. Evid. 402.  Violates

11  Best Evidence Rule with respect to purported recitation of the contents of alleged

12  document.  *See* Fed. R. Evid. 1002; *see also United States v. Bennett*, 363 F.3d 947,

13  953 (9th Cir. 2004) ("the [Best Evidence] rule does apply when a witness seeks to

14  testify about the contents of a writing, recording or photograph without producing the

15  physical item itself").

16  **Court's Ruling on Objection No. 41:**                Sustained: _____

17                                                                          Overruled: _____

18

19  42.    "Had the Air Force stated in the RFP that it required ████████████████

20  ████████████████████, SpaceX would have proposed differently to address that

21  criterion."  ████   Decl. ¶ 45.

22  **Grounds for Objection**:  Impermissible evidence outside of administrative record.

23  *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record

24  evidence is limited to the evidence that was before the agency at the time it made its

25  decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977));

26  *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review

27  [in an APA suit] should be the administrative record already in existence, not some

28  new record made initially in the reviewing court").  Lack of personal knowledge/

1  foundation.  *See* Fed. R. Evid. 602.  Lacks relevance.  *See* Fed. R. Evid. 402.

2  **Court's Ruling on Objection No. 42:**                    Sustained: _____

3                                                              Overruled: _____

4

5  43.  "███████████████████.  The Air Force overstated by ████████ the

6  price to the Government of an award to SpaceX.  Specifically, the Air Force upwardly

7  adjusted SpaceX's proposed price to include both ████████████████████

8  ████████████, even though the Phase 2 Competition RFP makes clear that the Air

9  Force does not require ███████████████████, and thus will not invest in

10  SpaceX's development of that optional capability:████████████████

11  ████████████████████████████████████████████

12  ████████████.'" ████ Decl. ¶ 46.

13  **Grounds for Objection**:  Impermissible evidence outside of administrative record.

14  *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record

15  evidence is limited to the evidence that was before the agency at the time it made its

16  decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977));

17  *see also Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review

18  [in an APA suit] should be the administrative record already in existence, not some

19  new record made initially in the reviewing court").  Lack of personal knowledge/

20  foundation.  *See* Fed. R. Evid. 602.   Lacks relevance.  *See* Fed. R. Evid. 402.  Violates

21  Best Evidence Rule with respect to purported recitation of the contents of alleged

22  document.  *See* Fed. R. Evid. 1002; *see also United States v. Bennett*, 363 F.3d 947,

23  953 (9th Cir. 2004) ("the [Best Evidence] rule does apply when a witness seeks to

24  testify about the contents of a writing, recording or photograph without producing the

25  physical item itself").

26  **Court's Ruling on Objection No. 43:**                    Sustained: _____

27                                                              Overruled: _____

28

44.     "SpaceX was not able to compete fairly for an LSA given the way the Air Force evaluated the SpaceX proposal and, without corrective action, SpaceX's exclusion will result in a long-term competitive disadvantage to SpaceX for the ongoing and future Air Force launch services procurements." ████ Decl. ¶ 47.

**Grounds for Objection**:  Impermissible evidence outside of administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record evidence is limited to the evidence that was before the agency at the time it made its decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)); *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review [in an APA suit] should be the administrative record already in existence, not some new record made initially in the reviewing court").  Lack of personal knowledge/ foundation.  *See* Fed. R. Evid. 602.   Lacks relevance.  *See* Fed. R. Evid. 402. Impermissible lay opinion/legal conclusion.  *See* Fed. R. Evid. 701; *see also Torres v. Cty. of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985) ("The problem with testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury"); *and United States v. Ness*, 665 F.2d 248, 250 (8th Cir. 1981) ("where the opinion proffered necessarily encompasses a legal conclusion, a trial court may very properly conclude that a response would not be helpful to the trier of fact").

**Court's Ruling on Objection No. 44:**                Sustained: _____

                                                                      Overruled:  _____


45.     "The most obvious harm is the fact that each of SpaceX's direct competitors— ULA, Orbital and Blue Origin—will receive hundreds of millions of dollars in Government Investments, $1,080 million, $795 million and $500 million respectively, to meet the Air Force's NSS requirements while SpaceX will not." ████ Decl. ¶ 48.

**Grounds for Objection**:  Impermissible evidence outside of administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**[PROPOSED] ORDER ON EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO SPACEX'S MOTION FOR JUDGMENT ON THE CERTIFIED ADMINISTRATIVE RECORD –** ████

evidence is limited to the evidence that was before the agency at the time it made its decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)); *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review [in an APA suit] should be the administrative record already in existence, not some new record made initially in the reviewing court").  Lack of personal knowledge/ foundation.  *See* Fed. R. Evid. 602.   Lacks relevance.  *See* Fed. R. Evid. 402. Impermissible lay opinion/legal conclusion.  *See* Fed. R. Evid. 701; *see also Torres v. Cty. of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985) ("The problem with testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury"); *and United States v. Ness*, 665 F.2d 248, 250 (8th Cir. 1981) ("where the opinion proffered necessarily encompasses a legal conclusion, a trial court may very properly conclude that a response would not be helpful to the trier of fact").

**Court's Ruling on Objection No. 45:**          Sustained: _____

Overruled: _____

46.    "Of possibly greater significance is the fact that SpaceX will not benefit from the cooperative process and insights that the Air Force will provide to LSA awardees. Specifically, the Air Force will collaborate with the LSA awardees to develop national security-specific features for their respective launch systems. The Air Force will be extensively involved in technical decision-making regarding the various components of each offeror's proposed launch solution. The Air Force will offer input as each awardee designs the vehicles that will ultimately compete against SpaceX's proposed launch vehicles in the Phase 2 Competition." ███ Decl. ¶ 49.

**Grounds for Objection**:  Impermissible evidence outside of administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record evidence is limited to the evidence that was before the agency at the time it made its decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977));

*see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review [in an APA suit] should be the administrative record already in existence, not some new record made initially in the reviewing court").   Lack of personal knowledge/ foundation.  *See* Fed. R. Evid. 602.  Lacks relevance.  *See* Fed. R. Evid. 402. Impermissible lay opinion/legal conclusion.  *See* Fed. R. Evid. 701; *see also Torres v. Cty. of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985) ("The problem with testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury"); *and United States v. Ness*, 665 F.2d 248, 250 (8th Cir. 1981) ("where the opinion proffered necessarily encompasses a legal conclusion, a trial court may very properly conclude that a response would not be helpful to the trier of fact").

**Court's Ruling on Objection No. 46:**                Sustained: _____

                                                       Overruled: _____


47.    "This partnership and support provides the LSA awardees with unique and solution-specific insights regarding the Air Force's launch service needs in the Phase 2 Competition and beyond. Similar insights are not available to SpaceX without an LSA award, which will undermine SpaceX's ability to anticipate and fully address the Air Force's design priorities and technical requirements in the Phase 2 Competition." ▮▮▮▮ Decl. ¶ 50.

**Grounds for Objection**:  Impermissible evidence outside of administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record evidence is limited to the evidence that was before the agency at the time it made its decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)); *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review [in an APA suit] should be the administrative record already in existence, not some new record made initially in the reviewing court").  Lack of personal knowledge/ foundation.  *See* Fed. R. Evid. 602.  Lacks relevance.  *See* Fed. R. Evid. 402.

Barnes & Thornburg LLP
Attorneys At Law
Los Angeles

**[Proposed] Order on Evidentiary Objections In Support Of Opposition To SpaceX's Motion For Judgment On The Certified Administrative Record – ▮▮▮▮▮▮▮▮▮▮**

1  Impermissible lay opinion/legal conclusion.  *See* Fed. R. Evid. 701; *see also Torres v.*

2  *Cty. of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985) ("The problem with testimony

3  containing a legal conclusion is in conveying the witness' unexpressed, and perhaps

4  erroneous, legal standards to the jury"); *and United States v. Ness*, 665 F.2d 248, 250

5  (8th Cir. 1981) ("where the opinion proffered necessarily encompasses a legal

6  conclusion, a trial court may very properly conclude that a response would not be

7  helpful to the trier of fact").

8  **Court's Ruling on Objection No. 47:**                    Sustained: _____

9                                                             Overruled: _____

10

11  48.     "Moreover, this collaboration, coupled with major financial investments in the

12  LSA awardees' solutions, will give the Air Force a vested interest in the LSA

13  awardees' solutions that it will not have in SpaceX's proposed solution."  ██████ Decl.

14  ¶ 51.

15  **Grounds for Objection**:  Impermissible evidence outside of administrative record.

16  *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (record

17  evidence is limited to the evidence that was before the agency at the time it made its

18  decision) (*abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977));

19  *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review

20  [in an APA suit] should be the administrative record already in existence, not some

21  new record made initially in the reviewing court").  Lack of personal knowledge/

22  foundation.  *See* Fed. R. Evid. 602.   Lacks relevance.  *See* Fed. R. Evid. 402.

23  Impermissible lay opinion/legal conclusion.  *See* Fed. R. Evid. 701; *see also Torres v.*

24  *Cty. of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985) ("The problem with testimony

25  containing a legal conclusion is in conveying the witness' unexpressed, and perhaps

26  erroneous, legal standards to the jury"); *and United States v. Ness*, 665 F.2d 248, 250

27  (8th Cir. 1981) ("where the opinion proffered necessarily encompasses a legal

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

32

**[PROPOSED] ORDER ON EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO SPACEX'S MOTION FOR JUDGMENT ON THE CERTIFIED ADMINISTRATIVE RECORD –** ████████████

conclusion, a trial court may very properly conclude that a response would not be helpful to the trier of fact").

**Court's Ruling on Objection No. 48:**    Sustained: _____

Overruled: _____

**IT IS SO ORDERED.**

Dated: _____

_____
The Honorable Otis D. Wright II
United States District Judge

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

33

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 2029 Century Park East, Suite 300, Los Angeles, CA 90067.

On January 17, 2020, I served the foregoing document(s):

**[PROPOSED] ORDER ON EVIDENTIARY OBJECTIONS IN SUPPORT OF DEFENDANT-INTERVENOR BLUE ORIGIN, LLC'S OPPOSITION TO PLAINTIFF SPACE EXPLORATION TECHNOLOGIES CORP.'S MOTION FOR JUDGMENT ON THE CERTIFIED ADMINISTRATIVE RECORD**

on the interested parties in this action as follows:

Craig A. Holman
craig.holman@arnoldporter.com
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Telephone: 202.942.5000
Facsimile: 202.942.5999
*Counsel for Plaintiff*
*Space Exploration Technologies Corp.*

Kevin P. Mullen
KMullen@mofo.com
Morrison and Foerster LLP
2000 Pennsylvania Avenue, N.W., Suite 6000
Washington, D.C. 20006
Tel: 202-887-1500
Fax: 202-887-0763
*Counsel for Orbital Sciences Corporation*

Joseph Evan Borson
joseph.borson@usdoj.gov
U.S. Department of Justice
Federal Programs Branch - Civil Division
1100 L Street, N.W.
Washington, D.C. 20005
Tel: 202-514-1944
Fax: 202-616-8460
*Counsel for United States of America*

Todd R. Steggerda
tsteggerda@mcguirewoods.com
McGuireWoods LLP
2001 K Street, N.W., Suite 400
Washington, D.C. 20006
Tel: 202-857-2477
Fax: 202-828-2968
*Counsel for United Launch Services, LLC*

☒    **BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION:**  Based on an agreement of the parties to serve copies of documents by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above.

☒    **FEDERAL**:  I declare under penalty of perjury that the forgoing is true and correct.

Executed on January 17, 2020, at Los Angeles, California.

/s/ Matthew B. O'Hanlon
Matthew B. O'Hanlon

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES