1

**BARNES & THORNBURG LLP**
Scott E. Pickens (admitted *pro hac vice*)
scott.pickens@btlaw.com
Scott N. Godes (admitted *pro hac vice*)
Scott.Godes@btlaw.com
Michael A. Hordell (admitted *pro hac vice*)
Michael.Hordell@btlaw.com
Matthew J. Michaels (admitted *pro hac vice*)
MMichaels@btlaw.com
1717 Pennsylvania Avenue N.W., Suite 500
Washington, D.C. 20006-4623
Telephone:   202-289-1313
Facsimile:    202-289-1330

**BARNES & THORNBURG LLP**
Matthew B. O'Hanlon (SBN 253648)
matthew.ohanlon@btlaw.com
2029 Century Park East, Suite 300
Los Angeles, CA 90067-3012
Telephone:   310-284-3880
Facsimile:    310-284-3894

Attorneys for Defendant-Intervenor
Blue Origin, LLC

REDACTED VERSION

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT

15

FOR THE CENTRAL DISTRICT OF CALIFORNIA

16

SPACE EXPLORATION
TECHNOLOGIES CORP.,

17

Plaintiff,

18

v.

19

UNITED STATES OF AMERICA,

20

Defendant.

21

22

23

24

25

26

27

28

Case No. 2:19-cv-07927-ODW-GJS

**DEFENDANT-INTERVENOR
BLUE ORIGIN, LLC'S SUR-
REPLY TO PLAINTIFF SPACE
EXPLORATION TECHNOLOGIES
CORP.'S REPLY TO BLUE
ORIGIN'S OPPOSITION TO
SPACEX'S MOTION FOR
JUDGMENT ON THE CERTIFIED
ADMINISTRATIVE RECORD**

████████████████████████
████████████████████████

Date:        March 2, 2020
Time:        1:30 p.m.
Courtroom:   5D, 5th Floor
             First Street Courthouse
             350 W. 1st Street
             Los Angeles, CA 90012

████ **Sur-Reply to SpaceX's Reply to Blue Origin's Opposition to SpaceX's Motion For Judgment On The Certified Administrative Record –** ████████████████

1

## **TABLE OF CONTENTS**

2
Page(s)

3

4
I.    INTRODUCTION ..................................................................................1

5
II.   SPACEX'S MJAR IS WITHOUT MERIT AND THE COURT SHOULD
DENY IT. ..............................................................................................3

6
      A.   SpaceX Failed To Challenge The Agency's Final Decision On
7
           SpaceX's Allegations Of Improper Evaluation And Award. .................3

8
           1.    SpaceX Failed To Object To The Final Agency Action, And
                 Its Legal Arguments Avoid The Law On This Point. ..................3

9
           2.    The Court Should Reject SpaceX's New Objections For
                 Which SpaceX Failed To Exhaust Its Mandatory
10
                 Administrative Remedy. ..............................................................8

11
      B.   SpaceX's Reply Failed To Resolve Its Admission That SpaceX
           Prepared And Submitted A "Poor" Proposal Negating Its Claim For
           Relief Here. .......................................................................................10

12
      C.   SpaceX Continues to Assert Untimely Challenges To The RFP's
13
           Competition Ground Rules. ...............................................................11

14
      D.   The Court Should Disregard SpaceX's Frequent and Unwarranted
           Attempts To Cite To And Argue From Materials Outside The
           Administrative Record. .....................................................................12

15
      E.   In No Event Is SpaceX Entitled To A Directed LSA Award Or
16
           Permanent Injunctive Relief. .............................................................13

17
      F.   SpaceX's Claims Regarding the Agency's Evaluation of Blue
           Origin's Proposal Are Baseless. ........................................................14

18
III.  CONCLUSION...................................................................................15

19

20

21

22

23

24

25

26

27

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**SUR-REPLY TO SPACEX'S REPLY TO OPPOSITION TO SPACEX'S MOTION FOR JUDGMENT ON THE
CERTIFIED ADMINISTRATIVE RECORD –**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acura of Bellevue v. Reich*,
  90 F.3d 1403 (9th Cir. 1996) ...................................................................... 7

*Aguilera–Montero v. Mukasey*,
  548 F.3d 1248 (9th Cir. 2008) ................................................................... 5

*Bennett v. Spear*,
  520 U.S. 154 (1997).................................................................................... 6

*Blue & Gold Fleet, L.P. v. United States*,
  492 F.3d 1308 (Fed. Cir. 2007) ........................................................... 9, 11

*C.S. McCrossan Const., Inc. v. Minnesota Dep't of Transp.*,
  946 F. Supp. 2d 851 (D. Minn. 2013)....................................................... 11

*Darby v. Cisneros*,
  509 U.S. 137 (1993)............................................................................ 8, 9, 11

*Defenders of Wildlife v. Tuggle*,
  607 F. Supp. 2d 1095 (D. Ariz. 2009) ........................................................ 5

*Herrera v. U.S. Citizenship & Immigr. Servs.*,
  571 F.3d 881 (9th Cir. 2009) ...................................................................... 5

*ICC v. Locomotive Engineers*,
  482 U.S. 270 (1987).................................................................................... 7

*Lujan v. Nat'l Wildlife Federation*,
  497 U.S. 871 (1990).................................................................................... 5

*Nat'l Ass'n of Home Builders v. Defs. of Wildlife*,
  551 U.S. 644 (2007).................................................................................... 6

*Top Set Int'l, Inc. v. Neufeld*,
  2007 WL 9735001 (C.D. Cal. July 5, 2007).............................................. 6

**Statutes**

5 U.S.C. § 704 ................................................................................................ 7

SUR-REPLY TO SPACEX'S REPLY TO OPPOSITION TO SPACEX'S MOTION FOR JUDGMENT ON THE
CERTIFIED ADMINISTRATIVE RECORD –

## I.    INTRODUCTION

Defendant-Intervenor Blue Origin, LLC ("Blue Origin) hereby responds to Plaintiff Space Exploration Technologies Corp.'s Reply ("SpaceX Reply") to Blue Origin's Opposition ("Opp.") to SpaceX's Motion for Judgment on the Administrative Record ("MJAR").  As discussed more fully below, this Court should deny SpaceX's MJAR and enter judgment for Defendant and Defendant-Intervenors.

First, SpaceX's Reply concedes that SpaceX failed to substantively challenge the "final agency action"—the Agreements Officer's ("AO") final decision regarding SpaceX's Objection to the Agency's evaluation and award decisions.  SpaceX cannot explain its failure, and instead, asks the Court to evaluate from scratch the Agency's earlier LSA award decisions, and mischaracterizes those LSA award decisions as the Agency's "final decisions."  As detailed below, the record does not support this effort. After SpaceX was not awarded a contract under the LSA Request for Proposals "RFP"), SpaceX <u>followed the objection process that it (and all bidders) were required to (and agreed to) follow</u>.[1]  SpaceX appealed its loss by seeking reconsideration of the LSA award decisions.  It received a written final decision from the specified Agency official that had a detailed and documented denial of SpaceX's objections.  SpaceX ignores completely that final Agency determination and fails to identify any flaws in that decision before this Court, thereby failing to present any basis for relief. Additionally, SpaceX then asks the Court to rule on new objections to the Agency's actions for which SpaceX did not seek prior administrative review as required by the same mandatory disputes provision.

Second, as the Agency and Intervenors have shown, SpaceX's improper challenges to the initial LSA award decisions (rather than the Agency's Final Decision) are meritless in any event.  The Agency's evaluation and award decisions were

---

[1] In contrast to bid protests involving traditional Federal procurements in district court, the Agency's RFP for the Other Transaction Agreements ("OTAs") here provided for a mandatory process to assert challenges to the evaluation and award and obtain a final decision by the AO on those challenges.

1

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

1 reasonable and well within the Agency's substantial discretion for this critical National
2 Security related work.   SpaceX's challenge does nothing more than attempt to
3 substitute SpaceX's own judgment as to what the evaluation outcome should have been
4 in SpaceX's view, under fabricated evaluation criteria which SpaceX has argued should
5 have applied, rather than those that were specified in the RFP.  SpaceX failed to timely
6 challenge the RFP terms and evaluation framework, and a challenge there now, even in
7 the guise of "substituted" or recharacterized evaluation criteria, is time-barred and
8 meritless.

9       Third, based on its flawed legal challenge, SpaceX necessarily continues to
10 improperly cite to and rely on materials outside the Administrative Record in support
11 of its misguided narrative.   Because the Administrative Record does not support
12 SpaceX's claims or theories, it is forced to cobble together extra-record references to
13 support an alternative reality to fit its theories.  As set forth in Blue Origin's Reply to
14 SpaceX's Response to Blue Origin's Evidentiary Objections (filed concurrently with
15 this Sur-Reply) and Blue Origin's original objections, the Court should recognize that
16 SpaceX's flawed reliance on such materials is improper and clear confirmation
17 SpaceX's MJAR lacks merit and should be denied.

18       In short, the Agency's LSA award determinations were proper.  SpaceX has not
19 carried its heavy burden to sustain a challenge to either the award determinations, or
20 the unchallenged Agency final decision on its protest allegations.   But, even if the
21 Agency's evaluation were in some way flawed (which it is not), in no event is SpaceX
22 entitled to a directed LSA award or permanent injunctive relief as the Agency and
23 Intervenors have demonstrated and as SpaceX now appears to concede in its Reply.
24 That relief would improperly displace the Agency's exclusive role in determining
25 which offerors' proposals best justify LSA funding to achieve the Agency's LSA
26 objectives.

27

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**SUR-REPLY TO SPACEX REPLY TO BLUE ORIGIN OPPOSITION TO SPACEX'S MOTION FOR JUDGMENT ON THE CERTIFIED ADMINISTRATIVE RECORD –**

## II. SPACEX'S MJAR IS WITHOUT MERIT AND THE COURT SHOULD DENY IT.

### A. SpaceX Failed To Challenge The Agency's Final Decision On SpaceX's Allegations Of Improper Evaluation And Award.

#### 1. SpaceX Failed To Object To The Final Agency Action, And Its Legal Arguments Avoid The Law On This Point.

Blue Origin's Opposition to SpaceX's MJAR demonstrated that SpaceX's claims should be denied because SpaceX failed to challenge the final Agency action – the Agreements Officer's final decision on SpaceX's objections to the LSA evaluations and award. Because SpaceX failed to allege or demonstrate error in the Agency's Final Decision, there was no justiciable error raised by the SpaceX MJAR, requiring the Court to deny that Motion. SpaceX's Reply does not address this point directly, but rather, asks the Court to rule that something other than a final agency decision is close enough.

SpaceX's Reply concedes, as Blue Origin establishes in its Opposition, that only final agency decisions are appropriate for review by this Court as shown by Blue Origin's Opposition. Opp. at 8-15. SpaceX argues, however, that because it challenged the Agency's initial LSA award decisions, which it <u>only now for the first time</u> belatedly argues in its Reply comprises the "final award decision," that was a challenge of the final agency decision.[2] In support of its decision to not seek review of the Agreement Officer's decision – the final agency decision – SpaceX now argues that (a) the earlier LSA award decision is not interlocutory or tentative but has direct and appreciable legal consequences, and (b) based on this initial decision, the Agency executed the LSAs. SpaceX Reply at 5. SpaceX argues that the mandatory RFP objection process did not result in a final agency decision on SpaceX's objections,

---

[2] *See generally*, MJAR (SpaceX never referred to the initial LSA awards as the final award decision or addressed whether its challenge to the LSA award decision constituted final agency action).

3

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

1  because the LSA awards were not conditioned on the outcome of the Agency's final

2  decision and the "AO's objection <u>denial</u>" did not alter the finality of the LSA award

3  decision.  SpaceX Reply at 6 (emphasis added).[3]  SpaceX argues that the mandatory

4  dispute process was at best only a "prudential" exhaustion consideration, and that

5  "SpaceX followed the non-mandatory Agency process and repeatedly asked for

6  alternative dispute resolution" which placed the Agency "on notice" of SpaceX's

7  objections.  SpaceX Reply at 6 and n.8.  SpaceX argues that it had no obligation to

8  follow the "informal process" at all.  *Id.*

9          SpaceX's argument is wrong, <u>because the Agency disputes process was plainly</u>

10 <u>and unequivocally a mandatory requirement by its own terms</u>.  As Blue Origin pointed

11 out in its Opposition, the RFP required SpaceX (and any other offeror) to file any

12 objection to the terms of the solicitation, <u>evaluation of proposals, or award of</u>

13 <u>agreements</u> with the Agreements Officer.  (RFP Section 1.4, AR Tab 35 at 1068).  The

14 RFP explicitly specified as follows:

15
16     **1.4 Objections**

17     Any objections to the terms of this solicitation, evaluation of
       proposals, <u>or award of agreements must be presented in writing</u>
       <u>to the Agreements Officer (AO), within ten calendar days</u> of (1)

18     the release of this solicitation or (2) <u>the date the objector knows</u>
       <u>or should have known the basis for its objection</u>. Objections

19     should be provided in letter format, clearly stating that it is an
       objection to this solicitation, or to the evaluation or award of an

20     agreement, providing a clearly detailed factual statement of the
       basis for objection. Failure to comply with these directions is a

21     basis for summary dismissal of the objection. <u>The AO will</u>
       <u>adjudicate all objections in coordination with the Competition</u>

22     <u>Advocate.</u>

23
24 _____

   [3] SpaceX fails to explain how the initial LSA award decision marks the consummation of the
25 decision-making process, particularly where the RFP explicitly mandated a further decision-making

26 process and SpaceX utilized this process as it was plainly required to do.  The RFP objection process
   (AR Tab 35 at 1068) permits the Agreements Officer, in conjunction with the Competition Advocate,

27 to reconsider and review *de novo* the initial award decision and adjudicate all objections.  Upon
   SpaceX's submission of its objections for review, the Agreements Officer conducted this review and

28 issued a new decision on those objections.  As such, the Agreements Officer's decision is the final
   agency decision.

                                                4

1   AR Tab 35 at 1068 (emphasis added).

2       SpaceX initially followed that mandatory procedure, but then ignored the

3   Agreements Officer's ruling when filing suit in the Court of Federal Claims and this

4   Court.  The Agreements Officer's ruling, however, is what controls the inquiry as the

5   final agency action.  *Herrera v. U.S. Citizenship & Immigr. Servs.*, 571 F.3d 881, 885

6   (9th Cir. 2009) (finding that review of the Administrative Appeals Office's decision,

7   and not the initial agency denial, was appropriate because it was the final agency

8   decision); *cf. Aguilera–Montero v. Mukasey,* 548 F.3d 1248, 1250 (9th Cir. 2008)

9   ("When the [Board of Immigration Appeals ('BIA')] conducts a de novo review and

10  issues its own decision, we review the BIA's decision rather than the [immigration

11  judge's].") (internal quotation marks omitted).  Rather than address that point, SpaceX

12  makes the misleading assertion that the AO's <u>denial</u> had no impact on award.

13      SpaceX's position is both wrong and irrelevant.  It is wrong because if the AO

14  determined that SpaceX's objections had merit and that SpaceX was prejudiced by the

15  alleged errors, the LSA award decisions could have been set aside for Agency

16  corrective action, so those award decisions were not final pending AO adjudication of

17  the objections.[4]

18      SpaceX's arguments about the merits of the award decision also are irrelevant,

19  because they continue to ignore the legal requirement that any filing in this Court is

20  obligated to address the final agency action—the Agreements Officer's decision.

21  SpaceX bears the burden of demonstrating that the initial LSA award decision is the

22  final agency action.  *See Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 883 (1990);

23  *see also, Defenders of Wildlife v. Tuggle*, 607 F. Supp. 2d 1095, 1099 (D. Ariz. 2009)

24  ("Plaintiffs have the burden of identifying specific federal conduct and explaining how

25

26  ───────────────────────────────
    [4]  Similarly, the Agreements Officer could have canceled or modified the initial LSA awards.
27  However, after review of SpaceX's objections, the Agreements Officer disagreed with SpaceX and
    provided careful analysis and rationale in his written decision.   SpaceX never challenges the
28  Agreements Officer's overall decision or any particular rationale.

it is "final agency action""").  Federal courts are empowered to review only final, not interim, agency actions.  *See Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 659 (2007).  *See* Opp. at 8-15.  The Court should not review *de novo* the same issues presented to and resolved by the Agreements Officer's administrative adjudication of the facts and allegations at issue, which SpaceX has failed to challenge before this Court.  *See Top Set Int'l, Inc. v. Neufeld,* 2007 WL 9735001, at *1 (C.D. Cal. July 5, 2007).

SpaceX cannot carry that burden.  As demonstrated in Blue Origin's Opposition, SpaceX <u>has focused solely on the Agency's initial LSA award decisions, and has ignored the Agency's final decision on its protest allegations.</u>  Opp. at 9-15.  Rather than substantively challenge the Agreements Officer's reasonable review and consideration of SpaceX's objections in the Agency final decision, as required by the APA, SpaceX improperly asks the Court to adjudicate the issues without reliance on Agency expertise, contrary to the LSA RFP and the APA standard of review.  Here, because there was a mandatory appeals process, which resulted in a final agency action—the Agreements Officer's decision—and <u>SpaceX fails to substantively challenge this decision in its Motion</u>, that Motion must be denied.

SpaceX's arguments are not relevant because they rely on decisions concerning bid protests of traditional Federal procurements that did not have this mandatory administrative appeal and protest adjudication process, thereby changing the analysis of what was a final agency action.  MJAR at 15.  A final agency action is demonstrated by (1) the consummation of the Agency's decision-making process, and (2) the action that determines the rights and obligations of the parties or is one from which legal consequences will flow.  *See Bennett v. Spear*, 520 U.S. 154, 177–78 (1997).  Here, the agency decision-making process continued when SpaceX raised objections on the LSA evaluation and awards to the Agreements Officer, and was consummated when the AO issued a written decision upholding the Agency's LSA award decisions and denying

**Sur-Reply to SpaceX Reply to Blue Origin Opposition To SpaceX's Motion For Judgment On The Certified Administrative Record –**

Barnes & Thornburg LLP
Attorneys At Law
Los Angeles

1   SpaceX's objections.   That decision determined the rights and obligations of the

2   parties, because if the AO had upheld the protest, then SpaceX would have been

3   afforded relief; the AO's decision against SpaceX meant that SpaceX would not receive

4   an award.   As the Agreements Officer's decision and rationale are unassailed, the

5   decision should stand and SpaceX's MJAR should be denied because it fails to provide

6   any basis for overturning the Agency's final decision.

7   SpaceX's cited authority is inapposite.   SpaceX's Reply Brief cites the language

8   of Section 10(c) of the APA, codified in 5 U.S.C. § 704—"agency action otherwise

9   final is final . . . whether or not there has been presented or determined an application

10   for . . . any form of reconsideration"—to support an argument that the initial LSA

11   award decision, and not the AO's final decision, was the final agency action.   SpaceX

12   Reply at 6.   This exact argument was rejected by the Supreme Court in *ICC v.*

13   *Locomotive Engineers*, 482 U.S. 270 (1987).   There the Supreme Court stated:   "Th[is]

14   [Section 10(c)] language has long been construed by this and other courts merely to

15   relieve parties from the requirement of petitioning for rehearing before seeking judicial

16   review (unless, of course, specifically required to do so by statute . . .), but not to

17   prevent petitions for reconsideration that are actually filed from rendering the orders

18   under reconsideration nonfinal."   *Id.* at 284–285; *see also Acura of Bellevue v. Reich*,

19   90 F.3d 1403, 1407 (9th Cir. 1996) ("A motion for reconsideration renders an agency

20   action nonfinal under Section 10(c) of the APA.").   The Supreme Court and Ninth

21   Circuit precedent have made clear that an initial agency decision is nonfinal when a

22   petition for reconsideration has been submitted.   SpaceX sought reconsideration of the

23   LSA award decisions when it submitted its Objection—requesting the Agency "take

24   account of these objections, and take immediate corrective action to reevaluate the

25   proposals to allow for an additional award to SpaceX, or amend the RFP and reopen

26   the LSA competition."   AR Tab 150 at 42740.

27

28

7

**SUR-REPLY TO SPACEX REPLY TO BLUE ORIGIN OPPOSITION TO SPACEX'S MOTION FOR JUDGMENT ON THE CERTIFIED ADMINISTRATIVE RECORD –**

SpaceX also argues that the Supreme Court's decision in *Darby v. Cisneros*, 509 U.S. 137 (1993), precludes the application of the RFP's objection clause as the Agency's final decision.  SpaceX Reply at 1, 5-6.  But, as the Agency demonstrated in its Sur-Reply, this doctrine only prohibits judicially created exhaustion requirements, not exhaustion requirements "provided by Congress or the agency."  *Darby*, 509 U.S. at 147 (emphasis added).   Here, the Agency provided a mandatory exhaustion requirement leading to a final Agency decision via the RFP's explicit text (AR Tab 38 at 1263), so *Darby* does not support SpaceX's argument that the AO's decision was not the final Agency decision.

Furthermore, the AO's final decision considers and addresses all of SpaceX's initial objections raised in SpaceX's Agency appeal.  During the objection process, SpaceX itself noted "there are a number of issues raised therein, and that SMC has been devoting significant resources to respond" to the objections.  AR Tab 151 at 43098.  The AO decision provides, after extensive review of SpaceX's 70-page protest, original analysis and rationale for the key reasons SpaceX fell short of winning an LSA award.   SpaceX has failed to make any showing before this Court that the AO determination is flawed.  By failing to substantively address <u>any</u> purported errors in the AO's final decision in its MJAR, SpaceX attempts to take a second bite at the apple and ask the Court to review the Agency's initial findings of fact and analysis for the LSA awards without relying on the expertise and judgment of the Agreements Officer's final decision on those same issues.  As a result, SpaceX's MJAR fails to provide any basis for relief by this Court.

**2.   The Court Should Reject SpaceX's New Objections For Which SpaceX Failed To Exhaust Its Mandatory Administrative Remedy.**

As Blue Origin explained in its Opposition, SpaceX raised several new claim assertions before this Court, contrary to the mandatory disputes process, thereby failing

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

1    to exhaust its mandatory administrative remedies.   Opp. at 15-18.   Blue Origin's

2    Opposition detailed which new claims in SpaceX's MJAR Section IV.B were time

3    barred and waived because SpaceX failed to timely raise them with the Agency.   Opp.

4    at 15-18.   In its Reply, because it cannot provide the Court with a rationale as to why

5    its objections were timely, SpaceX argues that "Blue Origin misunderstands the

6    doctrines of finality and exhaustion."   SpaceX argues that the plain language of the

7    mandatory disputes resolution provision was non-mandatory, only possibly "a

8    prudential exhaustion consideration" (which SpaceX contends it is not), and SpaceX

9    further argues that it "had no obligation to engage that informal process at all much

10   less to re-engage it to supplement its original objections with record facts that SMC

11   only produced to SpaceX during judicial review."   SpaceX Reply at 6, n.8.

12        That reply is nonsensical and not credible.   As discussed above, SpaceX's

13   assertions are directly contradicted by RFP Section 1.4, which SpaceX failed to

14   challenge prior to submitting its offer.   *See Blue & Gold Fleet, L.P. v. United States*,

15   492 F.3d 1308, 1313 (Fed. Cir. 2007) (holding that a party who fails to object to the

16   terms of a solicitation "prior to the close of the bidding process waives its ability to

17   raise the same objection afterwards" in a bid protest).   SpaceX argues that under the

18   Supreme Court's holding in *Darby v. Cisneros*, 509 U.S. 137 (1993), SpaceX was not

19   required to exhaust its administrative remedies.   SpaceX Reply at 1, 5-6.   However,

20   SpaceX's reliance on *Darby* is misplaced.   There the question before the Supreme

21   Court was "whether federal courts have the authority to require that a plaintiff exhaust

22   available administrative remedies before seeking judicial review under the [APA],

23   where neither the statute nor agency rules specifically mandate exhaustion as a

24   prerequisite to judicial review." *Darby*, 509 U.S. at 138 (emphasis added).   That is not

25   the case here:   the Agency, in RFP Section 1.4, specifically mandates exhaustion as a

26   prerequisite to consideration of any objections to the evaluation or award of proposals.

27

28

9

███████ **SUR-REPLY TO SPACEX REPLY TO BLUE ORIGIN OPPOSITION TO SPACEX'S MOTION FOR JUDGMENT
ON THE CERTIFIED ADMINISTRATIVE RECORD –** ████████████

1    The Court should reject all claims and arguments that SpaceX failed to timely

2 present to the Agreements Officer.  Those claims should be summarily dismissed.

3    **B.    SpaceX's Reply Failed To Resolve Its Admission That SpaceX**

4         **Prepared And Submitted A "Poor" Proposal Negating Its Claim For**

5         **Relief Here.**

6    Blue Origin's Opposition demonstrated that SpaceX admitted its unfavorable

7 evaluation was due to SpaceX preparing and submitting a poor proposal, which is what

8 the Agency's Administrative Record unequivocally shows in this matter.  Opp. at 18-

9 20; 20-27.  This admission was made _after_ SpaceX received its debriefing from the

10 Agency conveying the basis for SpaceX's nonselection for a LSA award, and reflects

11 SpaceX's (via CEO Musk's) own understanding of why it did not receive a LSA award.

12 _Id._

13    In its Reply, after relying on multiple documents that were outside the

14 Administrative Record and designed to supplement its proposal and protest arguments,

15 SpaceX suddenly asserts that Mr. Musk's admission on SpaceX's inadequate proposal

16 "has no relevance here, is not part of the record, and is taken out of context."  SpaceX

17 Reply at 3.  As Blue Origin previously explained, the Court may consider this

18 admission.  Opp. at 18-20.  Mr. Musk's understanding and admission on the basis for

19 the Agency's evaluation is highly relevant.  _Id._  SpaceX's admission meshes perfectly

20 with the Administrative Record evidence in this litigation:  SpaceX disregarded the

21 terms of the RFP and the Agency's specific and consistent guidance provided during

22 discussions, and submitted a proposal that reflected SpaceX's own judgment and views

23 of what the Agency should, in SpaceX's view, be funding.  Opp. at 24-27.  In other

24 words, SpaceX failed to heed and address the Agency's technical concerns resulting in

25 submission of an admittedly poor proposal – _i.e._, "SpaceX wrote a poor proposal."

26 Opp. at 21-27.

27

28

**Sur-Reply to SpaceX Reply to Blue Origin Opposition To SpaceX's Motion For Judgment
On The Certified Administrative Record –**

Barnes &
Thornburg LLP
Attorneys At Law
Los Angeles

C.       **SpaceX Continues to Assert Untimely Challenges To The RFP's Competition Ground Rules.**

Blue Origin's Opposition pointed out that SpaceX argues that the LSA RFP should, in effect, be rewritten or reinterpreted to emphasize criteria in a manner that SpaceX considered appropriate.  Opp. at 21-24.  In essence, SpaceX, based on its unsubstantiated belief that it is the "superior" offeror, seeks to create new ground rules, not in the RFP, and then contends that the Agency did not comply with those fictional ground rules.  As Blue Origin pointed out, however, the time to challenge the LSA RFP terms has long passed and that argument is untimely.  *See* LSA RFP Section 1.4 (Any objections to the terms of this solicitation . . . must be presented in writing to the Agreements Officer (AO), within ten calendar days of (1) the release of this solicitation.); *see also Blue & Gold Fleet, L.P.,* 492 F.3d at 1313 (holding that a party who fails to object to the terms of a solicitation "prior to the close of the bidding process waives its ability to raise the same objection afterwards" in a bid protest).  SpaceX asserted no timely objections to the terms of the RFP or evaluation criteria as specified by the Agency.

In reply, SpaceX argues that "SpaceX seeks to enforce—not object—to the RFP" (meaning, of course, the RFP as "re-envisioned" by SpaceX).  It attempts to distinguish *Blue & Gold Fleet*, and discreditably asserts that it could have brought suit challenging RFP terms up to 6 years after LSA contract award.  SpaceX Reply at 1 and n. 2 (citing *Darby*, 507 U.S. 137, 144-154).  SpaceX's argument is flawed.  As discussed above, SpaceX's reliance on *Darby* is misplaced.  *See* Section II.A.2 *supra*.  Federal courts have consistently held that "[v]endors cannot sit on their rights to challenge what they believe is an unfair solicitation, roll the dice and see if they receive [an] award and then, if unsuccessful, claim the solicitation was infirm."  *Blue & Gold Fleet, L.P.*, 492 F.3d at 1314; *see C.S. McCrossan Const., Inc. v. Minnesota Dep't of Transp.*, 946 F. Supp. 2d 851, 862 (D. Minn. 2013) (finding the plaintiff waived an argument it failed

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

1  to timely raise, where agency regulations stipulated that offerors were required to raise

2  objections in *advance* of submitting proposals).

3          SpaceX's challenges to the terms of the Solicitation are time-barred and its

4  arguments related to those challenges are meritless and should be dismissed.

5      **D.    The Court Should Disregard SpaceX's Frequent and Unwarranted**

6              **Attempts To Cite To And Argue From Materials Outside The**

7              **Administrative Record.**

8          Blue Origin's Opposition demonstrated that SpaceX's attempts to rely on extra-

9  record evidence beyond the Administrative Record to support its position were not

10 proper because the Court's review of the Agency's decision is confined to the

11 administrative record.  Opp. at 27-31.

12         In its Reply, SpaceX argues that portions of the ███ Declaration were

13 proffered to "serve[] as a tool to show the obvious and material differences between

14 SpaceX's   proposed   approach   and   the   Space   Shuttle   development—relevant

15 considerations SMC ignored."  SpaceX Reply at 22.  That comparison was irrelevant

16 and immaterial as explained by the Agency in its Sur-Reply.  Docket 188 at 11.  In any

17 event, as Blue Origin's Opposition and concurrently filed Evidentiary Objections

18 demonstrated, the ███ Declaration was far more wide-ranging than that, and its

19 proffer was improper for the reasons cited in Blue Origin's Evidentiary Objections,

20 (Docket 187-2) and the Reply to SpaceX's response to those objections, filed

21 concurrently with this Sur-Reply.  *See also* Opp. at 27-31.  The SpaceX Reply does not

22 otherwise attempt to justify the widespread use of extra-record citations and evidence.[5]

23

24

25

26  ─────────────────

27  [5] SpaceX's Response (Docket 182-1) to Blue Origin's Evidentiary Objections (Docket 179-2) fails to justify the substantial use of extra-record information by SpaceX in its challenge to the Agency action here.  *See* Blue Origin's Reply to SpaceX's Response to Blue Origin's Evidentiary Objections, filed concurrently with this Sur-Reply.

28

███ **SUR-REPLY TO SPACEX REPLY TO BLUE ORIGIN OPPOSITION TO SPACEX'S MOTION FOR JUDGMENT ON THE CERTIFIED ADMINISTRATIVE RECORD –** ███

For the reasons identified in Blue Origin's Opposition, and not responded to by SpaceX in its Reply, all extra-record information used by SpaceX, including the ███ Declaration, should be disregarded by the Court.

**E.    In No Event Is SpaceX Entitled To A Directed LSA Award Or Permanent Injunctive Relief.**

First, notably, SpaceX's Reply appears to appropriately withdraw its request for a directed award.  Second, SpaceX's request for injunctive relief is meritless.  SpaceX asks this Court to provide extraordinary relief on the highly speculative possibility that (1) the Agency, upon re-evaluation, will award an LSA contract to SpaceX's high risk, high cost offer (and poor proposal), and (2) that SpaceX will not then lose the LSP Phase 2 competition and have its LSA award immediately terminated.  Such requested relief provides zero benefit to the Agency, working on behalf of the public, and will delay the Agency's mission and likely increase risk of harm to national security. Moreover, SpaceX asks the Court to grant injunctive relief after SpaceX made a tactical decision to wait 8 months before seeking relief in court, as SpaceX believes that it did not need to seek reconsideration from the AO.  *See* Reply at 6, n.8 (asserting that "SpaceX had no obligation to engage [the Agency's objection] process at all"). The equities do not favor SpaceX in view of that voluntary delay.[6]

SpaceX asks the Court to terminate the LSA awards after more than 16-plus months of performance, even though SpaceX admits that it voluntarily delayed seeking relief from the courts.  Any *purported*[7] past harm to SpaceX cannot be redressed and

---

[6] The purpose of the LSA competition was to create additional competitors for the LSP Phase 2 awards, and the LSP Phase 2 competition will most likely be awarded before any LSA re-evaluation could occur.  The LSA solicitation was issued on October 5, 2017 (*see* AR Tab 35); initial LSA proposals were submitted on November 20, 2017 (*see* AR Tabs 49-52); and, the LSA awards were made on October 5, 2018 (*see* AR Tabs 138-140).  Given that the solicitation and evaluation process took one year to complete, and the Phase 2 LSP contracts are scheduled to be awarded by an estimated October 2020 award date, it is highly likely that Phase 2 LSP awards will be made before any LSA re-evaluation would be completed.

[7] SpaceX mischaracterizes Blue Origin's statement ("Unfortunately, these purported harms have already occurred.").  *See* SpaceX Reply at 24 ("Blue Origin admits SpaceX suffered harm").  Blue

13

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

███ SUR-REPLY TO SPACEX REPLY TO BLUE ORIGIN OPPOSITION TO SPACEX'S MOTION FOR JUDGMENT ON THE CERTIFIED ADMINISTRATIVE RECORD – ███

future harm is highly speculative.  SpaceX fails to address the tremendous harm to the public that would be caused by the requested injunctive relief.  SpaceX's demand for injunctive relief is meritless and should be denied.

**F.    SpaceX's Claims Regarding the Agency's Evaluation of Blue Origin's Proposal Are Baseless.**

SpaceX's Reply makes several false or incorrect allegations regarding the purportedly improper evaluation of Blue Origin's proposal.

First, SpaceX alleges "SMC's ███████████████████████████████████████████████████████ ████████████" citing "Tab 132 at 41483-84, 41493" to support this statement.  SpaceX Reply at 11.  SpaceX miscites the Administrative Record; nothing in those Record sections supports SpaceX's allegation.  In both of the sections cited, the Agency states that "[███████████████████████████████████████████████████ █████████████████████ AR Tab 132 at 41484.  There is no mention of ███ █████████████████████████████████."

Second, SpaceX complains "[a]lthough SMC repeated (unfounded) EELV Approach ██████████ in SpaceX's schedule assessment, ██████████████████ ████████████████████████████████████████████."  SpaceX Reply at 21-22.  A brief review of the record shows this allegation to be baseless.   In the record section cited by SpaceX (AR Tab 132 at 41509-14), the evaluators ████████ ████████████████████████████████████████████████████████████████ █████████████████████████████ AR Tab 132 at 41509.

Third, SpaceX also criticizes the Agency for accepting Blue Origin's proposed ██████████ schedule margin to test its Category C solution while not accepting SpaceX's ██████████ schedule margin, on the basis that Blue Origin's design was "████████

---

Origin clearly states the harms are *purported*, *i.e.*, mere allegations.  SpaceX misconstrues this statement to be an admission.

14

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

1  ██████████████████.”  SpaceX Reply at 22.  However, Blue Origin's New Glenn

2  rocket was assessed a ██████████████████████ for design

3  maturity, ████████████ received ██████████████████████. *See* AR Tab

4  132 at 41659-51.  The Agency's conclusion that SpaceX's proposed ██████ schedule

5  margin  was  insufficient  for  ████████████████  rocket  design  is  reasonable,  and

6  SpaceX's challenge is without merit.

7  Last, SpaceX erroneously claims that because ULA utilizes Blue Origin's BE-4

8  engine in its design, the Agency erred in ███████████████████████

9  ████████████.  However, given that Blue Origin has and will develop the BE-4

10  engine at private expense (*see* AR Tab at 98 at 30705), it follows that ULA need only

11  ██████████████████████████████████████████████████

12  ████████████, which it does (*see*, *e.g.*, AR Tab at 120 at 35373).  SpaceX's

13  allegations  concerning  Blue  Origin  are  unsupported  and  erroneous,  and  those

14  assertions offered in support of SpaceX's alternate reality narrative do not serve as a

15  reliable guide for the Court's resolution of this action.

16  **III.  CONCLUSION**

17  For the reasons set forth above, and those set out in Blue Origin's Opposition,

18  the Court should deny SpaceX's Motion for Judgment on the Certified Administrative

19  Record, and enter judgment in favor of the Defendant and Defendant-Intervenors.

20  Respectfully submitted,

21  **BARNES & THORNBURG LLP**

22

23  Dated:  February 14, 2020  By: /s/ Scott E. Pickens

24  Scott E. Pickens (admitted *pro hac vice*)
   Scott.Pickens@btlaw.com

25  Attorney for Defendant-Intervenor Blue
   Origin, LLC

26

27

28

15

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

1

**PROOF OF SERVICE**

2

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 2029 Century Park East, Suite 300, Los Angeles, CA 90067.

3

4

On February 14, 2020, I served the foregoing document(s):

5

**DEFENDANT/INTERVENOR BLUE ORIGIN, LLC'S OPPOSITION TO PLAINTIFF SPACE EXPLORATION TECHNOLOGIES CORP.'S MOTION FOR JUDGMENT ON THE CERTIFIED ADMINISTRATIVE RECORD**

6

7

on the interested parties in this action as follows:

8

| | |
|---|---|
| Craig A. Holman | Kevin P. Mullen |
| craig.holman@arnoldporter.com | KMullen@mofo.com |
| Arnold & Porter Kaye Scholer LLP | Morrison and Foerster LLP |
| 601 Massachusetts Ave., N.W. | 2000 Pennsylvania Avenue, N.W., Suite 6000 |
| Washington, D.C. 20001 | |
| Telephone: 202.942.5000 | Washington, D.C. 20006 |
| Facsimile: 202.942.5999 | Tel: 202-887-1500 |
| *Counsel for Plaintiff* | Fax: 202-887-0763 |
| *Space Exploration Technologies Corp.* | *Counsel for Orbital Sciences Corporation* |

9

10

11

12

13

14

15

| | |
|---|---|
| Joseph Evan Borson | Todd R. Steggerda |
| joseph.borson@usdoj.gov | tsteggerda@mcguirewoods.com |
| U.S. Department of Justice | McGuireWoods LLP |
| Federal Programs Branch - Civil Division | 2001 K Street, N.W., Suite 400 |
| | Washington, D.C. 20006 |
| 1100 L Street, N.W. | Tel: 202-857-2477 |
| Washington, D.C. 20005 | Fax: 202-828-2968 |
| Tel: 202-514-1944 | *Counsel for United Launch Services, LLC* |
| Fax: 202-616-8460 | |
| *Counsel for United States of America* | |

16

17

18

19

20

21

☒    **BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION:**  Based on an agreement of the parties to serve copies of documents by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above.

22

23

24

☒    **FEDERAL**:  I declare under penalty of perjury that the foregoing is true and correct.

25

Executed on February 14, 2020, at Los Angeles, California.

26

/s/ Matthew B. O'Hanlon

27

Matthew B. O'Hanlon

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

1