REDACTED VERSION

**BARNES & THORNBURG LLP**
Scott E. Pickens (admitted *pro hac vice*)
scott.pickens@btlaw.com
Scott N. Godes (admitted *pro hac vice*)
Scott.Godes@btlaw.com
Michael A. Hordell (admitted *pro hac vice*)
Michael.Hordell@btlaw.com
Matthew J. Michaels (admitted *pro hac vice*)
MMichaels@btlaw.com
1717 Pennsylvania Avenue N.W., Suite 500
Washington, D.C. 20006-4623
Telephone:   202-289-1313
Facsimile:   202-289-1330

**BARNES & THORNBURG LLP**
Matthew B. O'Hanlon (SBN 253648)
matthew.ohanlon@btlaw.com
2029 Century Park East, Suite 300
Los Angeles, CA 90067-3012
Telephone:   310-284-3880
Facsimile:   310-284-3894

Attorneys for Defendant-Intervenor
Blue Origin, LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 2:19-cv-07927-ODW-GJS <br><br> **REPLY TO RESPONSE TO EVIDENTIARY OBJECTIONS IN SUPPORT OF DEFENDANT-INTERVENOR BLUE ORIGIN, LLC'S OPPOSITION TO PLAINTIFF SPACE EXPLORATION TECHNOLOGIES CORP.'S MOTION FOR JUDGMENT ON THE CERTIFIED ADMINISTRATIVE RECORD** <br><br> [REDACTED] <br><br> Date:   March 2, 2020 <br> Time:   1:30 p.m. <br> Courtroom:   5D, 5th Floor <br> First Street Courthouse <br> 350 W. 1st Street <br> Los Angeles, CA 90012 |

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

REPLY TO RESPONSE TO EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO SPACEX'S MOTION FOR JUDGMENT ON THE CERTIFIED ADMINISTRATIVE RECORD – [REDACTED]

Defendant-Intervenor Blue Origin, LLC ("Blue Origin") submits the following reply to Plaintiff Space Exploration Technologies Corporation's ("SpaceX") response to Blue Origin's evidentiary objections to portions of the Declaration of ▓▓▓▓ (the "▓▓▓▓ Declaration") submitted by SpaceX in support of its Motion for Judgment on the Administrative Record ("MJAR").

Rather than relying on the actual *administrative record* in connection with the MJAR as required by applicable law, SpaceX impermissibly seeks to supplement the administrative record to create an alternate narrative through the ▓▓▓▓ Declaration.

Judicial review of an agency decision is limited to the administrative record already in existence, not some new alternate record created initially in the reviewing court. *Camp v. Pitts*, 411 U.S. 138, 142 (1973). A court generally may not consider extra-record evidence, although the Ninth Circuit has recognized certain limited exceptions to that rule, which are not applicable here.[1] *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014). Otherwise, "[w]ere the federal courts routinely or liberally to admit new evidence when reviewing agency decisions, it would be obvious that the federal courts would be proceeding, in effect, de novo rather than with the proper deference to agency processes, expertise, and decision-making." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005).

Here, SpaceX does not contend that the ▓▓▓▓ Declaration is relevant to any of the four above-referenced factors. Rather, SpaceX argues that a further exception exists when a party seeks injunctive relief before the district court. While a limited number of cases do allow the consideration of new evidence solely relevant to the issue

---

[1] These exceptions exist for situations when admission of the evidence: "(1) is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) is necessary to determine whether the agency has relied on documents not in the record, (3) [ ] is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith." *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014) (citations and quotations omitted). The exceptions are to be "narrowly construed," and the party seeking to supplement with the extra-record evidence "bears the burden of demonstrating that a relevant exception applies." *Id.* at 992–93.

1

**REPLY TO RESPONSE TO EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO SPACEX'S MOTION FOR JUDGMENT ON THE CERTIFIED ADMINISTRATIVE RECORD –** ▓▓▓▓

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

of injunctive relief, *see, e.g., Nat'l Parks & Conservation Assn. v. Babbitt,* 241 F.3d 722, 738 (9th Cir. 2001), such authorities do not justify the ▇ Declaration because the vast majority of the ▇ Declaration has nothing whatsoever to do with the issue of injunctive relief. Rather, most of the ▇ Declaration pertains to the following general categories of impermissible evidence:

- Background information on SpaceX and reasons why SpaceX is allegedly a great and amazing company: ▇ Declaration ¶¶ 5-19;
- SpaceX's account of the alleged facts and circumstances leading the LSA RFP: ▇ Declaration ¶¶ 20-24;
- SpaceX's subjective account of its "reasonable expectations" with respect to the LSA RFP and alternative narrative why its LSA RFP proposal was great and should have been rated higher by the Agency: ▇ Declaration ¶¶ 25-26;
- SpaceX's various criticisms of and substituted judgement for the award decision due to the supposed greatness of both SpaceX's proposal and its technological capabilities: ▇ Declaration ¶¶ 27-42, 46;
- How in retrospect SpaceX would have responded to the LSA RFP differently under its alternate narrative: ▇ Declaration ¶¶ 43-45; and
- The alleged harm that SpaceX will suffer due to not getting the award: ▇ Declaration ¶¶ 47-51.

Accordingly, the vast majority of the ▇ Declaration has nothing whatsoever to do with injunctive relief and instead solely consists of additional facts outside of the administrative record that are neither competent from an evidentiary perspective nor appropriate for this Court to consider in connection with its review of SpaceX's Motion for Judgement <u>on the Administrative Record</u>.

Finally, contrary to SpaceX's assertion, there is nothing "boilerplate" about Blue Origin's evidentiary objection. The ▇ Declaration comprises 51 paragraphs

2

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

spanning 11 pages. Blue Origin properly objected to each portion of the ▮▮▮ Declaration that was objectionable and, as SpaceX notes, did not object to certain paragraphs of the ▮▮▮ Declaration that were not objectionable. SpaceX's effort to blame Blue Origin for properly objecting to the improper and otherwise incompetent evidence SpaceX submitted is not well-taken. Accordingly, the Court should grant Blue Origin's meritorious evidentiary objections.

                                                Respectfully submitted,

                                                **BARNES & THORNBURG LLP**

Dated: February 14, 2020        By: /s/ Scott E. Pickens
                                                  Scott E. Pickens (admitted *pro hac vice*)
                                                  Scott.Pickens@btlaw.com
                                                  Attorney for Defendant-Intervenor Blue Origin, LLC

**REPLY TO RESPONSE TO EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO SPACEX'S MOTION FOR JUDGMENT ON THE CERTIFIED ADMINISTRATIVE RECORD –** ▮▮▮

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2029 Century Park East, Suite 300, Los Angeles, CA 90067.

On February 14, 2020, I served the foregoing document(s):

**REPLY TO RESPONSE TO EVIDENTIARY OBJECTIONS IN SUPPORT OF DEFENDANT-INTERVENOR BLUE ORIGIN, LLC'S OPPOSITION TO PLAINTIFF SPACE EXPLORATION TECHNOLOGIES CORP.'S MOTION FOR JUDGMENT ON THE CERTIFIED ADMINISTRATIVE RECORD**

on the interested parties in this action as follows:

| | |
|---|---|
| Craig A. Holman<br>craig.holman@arnoldporter.com<br>Arnold & Porter Kaye Scholer LLP<br>601 Massachusetts Ave., N.W.<br>Washington, D.C. 20001<br>Telephone: 202.942.5000<br>Facsimile: 202.942.5999<br>***Counsel for Plaintiff***<br>***Space Exploration Technologies Corp.*** | Kevin P. Mullen<br>KMullen@mofo.com<br>Morrison and Foerster LLP<br>2000 Pennsylvania Avenue, N.W., Suite 6000<br>Washington, D.C. 20006<br>Tel: 202-887-1500<br>Fax: 202-887-0763<br>***Counsel for Orbital Sciences Corporation*** |
| Joseph Evan Borson<br>joseph.borson@usdoj.gov<br>U.S. Department of Justice<br>Federal Programs Branch - Civil Division<br>1100 L Street, N.W.<br>Washington, D.C. 20005<br>Tel: 202-514-1944<br>Fax: 202-616-8460<br>***Counsel for United States of America*** | Todd R. Steggerda<br>tsteggerda@mcguirewoods.com<br>McGuireWoods LLP<br>2001 K Street, N.W., Suite 400<br>Washington, D.C. 20006<br>Tel: 202-857-2477<br>Fax: 202-828-2968<br>***Counsel for United Launch Services, LLC*** |

☒ **BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION:** Based on an agreement of the parties to serve copies of documents by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above.

☒ **FEDERAL**: I declare under penalty of perjury that the forgoing is true and correct.

Executed on February 14, 2020, at Los Angeles, California.

/s/ Matthew B. O'Hanlon
Matthew B. O'Hanlon