John D. Lombardo (Bar No. 187142)
john.lombardo@arnoldporter.com
Arnold & Porter Kaye Scholer LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: 213.243.4000
Facsimile: 213.243.4199

Craig A. Holman (*admitted pro hac vice*)
craig.holman@arnoldporter.com
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Telephone: 202.942.5000
Facsimile: 202.942.5999

Attorneys for Plaintiff
*Space Exploration Technologies Corp.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| Space Exploration Technologies Corp.,<br><br>Plaintiff,<br><br>v.<br><br>United States of America,<br><br>Defendant,<br><br>v.<br><br>Blue Origin, LLC, *et al.*,<br><br>Defendant-Intervenors. | Case No. 2:19-cv-07927-ODW(GJS)<br>Honorable Otis D. Wright II<br><br>■ **RESPONSE TO DEFENDANT-INTERVENOR BLUE ORIGIN, LLC'S EVIDENTIARY OBJECTIONS**<br><br>Date: March 2, 2020<br>Time: 1:30 p.m.<br>Ctrm: 5D, 5th Floor<br>First Street Courthouse<br>350 W. First Street<br>Los Angeles, CA 90012 |

**REDACTED VERSION**

■

RESPONSE TO EVIDENTIARY OBJECTIONS – ■

[Caption page continued]

Kara L. Daniels (*admitted pro hac vice*)
kara.daniels@arnoldporter.com
David M. Hibey (*admitted pro hac vice*)
david.hibey@arnoldporter.com
Sonia Tabriz (*admitted pro hac vice*)
sonia.tabriz@arnoldporter.com
Nathaniel Castellano (*admitted pro hac vice*)
nathaniel.castellano@arnoldporter.com
Eric A. Valle (*admitted pro hac vice*)
eric.valle@arnoldporter.com
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile:  (202) 942-5999

Attorneys for Plaintiff
*Space Exploration Technologies Corp.*

Intervenor Blue Origin, LLC ("Blue Origin") supplements its Opposition to SpaceX's Motion for Judgment on the Certified Administrative Record (ECF 179) with Blue Origin's Evidentiary Objections (ECF 179-2) containing twenty-nine additional pages of objections.[1] By its supplemental filing, Blue Origin asserts boilerplate objections to all but three paragraphs of the Declaration of ▮▮▮▮ in Support of Plaintiff's Motion for Judgment on the Certified Administrative Record ("▮▮ Decl.", ECF 170-1). Blue Origin advances its objections seemingly "without regard to whether the objections are necessary, or even useful." *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006) ("It appears to have become the 'standard of practice' ... for attorneys to comb through the materials submitted by their opponents in search of any statement, phrase, or document which might in any way run afoul of the Federal Rules of Evidence, and to file objections on all conceivable grounds.").

Indeed, Blue Origin's objections seemingly violate a standing order of this court and should be overruled *en masse*. *Givex USA Corp. v. Spaghetti Warehouse Restaurants, Inc.*, No. CV1703730BROSSX, 2017 WL 8183140, at *3 (C.D. Cal. Oct. 11, 2017) (overruling and disregarding boilerplate objections under Standing Order Regarding Newly Assigned Cases Rule 8(c)(iii)). Even if Blue Origin's boilerplate objections do not strictly violate the standing order, this court has routinely declined to address boilerplate objections presented in this manner, and should do so here. *See Gordon v. Los Angeles Unified Sch. Dist.*, No. 218CV00919CASJCX, 2019 WL 2511936, at *3 (C.D. Cal. June 17, 2019) (finding that it was "unnecessary and impractical for the Court to methodically scrutinize" sixty-six objections to declarations which merely provided "boilerplate recitations of evidentiary principles or blanket objections without analysis") (internal quotations omitted); *AECOM Energy & Constr.,*

---

[1] In their responsive briefs, the Government and United Launch Services, LLC both also assert that this Court should not consider the ▮▮ Declaration for various reasons. (*See* Gov.Br. 23-24; ULA.Br. 38.) Blue Origin itself dedicated four pages of its responsive brief to arguing that this Court should not consider the ▮▮ Declaration, but apparently felt compelled to submit an additional twenty-nine pages of cut-and-paste objections. (*See* BO.Br. 28; ECF 179-2 at 1-29.)

*Inc. v. Ripley*, 348 F. Supp. 3d 1038, 1047 (C.D. Cal. 2018), *reconsideration denied*, No. CV 17-5398-RSWL-SSX, 2019 WL 2610953 (C.D. Cal. Apr. 24, 2019); *Baker v. FirstCom Music*, No. LACV1608931VAPJPRX, 2018 WL 2572725, at *8 (C.D. Cal. Mar. 27, 2018); *Reed v. First Student*, Inc., No. CV 16-5483-RSWL-FFMX, 2017 WL 4325580, at *3 (C.D. Cal. Sept. 27, 2017).

      Blue Origin's twenty-nine page supplemental filing can be reduced to just five cut-and-paste objections. Each of the five objections are improper and unfounded, and this Court should overrule each.

      First, Blue Origin rotely asserts that forty-six paragraphs of the ▮▮▮ Declaration contain "[i]mpermissible evidence outside of [the] administrative record." (*See* ECF 179-2 (grounds for objection to ▮▮▮ Decl. ¶¶ 4-22, 25-51).) SpaceX, in its Motion and Reply, has demonstrated why Blue Origin's position lacks merit. Out of an abundance of caution, however, SpaceX addresses these same points here.

      SpaceX primarily proffered the ▮▮▮ Declaration for the "purpose of explaining the prejudice and irreparable harm to SpaceX caused by the challenged agency conduct." (▮▮▮ Decl. ¶ 4, ECF 170-1.) Although the Administrative Procedure Act ("APA") generally limits the court's review to the evidence before the agency at the time it made its decision, "*evidentiary submissions filed in support of the prospective relief sought ... relate to an issue wholly within the court's purview.*" *CW Gov't Travel, Inc. v. United States*, 110 Fed. Cl. 462, 483 (2013); *see E. Bay Sanctuary Covenant v. Trump*, 354 F. Supp. 3d 1094, 1108 (N.D. Cal. 2018) ("Moreover, Defendants cannot plausibly suggest that a court can assess 'the balance of hardships between the parties,' ... based solely on the administrative record.") (citing *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1137 (9th Cir. 2011) and *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 765 (9th Cir. 2014)).

1     "Such evidence necessarily would not be before an agency decision-maker [a]ffecting a procurement decision such as a source selection award, ... but would necessarily post date and flow from such agency decision." *CW Gov't Travel*, 110 Fed. Cl. at 483 (internal quotations omitted). "Accordingly, such evidence is [routinely] admitted, not as a supplement to the administrative record, *but as part of th[e] court's record.*" *Id.* (underline added); *see also Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 561 (9th Cir. 2000) ("[T]he supplemental material submitted by the Forest Service is properly before us, and must be considered in determining whether FOC is entitled to the injunctive relief it seeks."). An agency will never consider evidence regarding how its decision implicates the injunction factors; that is the role of the judiciary, not the executive branch. Accordingly, this Court should admit the ▬ Declaration, over Blue Origin's objections, for the purposes of proving prejudice and satisfaction of the injunctive relief factors.

    Blue Origin's objections also are improper and unfounded, even in the limited circumstances where SpaceX has cited to the ▬ Declaration for purposes other than explaining the prejudice and irreparable harm to SpaceX caused by the challenged agency conduct. The Ninth Circuit has made clear that courts may review materials outside of the administrative record "(1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith."[2] *Lands Council*

---

[2] Blue Origin appears to assert, both in its responsive brief and in its supplemental filing, that *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, (1971), *abrogated by Califano v. Sanders*, 430 U.S. 99 (1977) and *Camp v. Pitts*, 411 U.S. 138 (1973) establish a bright line rule prohibiting this Court from looking outside the administrative record for any purpose. Not so. Indeed, the Supreme Court recognized the need for courts to resort to materials outside of the administrative record in both cases. *See Citizens to Pres. Overton Park*, 401 U.S. at 420 ("But since the bare record may not disclose the factors that were considered or the Secretary's construction of the evidence it may be necessary for the District Court to require some explanation in order to determine if the Secretary acted within the scope of his authority and if the Secretary's action was justifiable under the applicable standard."); *Camp*, 411 U.S. at 143 ("If ... there was such a failure

- 3 -

1  *v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (internal quotations omitted).
2  Consistent with this case law, SpaceX has cited to certain portions of the ▮
3  Declaration as background information "to identify and plug holes in the
4  administrative record." *Id.*; *see Asarco, Inc. v. U.S. Envtl. Prot. Agency*, 616 F.2d
5  1153, 1160 (9th Cir. 1980) ("It will often be impossible, especially when highly
6  technical matters are involved, for the court to determine whether the agency took
7  into consideration all relevant factors unless it looks outside the record to determine
8  what matters the agency should have considered but did not."). SpaceX does not offer
9  the ▮ Declaration "as a basis for judging the wisdom of the agency's analysis,"
10 *San Luis & Delta-Mendota Water Auth.*, 776 F.3d 971, 993 (9th Cir. 2014), but rather
11 as an aid to judicial review. This Court, accordingly, should overrule all of Blue
12 Origin's objections in this regard.

13     Second, Blue Origin contends that this Court should disregard forty-six
14 paragraphs of the ▮ Declaration based on ▮ purported "[l]ack of
15 personal knowledge" regarding the information contained in those paragraphs. (ECF
16 179-2 (grounds for objection to ▮ Decl. ¶¶ 4-22, 25-51).) Notably, Blue Origin
17 does not object to the first paragraph of the Declaration in which ▮ states:
18 "The information contained herein is based on my own personal knowledge." (▮
19 Decl. ¶ 1, ECF 170-1.) Federal Rule of Evidence 602 provides that "[e]vidence to
20 prove personal knowledge may consist of the witness's own testimony." This should
21 end the objection. *See United States v. Zagorovskaya*, 628 F. App'x 503, 504 (9th
22 Cir. 2015) (district court did not abuse discretion by admitting testimony over Fed. R.
23 Evid. 602 objection); *Evans v. Shoshone-Bannock Land Use Policy Comm'n*, 549 F.
24 App'x 625, 627 (9th Cir. 2013) ("Further, the declarants' avowed personal experience
25 provides an adequate basis for their testimony."); *ACF 2006 Corp v. Maki*, No. CV
26 18-9654-DMG (JCX), 2019 WL 3852491, at *3 n.8 (C.D. Cal. May 13, 2019)

27 ─────────
28 to explain administrative action as to frustrate effective judicial review, the remedy was ... such additional explanation of the reasons for the agency decision as may prove necessary.").

- 4 -

▮ RESPONSE TO EVIDENTIARY OBJECTIONS – ▮

(overruling Fed. R. Evid. 602 objections where company's "Chief Credit Officer" attested to personal knowledge of facts).

Regardless, ▆ did not merely provide an *ipse dixit* assertion of personal knowledge. (▆ Decl. ¶¶ 1-2.) To the contrary, ▆ explained that ▆ serves as SpaceX's ▆, from which position ▆ has ▆ ▆ ▆. (*Id.* ¶ 2.) ▆ also affirmed ▆ direct responsibility for ▆ ▆. (*Id.*) ▆ confirmed ▆ familiarity with each of the documents ▆ referenced (all of which are part of the Court's Certified Administrative Record). And still further ▆ affirmed ▆ status as ▆ ▆ ▆. (*Id.*)

▆ does not merely have personal knowledge of the matters set forth in ▆ declaration, ▆ has authoritative knowledge. This Court should overrule each of Blue Origin's forty-six boilerplate, unsubstantiated lack of personal knowledge objections. *Gordon*, 2019 WL 2511936, at *3 (finding that it was "unnecessary and impractical for the Court to methodically scrutinize" sixty-six objections to declarations which merely provided "boilerplate recitations of evidentiary principles or blanket objections without analysis") (internal quotations omitted); *Ripley*, 348 F. Supp. 3d at 1047 (overruling 166 evidentiary objections because they were "boilerplate and devoid of any specific argument or analysis as to why any particular exhibit or assertion in a declaration should be excluded"); *U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007) (boilerplate objections ineffective).

Third, Blue Origin asserts that this Court should disregard twenty-five paragraphs of the ▮▮▮ Declaration because the statements purportedly contain "[i]mpermissible lay opinion." (ECF 179-2 (grounds for objection to ▮▮▮ Decl. ¶¶ 4-6, 8, 10-13, 17, 25-26, 28, 30-32, 36-38, 41-42, 47-51).) As an initial matter, Federal Rule of Evidence 701 permits testimony in the form of an opinion from a lay witness when the testimony is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge." *See Buy Insta Slim, Inc. v. Faith Bus. Mgmt. Co., Inc.*, No. SACV1800011AGKESX, 2019 WL 1957959, at *2 (C.D. Cal. Mar. 25, 2019) (overruling Fed. R. Evid. 701 objections to company's declaration regarding defendant's breach of contract because conclusion was not based on specialized knowledge). To the extent that any of the challenged twenty-five paragraphs contain opinion, ▮▮▮▮▮ opinions meet this standard.

Further, given Blue Origin's cut-and-paste objection approach, it remains unclear what Blue Origin reasonably considers to constitute an opinion. For example, Blue Origin objects to ▮▮▮ Decl. ¶ 11, which states:

> To date, SpaceX has successfully launched its Falcon 9 and Falcon Heavy launch vehicles more than 70 times in support of national security, civil space and commercial space customers, including recent missions for the Air Force and the National Reconnaissance Office. In December 2018, SpaceX successfully launched the first of the next generation Global Positioning System ('GPS') III satellites to orbit, helping the Department of Defense start a new era for the critically important GPS constellation and mission.

That paragraph contains two facts—the number of times SpaceX has launched Falcon 9 and Falcon Heavy launch vehicles in support of various customers and the particulars of a launch in December 2018—and no opinions. This Court should overrule these twenty-five unfounded lay-opinion-based objections.

Fourth, Blue Origin launches forty-five objections to paragraphs in the ▮ Declaration which purportedly "[l]ack[] relevance." (ECF 179-2 (grounds for objection to ▮ Decl. ¶¶ 5-22, 25-51).) The basic standard of relevance in Federal Rule of Evidence 401 "is a liberal one." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 587 (1993); *see United States v. Curtis*, 568 F.2d 643, 645 (9th Cir. 1978) ("Rule 401 of the Federal Rules of Evidence contains a very expansive definition of relevant evidence."). In determining whether evidence is relevant, the court must "consider[] the substantive issues the case presents." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019). Again, SpaceX primarily proffered the ▮ Declaration for the purpose of explaining the prejudice and irreparable harm SpaceX suffered. (▮ Decl. ¶ 4, ECF 170-1.) These issues relate to the relief SpaceX seeks. Moreover, as the Ninth Circuit permits, SpaceX offered the ▮ Declaration as background information "to identify and plug holes in the administrative record." *Lands Council*, 395 F.3d at 1030; *see Asarco, Inc.*, 616 F.2d at 1160 ("It will often be impossible, especially when highly technical matters are involved, for the court to determine whether the agency took into consideration all relevant factors unless it looks outside the record to determine what matters the agency should have considered but did not."). The paragraphs at issue plainly provide relevant background information for these purposes, and Blue Origin has not shown otherwise. Accordingly, the Court should overrule these forty-five objections. *Arevalo v. Hyatt Corp.*, No. CV 12-7054 JGB VBKX, 2013 WL 2042555, at *3 (C.D. Cal. May 13, 2013) (overruling relevance "objections as frivolous").

Finally, Blue Origin objects to nine paragraphs of the ▮ Declaration for purported violations of the best evidence rule. (ECF 179-2 (grounds for objection to ▮ Decl. ¶¶ 21, 23-24, 28, 33-35, 44, 46).) In doing so, Blue Origin apparently misses that each of the documents (and the debriefing) referenced by ▮ is part of the U.S. Government *Certified* Administrative Record before this Court.

1  For example, the Launch Services Agreement Request for Proposals ("LSA
2  RFP") referenced by ▮▮▮▮ in Declaration paragraphs 21, 23, 24, and 34 appears
3  at Tab 38. The presence of the RFP in the record satisfies the best evidence rule. The
4  debriefing statements cited by ▮▮▮▮ in Declaration paragraphs 28, 33, 35, 44, 46
5  are also contained in the *Agency debriefing* contained in the Certified Administrative
6  Record Tab 143, O8 Debriefing [SpaceX]. Accordingly, Blue Origin's reliance on
7  the best evidence rule is entirely misplaced.

8  Witnesses may testify to the contents of admitted documents without violation
9  of the best evidence rule. *See Shapiro v. Abraham Lincoln Univ. Sch. of Law*, No.
10 CV 10-03177-JGB FMOX, 2013 WL 4197098, at *5 (C.D. Cal. Aug. 12, 2013), *aff'd*,
11 648 F. App'x 713 (9th Cir. 2016) ("Defendants' best evidence rule objections are
12 overruled as none of the evidence is introduced to prove the content of a writing and,
13 in many cases, Plaintiff directly cites the documentary evidence referenced."); *Casual*
14 *12, Inc. v. Sentinel Ins. Co., Ltd.*, No. CV1605619BROAGRX, 2017 WL 5624293, at
15 *3 (C.D. Cal. Aug. 24, 2017) (overruling and stating that "best evidence objections
16 are not well-taken" where party produced documents and cited to excerpts in
17 testimony).[3] The best evidence rule also does not apply "to testimony that [admitted]
18 books or records have been examined and found not to contain any reference to a
19 designated matter." *U.S. v. Madera*, 574 F.2d 1320, 1323 n.3 (5th Cir. 1978) (citing
20 Federal Rule of Evidence 1002); FRE 1002 Advisory Committee Notes ("Nor does
21 the rule apply to testimony that books or records have been examined and found not
22 to contain any reference to a designated matter.").

23 As related to the debriefing tapes, similar rules apply. To borrow from the
24 Ninth Circuit:

---

[3] The case that Blue Origin cites expressly undermines its objection and states that the rule applies "when a witness seeks to testify about the contents of a writing, recording or photograph *without* producing the physical item itself." *United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004) (emphasis added). Unlike in *Bennett*, the documents and recordings referenced in ▮▮▮▮ Declaration are part of the Certified Record.

- 8 -
▮▮▮ RESPONSE TO EVIDENTIARY OBJECTIONS – ▮▮▮

> They claim that since the conversations were recorded on tapes, the tapes themselves, and not testimony of one of the participants, were the 'best evidence' of the conversations. We are puzzled that this argument should be advanced so seriously and would not consider it if attorneys for both appellants had not argued the point so strenuously both in their briefs and in the court below. *Certainly the trial court was correct in dismissing the objection out of hand.*
>
> The appellants simply misconstrue the purpose and effect of the best evidence rule. The rule does not set up an order of preferred admissibility, which must be followed to prove any fact. It is, rather, a rule applicable only when one seeks to prove the contents of documents or recordings. Fed.R.Evid. 1002....
>
> However, the content of the tapes was not in itself a factual issue relevant to the case. *The inquiry concerned the content of the conversations. The tape recordings, if intelligible, would have been admissible as evidence of those conversations. But testimony by the participants was equally admissible and was sufficient to establish what was said.*

*U.S. v. Gonzales-Benitez*, 537 F.2d 1051 (9th Cir.), *cert. denied*, 429 U.S. 923 (1976) (emphasis added); *U.S. v. Martin*, 920 F.3d 393 (6th Cir. 1990) ("If the tape is played first, however, it does not mean that a party to that conversation is thereby prohibited from testifying relative to the event. *Fed.R.Evid. 1002 is not relevant to this situation.*") (emphasis and footnote omitted added).

Blue Origin's best evidence rule objections also all fail because SpaceX does not offer any of the statements "to prove the contents of a particular writing, recording, or photograph." *Bibiyan v. Marjan Television Network, Ltd.*, No. CV181866DMGMRWX, 2019 WL 422664, at *2 n. 2 (C.D. Cal. Feb. 4, 2019) (overruling objections). The challenged statements merely provide relevant background material to explain prejudice—why SpaceX crafted its proposal in a certain manner and how SpaceX would have proposed differently had the LSA RFP accurately reflected how the Agency intended to evaluate the proposals. The court should overrule these nine objections. *Trap v. United States*, No.

CV1300003DMGJPRX, 2017 WL 8793328, at *4 n. 14 (C.D. Cal. Oct. 31, 2017) (overruling Fed. R. Evid. 1002 objections).

SpaceX has done its best to streamline its response to the Blue Origin's unspecified cut and paste objections for ease of the Court's reference. To the extent this Court does not intend to reject Blue Origin's objections, SpaceX requests that this Court conduct an evidentiary hearing, direct Blue Origin to explain the rationale behind its particular objection and permit SpaceX to make an offer of proof. *See* Fed. R. Evid. 103(c).

Dated: January 31, 2020      ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Craig A. Holman*
Craig A. Holman (*admitted pro hac vice*)

Attorney for Plaintiff
*Space Exploration Technologies Corp.*

# PROOF OF SERVICE

I hereby certify that on this 31st day of January 2020, I caused a true and correct copy of the foregoing Sealed Response to Evidentiary Objections to be served by email on:

Joseph Evan Borson
U.S. Department of Justice
Federal Programs Branch - Civil Division
1100 L Street, N.W.
Washington, D.C. 20005
Tel: 202-514-1944
Fax: 202-616-8460
Email: joseph.borson@usdoj.gov
*Counsel for United States of America*

Scott E. Pickens
Barnes and Thornburg LLP
1717 Pennsylvania Avenue, N.W., Suite 500
Washington, D.C. 20006-1313
Tel: 202-371-6349
Fax: 202-289-1330
Email: Scott.Pickens@btlaw.com
*Counsel for Blue Origin, LLC*

Todd R. Steggerda
McGuireWoods LLP
2001 K Street, N.W., Suite 400
Washington, D.C. 20006
Tel: 202-857-2477
Fax: 202-828-2968
Email: tsteggerda@mcguirewoods.com
*Counsel for United Launch Services, LLC*

Kevin P. Mullen
Morrison and Foerster LLP
2000 Pennsylvania Avenue, N.W., Suite 6000
Washington, D.C. 20006
Tel: 202-887-1500
Fax: 202-887-0763
Email: KMullen@mofo.com
*Counsel for Orbital Sciences Corporation*

Dated: January 31, 2020         ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Craig A. Holman*
Craig A. Holman (*admitted pro hac vice*)

Counsel for Plaintiff
*Space Exploration Technologies Corp.*