John D. Lombardo (Bar No. 187142)
john.lombardo@arnoldporter.com
Arnold & Porter Kaye Scholer LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: 213.243.4000
Facsimile: 213.243.4199

Craig A. Holman (*admitted pro hac vice*)
craig.holman@arnoldporter.com
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Telephone: 202.942.5000
Facsimile: 202.942.5999

Attorneys for Plaintiff
*Space Exploration Technologies Corp.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Space Exploration Technologies Corp., <br><br> Plaintiff, <br><br> v. <br><br> United States of America, <br><br> Defendant, <br><br> v. <br><br> Blue Origin, LLC, *et al.*, <br><br> Defendant-Intervenors. | Case No. 2:19-cv-07927-ODW(GJS) <br> Honorable Otis D. Wright II <br><br><br><br> **JOINT NOTICE** |

1  [Caption page continued]

2  Kara L. Daniels (*admitted pro hac vice*)
   kara.daniels@arnoldporter.com
3  David M. Hibey (*admitted pro hac vice*)
   david.hibey@arnoldporter.com
4  Sonia Tabriz (*admitted pro hac vice*)
   sonia.tabriz@arnoldporter.com
5  Nathaniel Castellano (*admitted pro hac vice*)
   nathaniel.castellano@arnoldporter.com
6  Arnold & Porter Kaye Scholer LLP
   601 Massachusetts Avenue, N.W.
7  Washington, D.C. 20001
   Telephone: (202) 942-5000
8  Facsimile:  (202) 942-5999

9  Attorneys for Plaintiff
   *Space Exploration Technologies Corp.*

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  The Parties hereby submit this Joint Notice to inform the Court that the U.S. Air
2  Force Space and Missile Systems Center ("SMC") made two contract awards under
3  Solicitation No. FA8811-19-R-002, the National Security Space Launch Phase 2
4  Launch Service Procurement Request for Proposals (the "Phase 2 Competition").  As
5  the parties have advised in prior briefing, the Launch Service  Agreements ("LSAs") at
6  issue in this litigation are the penultimate step in SMC's multi-phase strategy in the
7  development and acquisition of launch services using next generation launch vehicles.
8  (*See, e.g.*, ECF 170 at 17 of 46; ECF 177 at 11-12 of 52; ECF 183 at 7 of 52.)  The
9  Phase 2 Competition is the final step in that strategy.  Plaintiff and each Defendant-
10 Intervenor competed in the Phase 2 Competition, which sought two launch service
11 providers to perform National Security Space ("NSS") missions under requirements
12 contracts, one to receive 60% of all NSS launch orders and the other to receive 40% of
13 all NSS launch orders.  On August 7, 2020, the Department of Defense issued a public
14 notice showing that SMC awarded the 60% requirements contract to Defendant-
15 Intervenor United Launch Services LLC ("ULA") and awarded the 40% requirements
16 contract to Plaintiff Space Exploration Technologies Corp. ("SpaceX").[1]

17 The parties have differing views on how the August 7, 2020 Phase 2 awards relate
18 to the issues before the Court.

19 **SpaceX's position**:  SpaceX's action before the Court involves final agency
20 action that occurred prior to the start of the Phase 2 Competition.  The August 7, 2020
21 Phase 2 Competition awards do not impact the substantive challenges asserted by
22 SpaceX to the competition and award decision under the Launch Service Agreement
23 ("LSA") Request for Proposals, Solicitation No. FA8811-17-9-0001 (the "LSA RFP")
24 – the competition at issue in the instant matter.  Although SpaceX's successful Phase 2
25 competitive actions have mitigated the harm to SpaceX resulting from the unlawful and
26 flawed LSA award decisions, substantial harm to SpaceX remains.  Unlike its

---

28 [1] *See* https://www.defense.gov/Newsroom/Contracts/Contract/Article/2305454/.

competitors, SpaceX competed in the Phase 2 Competition without the benefit of government investment and technical information exchanges under the LSAs. Moreover, Defendant-Intervenor ULA will continue to receive LSA funding and support thereby fostering its Phase 2 Competition award and performance (and future competitions).

The Phase 2 Competition awards further confirm that the Court can address this matter without any of the national security risk and harm claimed by Defendant and Defendant-Intervenors. Defendant has made its launch services awards under the Phase 2 Competition and no action of this Court will change that given that SpaceX's instant action does not challenge or seek to stop the Phase 2 Competition. (ECF 168 at 3 of 83.)

As related to the harm claims of Defendant-Intervenors, the LSA RFP contemplates termination of the LSAs awarded to contractors unsuccessful in the Phase 2 Competition. (Tab 38 at 1261.) To that end, SMC has announced that it intends to terminate the Blue Origin and Orbital (now Northrop Grumman) LSA awards imminently.[2] Both Blue Origin and Orbital had the advantage of improperly awarded LSAs during the Phase 2 Competition. Given the impending terminations, enjoining the further use of such LSAs harms no one. As related to ULA, ULA too has had the unearned advantage of an improperly awarded LSA (an unwarranted advantage that may well have contributed to ULA winning 60% of the Phase 2 launches). Enjoining the ULA LSA to allow SMC to rectify its LSA competition errors as between ULA and SpaceX (the only entities that can hold LSAs given the Phase 2 awards), will ensure that Congress' direction and the LSA competition rules are effectuated as to the remaining, unexpended LSA award amounts.

---

[2] Sandra Erwin, *Air Force to end agreements with Blue Origin and Northrop Grumman, prepares for launch contract protests*, SpaceNews (Aug. 9, 2020), https://spacenews.com/air-force-to-end-agreements-with-blue-origin-and-northrop-grumman-prepares-for-launch-contract-protests/.

**Defendant's and Defendant-Intervenors' positions**:

<u>United States and ULA's Position:</u> The United States and ULA agree that the Phase 2 Awards, which post-dated the LSA Awards challenged in this litigation by nearly two years, have no bearing on whether the Agency's LSA Awards decisions were arbitrary and capricious in violation of the APA (and those decisions were in any event proper). *See, e.g.*, *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) ("[R]eview is to be based on the full administrative record that was before the Secretary at the time he made his decision."); *IMS, P.C. v. Alvarez*, 129 F.3d 618, 623 (D.C. Cir. 1997) (a reviewing court "should have before it neither more nor less information than did the agency when it made its decision.").

The Phase 2 Award may bear on remedy if this Court grants Plaintiff's motion. For Phase 2, SpaceX did not propose the Big Falcon Rocket ("BFR") that they proposed for the LSA, but rather proposed a modified Falcon Heavy to meet the Category C requirement.[3] The LSA program is designed to support vehicles that would be bid for Phase 2, *see* Tab 123, 39946, and it is unclear how any remedy would work in practice given that SpaceX's current proposal is incompatible with that requirement and any re-submitted proposals would involve a fundamentally different environment than a pre-Phase 2 submission. The United States and ULA respectfully submit that this is further reason why supplemental briefing on remedy is appropriate if the Court rules in Plaintiff's favor. ECF 177, at 50-51 of 52.

The United States and ULA also disagree with SpaceX's assertion that since Phase 2 has been awarded, there is no disruption to national security if the Court orders a remedy. If the Court vacated ULA's LSA, the unplanned deficit in federal development funding under the LSA could delay the readiness for ULA's Vulcan to

---

[3] Stephen Clark, *ULA, SpaceX win landmark multibillion-dollar launch contracts with Pentagon* (Aug. 7, 2020), https://spaceflightnow.com/2020/08/07/ula-spacex-win-landmark-launch-agreements-with-pentagon/.

perform Phase 2 launches and frustrate the Assured Access to Space requirement of two families of operational launch vehicles.[4] *See* ECF 210, at 19 of 32.

Orbital's Position: The Phase 2 Awards has two notable effects on Plaintiff's case, in addition to those identified by Defendant.

First, Plaintiff is no longer eligible for an LSA award because it cannot certify it will use LSA funding to develop the launch vehicle that it proposed for an LSA award. Plaintiff proposed the BFR in its LSA proposal but abandoned the BFR in the Phase 2 competition. The LSA RFP required certification that LSA funding would be used to develop only "capabilities necessary to enable existing or planned commercially available space launch vehicles or infrastructure that are primarily for national security space missions." AR Tab 38 at 1280; AR Tab 123 at 40500. Now that Plaintiff has received a Phase 2 Award based on a proposal that does not include the BFR, that statement is no longer accurate with respect to Plaintiff's LSA proposal, and that proposal is no longer eligible for award. Thus, as a consequence of the Phase 2 Awards, Plaintiff now lacks standing to protest the LSA awards. Indeed, the Ninth Circuit has held that, to have standing to protest, a disappointed bidder must "'demonstrate that if its bid had been fairly and honestly considered, there was a substantial chance that [it] would receive an award.'" *Look v. United States*, 113 F.3d 1129, 1132 (9th Cir. 1997); *see also Desciose v. Delbalzo*, 1 Fed. Appx. 639, 640 (9th Cir. 2001) ("A minimum requirement for standing in this context is for the party challenging the award to have had a valid offer before the [agency] at the time of the award. Otherwise, the party would not have had a 'substantial chance' to receive the award."). That is no longer the case, and the Court should dismiss Plaintiff's motion for lack of standing.

---

[4] SpaceX says that there is no harm if the Court vacates Orbital and Blue Origin's award. However, given that the Agency intends to cancel their LSAs in the near future, and that these companies did not win a Phase 2 award, it is unclear how, if at all, SpaceX is currently harmed by those LSAs in a way that constitutes Article III injury.

- 4 -
JOINT NOTICE

Second, Plaintiff's receipt of a Phase 2 Award largely addresses the principal injury for which Plaintiff is seeking relief from this Court. *See* Suppl. Compl. ¶¶ 125, 129 (describing SpaceX's irreparable injury as the LSA award decision having (1) conferred upon "each competitor a significant price advantage in the Phase 2 Competition," and (2) caused "substantial competitive harm to SpaceX in the Phase 2 Competition"). In practical (if not legal) terms, Plaintiff's case is now moot because the Phase 2 Award renders essentially academic the principal purpose of SpaceX's protest here. At the very least, in the event the Court grants Plaintiff's motion, this recent development tilts the balance of harms sharply against a remedy of remand and vacatur.

Dated: Aug. 14, 2020        ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Craig A. Holman*
     Craig A. Holman (*admitted pro hac vice*)

Attorney for Plaintiff
*Space Exploration Technologies Corp.*


U.S. DEPARTMENT OF JUSTICE

DAVID M. MORRELL
Deputy Assistant Attorney General
ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch
*/s/ Joseph E. Borson*
JOSEPH E. BORSON
REBECCA CUTRI-KOHART
Trial Attorneys, Civil Division, Federal Programs Branch

Attorneys for Defendant
*United States of America*

|    |    |
|----|----|
| 1  | MCGUIREWOODS LLP |
| 2  |    |
| 3  | By: */s/ Todd R. Steggerda*<br>Todd R. Steggerda (*admitted pro hac vice*) |
| 4  | Attorney for Defendant-Intervenor<br>*United Launch Services, LLC* |
| 5  |    |
| 6  | MORRISON AND FOERSTER LLP |
| 7  |    |
| 8  | By: */s/ Kevin P. Mullen*<br>Kevin P. Mullen (*admitted pro hac vice*) |
| 9  | Attorney for Defendant-Intervenor<br>*Orbital Sciences Corporation* |

## SIGNATURE ATTESTATION

All signatories listed, and on whose behalf the filing is submitted, concur in the filing's content, and have authorized the filing.

ARNOLD & PORTER KAYE SCHOLER LLP

By:   */s/ Craig A. Holman*
Craig A. Holman (*admitted pro hac vice*)

Attorney for Plaintiff
*Space Exploration Technologies Corp.*

# PROOF OF SERVICE

I hereby certify that on this 19th day of August 2020, I electronically filed the foregoing Joint Notice with the Clerk by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: August 19, 2020

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Craig A. Holman*
Craig A. Holman (*admitted pro hac vice*)

Counsel for Plaintiff
*Space Exploration Technologies Corp.*