1  John D. Lombardo (Bar No. 187142)
   john.lombardo@arnoldporter.com
2  Arnold & Porter Kaye Scholer LLP
   777 South Figueroa Street, 44th Floor
3  Los Angeles, CA 90017-5844
   Telephone: 213.243.4000
4  Facsimile: 213.243.4199

5  Craig A. Holman (*admitted pro hac vice*)
   craig.holman@arnoldporter.com
6  Arnold & Porter Kaye Scholer LLP
   601 Massachusetts Ave., N.W.
7  Washington, D.C. 20001
   Telephone: 202.942.5000
8  Facsimile: 202.942.5999

9  Attorneys for Plaintiff
   *Space Exploration Technologies Corp.*
10

11                **UNITED STATES DISTRICT COURT**

12               **CENTRAL DISTRICT OF CALIFORNIA**

13                     **WESTERN DIVISION**

14  Space Exploration Technologies Corp.,        Case No. 2:19-cv-07927-ODW(GJS)
                                                  Honorable Otis D. Wright II
15                          Plaintiff,
                                                  ████  **NOTICE OF MOTION
16          v.                                    AND MOTION BY PLAINTIFF
                                                  TO SUPPLEMENT COURT
17  United States of America,                     RECORD; MEMORANDUM OF
                                                  POINTS AND AUTHORITIES;
18                          Defendant,            AND DECLARATION IN
                                                  SUPPORT THEREOF**
19          v.
                                                  Date:  Oct. 5, 2020
20  Blue Origin, LLC, *et al.*,                   Time:  1:30 p.m.
                                                  Ctrm:  5D, 5th Floor
21                          Defendant-Intervenors.       First Street, Courthouse
                                                         350 W. First Street
22                                                       Los Angeles, CA 90012

23              ┌─────────────────────────────┐
24              │   **FINAL REDACTED VERSION**   │
                │          **09/10/2020**          │
25              └─────────────────────────────┘
    ████████████████████████████████████████████████
26  ███████████████████████████████████████

27

28
    ──────────────────────────────────────────────────
    ██████ MOTION TO SUPPLEMENT COURT RECORD ███████████
    █████████████████████████████████████████████████

1   [Caption page continued]

2   Kara L. Daniels (*admitted pro hac vice*)
    kara.daniels@arnoldporter.com
3   David M. Hibey (*admitted pro hac vice*)
    david.hibey@arnoldporter.com
4   Sonia Tabriz (*admitted pro hac vice*)
    sonia.tabriz@arnoldporter.com
5   Nathaniel Castellano (*admitted pro hac vice*)
    nathaniel.castellano@arnoldporter.com
6   Arnold & Porter Kaye Scholer LLP
    601 Massachusetts Avenue, N.W.
7   Washington, D.C. 20001
    Telephone: (202) 942-5000
8   Facsimile:  (202) 942-5999

9   Attorneys for Plaintiff
    *Space Exploration Technologies Corp.*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO SUPPLEMENT RECORD – █████████████

1

## NOTICE OF MOTION AND MOTION

2          TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF

3    RECORD:

4          PLEASE TAKE NOTICE that, unless the Court decides to dispense with oral

5    argument, on Monday, October 5, 2020 at 1:30 p.m. in Courtroom 5, Plaintiff Space

6    Exploration Technologies Corp. ("SpaceX") will, and hereby does, move the Court for

7    an order to supplement the Court's record with the redacted award decision made by the

8    U.S. Air Force Space and Missile Systems Center ("SMC") in the Phase 2 Competition,

9    Solicitation No. FA8811-19-R-002, the National Security Space Launch Phase 2

10   Launch Service Procurement Request for Proposals, describing the rationale for the

11   contract awards of which the Court took notice on August 19, 2020 (ECF Nos. 212 and

12   213).  Because the redacted award decision explains the rationale for the award decision

13   discussed in the Stipulation and Joint Notice, the receipt of the document will clarify

14   the Court's record and will not prejudice any party.  Given the status of the matter,

15   Plaintiff has raised this issue with the Court shortly after receiving the document from

16   SMC and getting the opportunity to ask SMC questions about the document.

17         SpaceX bases this motion on the Notice of Motion, the accompanying

18   Memorandum of Points and Authorities in Support hereof, the declaration of Kara L.

19   Daniels and redacted award decision attached hereto, and on such oral argument as the

20   Court allows or deems warranted.  On August 25, 2020, counsel for plaintiff gave

21   electronic notice to Defendants' counsel about the requested relief and sought consent.

22   Defendants do not consent and oppose the request.

23   Dated:  August 26, 2020              ARNOLD & PORTER KAYE SCHOLER LLP

24

25                                        By:  */s/ Craig A. Holman*
                                               Craig A. Holman (*admitted pro hac vice*)

26                                        Attorney for Plaintiff
                                          *Space Exploration Technologies Corp*.

27

28

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Following the parties' submission of the Stipulation and Joint Notice (ECF No. 212) asking the Court to take judicial notice of the Phase 2 awards, the U.S. Air Force Space and Missile Systems Center ("SMC" or "Agency") opened the debriefing process on the Phase 2 Competition with SpaceX and provided SpaceX a redacted copy of the Phase 2 award decision and the opportunity to ask questions about the document.  (*See* Exhibit A.)  Because the redacted award decision has relevance to the relief requested in this matter and the parties' recent assertions, SpaceX respectfully requests that the Court include the redacted award decision in the Court's record.  Good cause exists for the relief requested because the Court has taken notice of the Phase 2 awards (ECF No. 212), and the rationale for those awards will clarify the Court's record and not prejudice any party.

Although the Administrative Procedure Act ("APA") generally limits the Court's merits review to the evidence before the agency at the time the agency made the challenged decision, when balancing the other three injunctive relief factors, the Court may consider evidence of harm that exists outside the administrative record.  *See e.g., E. Bay Sanctuary Covenant v. Trump*, 354 F. Supp. 3d 1094, 1108 (N.D. Cal. 2018) ("Defendants cannot plausibly suggest that a court can assess 'the balance of hardships between the parties,' ... based solely on the administrative record.")(citing *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1137 (9th Cir. 2011) *and League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 765 (9th Cir. 2014)).  Evidence relevant to the balance of hardships "necessarily would not be before an agency decision-maker [a]ffecting a procurement decision such as a source selection award, ... but would necessarily post date and flow from such agency decision." *CW Gov't Travel, Inc. v. United States*, 110 Fed. Cl. 462, 483 (2013) (internal quotations omitted). "Accordingly, such evidence is [routinely] admitted, not as a supplement to the administrative record, but as part of th[e] court's record." *Id*. (underline added); *see also Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 561 (9th Cir. 2000) ("[T]he

1    supplemental material submitted by the Forest Service is properly before us, and must

2    be considered in determining whether FOC is entitled to the injunctive relief it

3    seeks.").

4           On August 14, 2020, the parties filed a Stipulation requesting that the Court

5    take notice of the Phase 2 contract awards and enter the proposed Joint Notice on the

6    docket.  (ECF No. 212.)  In the Joint Notice, each party outlined its position regarding

7    the impact of the Phase 2 awards.  For its part, SpaceX indicated, among other things,

8    that Defendant-Intervenor United Launch Services LLC ("ULA") had the unearned

9    advantage of an improperly awarded Launch Service Agreement ("LSA") and that

10   unwarranted advantage may have contributed to ULA winning 60% of the Phase 2

11   launches.  (ECF No. 212-1 at 4.)[1]  SpaceX won the remaining 40% of the Phase 2

12   launches.  (*Id.* at 3.)  Moreover, SpaceX emphasized that the LSAs had significant,

13   ongoing relevance per the terms of LSA Request for Proposals, Solicitation No.

14   FA8811-17-9-0001 (Tab 38).  (*Id*. at 4.)  Underscoring SpaceX's point, ULA and the

15   United States claimed in the Joint Notice that any injunction against ULA's LSA could

16   inhibit ULA's ability to perform the Phase 2 contract.  (*Id*. at 5-6.)

17          On August 19, 2020, the Court approved the Stipulation and directed Plaintiff

18   to file the Joint Notice, which Plaintiff did on the same day.  (*See* ECF No. 213 and

19   ECF No. 214.)  In the interim, SpaceX timely requested a debriefing from SMC about

20   the Phase 2 award decision, and SMC conducted an oral debriefing with SpaceX on

21   August 20, 2020.   (Declaration of K. Daniels, ¶4.)   As part of the debriefing

22   documents package, SMC shared a redacted award decision that contains SpaceX

23   proprietary information and is attached hereto as Exhibit A. (*Id.* ¶5.)

24          The Phase 2 award decision reveals ████████████████████████████████

25   ████████████████████████████████████████████████████████████████████████

26   ████████████████████████████████████████████████████████████████████████

27   _____

28   [1] Page citations to ECF documents are to the ECF page ID on the top of the document.

MOTION TO SUPPLEMENT COURT RECORD



1off

1off

(Ex. A at 3.)  (Prior filings with this Court evidence that SMC ███████████████████. (ECF No. 210 at 18, 19, 20.)) The Source Selection Authority, the official that made the contract award decisions, stated ██████████████████████ (Ex. A at 3.)

Notwithstanding its ████████, the Phase 2 award decision also reveals that SpaceX received the smaller (40%) Phase 2 contract award due in significant part to ████████. Specifically, despite recognizing SpaceX's ████████, the Source Selection Authority awarded the larger contract to ULA based on ████████████████████. (*Id.* at 4-5.)[2]  Accordingly, the award decision confirms that the improperly awarded LSA directly contributed to ULA winning 60% of the Phase 2 launches.

But the Phase 2 Competition award does not end the harm to SpaceX from the errant LSA process or moot the relief SpaceX seeks (correcting the flawed LSA award decision).  (ECF No. 170-1 at ¶¶ 47-51 (████ Declaration describing the long-term competitive disadvantage to SpaceX for Phase 2 and beyond as the LSA will offer insight into the agency's current and future launch needs).)  Neither Congress nor SMC intended the LSAs solely as a tool for the Phase 2 Competition:  "Per national policy, the Air Force intends to ensure that there are two reliable sources for all national security launches…. *LSAs with ongoing development will continue for those who receive launch service awards at that time*."  (Tab 38 at 1261 (emphasis added).)

---

[2] ████████████████████ (Ex. A at 3.)

- 3 -
MOTION TO SUPPLEMENT COURT RECORD

Indeed, if the LSAs did not remain relevant, all LSAs, even those held by a Phase 2 awardee (such as ULA) would end.  Instead, the unearned investment and government support ULA is receiving under the challenged LSA will continue during the Phase 2 Contract.  In fact, SMC and ULA contend that national security and assured access to space demand continuation of ULA's LSA (ECF No. 212-1 at 6), but contradictorily argue that the Court should not grant SpaceX relief from the Agency's past errors and thereby ensure that SpaceX receives similar support.  If national security and assured access to space are indeed the goal (as Congress intended and the Agency claims), requiring the Agency to remedy the LSA award errors and granting SpaceX (the ████████████ Phase 2 competitor) the LSA support it earned is even more important today.[3]  As the Phase 2 award decision evidences, SpaceX (even without LSA support) has the greatest likelihood of delivering assured access to space for the United States.  SpaceX should not have to continue proving that it can do so (diverting critical resources) without the support Congress intended.

The national security space race is not between these four U.S. companies.  (That race has had a clear leader for years, SpaceX.)  To the contrary, the national security space race is between the United States and its global adversaries.  Correcting the flawed LSA award ensures that SpaceX will perform for the United States in the international space race with support comparable to that which SMC has provided and will continue to provide its other Phase 2 contractor.  Absent Court intervention to correct the flawed LSA award decision, ULA will continue to have the benefit of

---

[3] Defendants belatedly assert that SpaceX is not eligible for LSA funding because it did not propose the BFR (now Starship) for the Phase 2 Category C solution, which apparently represent *two* of the possible total of thirty-five missions assumed by SMC for the Phase 2 Competition. (ECF No. 212-1 at 5, 6; Daniels Decl. ¶6.)  To be sure, given that Category C represented its own technical subfactor in the Phase 2 Competition, SpaceX could not risk SMC repeating the same Category C evaluation errors challenged in this LSA action.  But SpaceX has not abandoned this innovative vehicle; SpaceX is continuing to develop the Starship.  https://www.spacex.com/vehicles/starship/.  Further, ████████████████████████████████████████████████████████████████████

MOTION TO SUPPLEMENT COURT RECORD

government support and technical insight provided under the LSA in addition to the Phase 2 Contract, while SpaceX (the United States leading commercial provider *and* the ███████████ offeror in the Phase 2 Competition) will not.  Thus, granting SpaceX the relief it seeks enforces Congress' intent, furthers the Agency's mission needs, provides public confidence in the government contracting process, and fosters national security.

For these reasons, Plaintiff respectfully asks this Court to supplement the Court's record for remedy purposes with the redacted Phase 2 award decision that SMC shared with SpaceX as part of the Phase 2 debriefing and which is attached hereto as Exhibit A.

Dated:  August 26, 2020

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Craig A. Holman*
Craig A. Holman (*admitted pro hac vice*)

Attorney for Plaintiff
*Space Exploration Technologies Corp.*

MOTION TO SUPPLEMENT COURT RECORD

## DECLARATION OF KARA L. DANIELS

I, Kara L. Daniels, declare:

1.    I have personal knowledge of the facts stated herein.  I am one of the counsel of record for Plaintiff Space Exploration Technologies Corp. ("SpaceX").  I submit this declaration in support of Plaintiff's motion to supplement the Court's record with the redacted award decision made by the U.S. Air Force Space and Missile Systems Center ("SMC") in the Phase 2 Competition, Solicitation No. FA8811-19-R-002.  (The redacted award decision is attached hereto as Exhibit A.)

2.    On August 14, 2020, the parties filed a Stipulation requesting that the Court take notice of the Phase 2 contract awards and enter the proposed Joint Notice on the docket.  (ECF No. 212.)

3.    On August 19, 2020, the Court granted the Stipulation and directed Plaintiff to file the Joint Notice, which Plaintiff did on the same day.  (*See* ECF No. 213 and ECF No. 214.)

4.    In the interim, pursuant to Federal Acquisition Regulation 15.506, SpaceX timely requested a debriefing from SMC about the Phase 2 Competition award decision.

5.    Exhibit A to this filing is the copy of the Phase 2 Source Selection Decision that SMC provided to SpaceX as part of its debriefing package.  The Agency held its oral debriefing with SpaceX on August 20, 2020 and gave SpaceX the opportunity to ask follow-up written debriefing questions on August 23, 2020.

6.    SMC also shared its Total Evaluated Price Methodology Memorandum as part of the SpaceX debriefing.  The Memorandum explains SMC applied a weighting system to the offeror's pricing tables for the purpose of calculating the total evaluated prices used in the Phase 2 source selection process.  The Memorandum shows that SMC assumed a manifest of 35 missions for purposes of the Phase 2 Competition, which include one Polar 2 mission and one GEO 2 mission, the two Payload Category C reference orbits.

1    I declare under penalty of perjury under the laws of the United States of

2  America that the foregoing is true and correct.

3  Dated: August 26, 2020                */s/ Kara L. Daniels*

4                                              Kara L. Daniels

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -
MOTION TO SUPPLEMENT COURT RECORD

1

## **<u>PROOF OF SERVICE</u>**

2

I hereby certify that on this 26th day of August 2020, I electronically filed the

3

foregoing Sealed Notice of Motion and Motion for Order to Supplement Court Record

4

by using the CM/ECF system and that service to the other counsel will be accomplished

5

via email as follows:

6

7

Joseph Evan Borson
U.S. Department of Justice
Federal Programs Branch - Civil Division
1100 L Street, N.W.
Washington, D.C. 20005
Tel:  202-514-1944
Fax:  202-616-8460
Email: joseph.borson@usdoj.gov
*Counsel for United States of America*

8

9

10

11

12

Scott E. Pickens
Barnes and Thornburg LLP
1717 Pennsylvania Avenue, N.W., Suite 500
Washington, D.C. 20006-1313
Tel:  202-371-6349
Fax:  202-289-1330
Email: Scott.Pickens@btlaw.com
*Counsel for Blue Origin, LLC*

13

14

15

16

17

Todd R. Steggerda
McGuireWoods LLP
2001 K Street, N.W., Suite 400
Washington, D.C. 20006
Tel:  202-857-2477
Fax:  202-828-2968
Email: tsteggerda@mcguirewoods.com
*Counsel for United Launch Services, LLC*

18

19

20

21

22

23

24

25

26

27

28

MOTION TO SUPPLEMENT COURT RECORD

1

2

3

4

5

Kevin P. Mullen
Morrison and Foerster LLP
2000 Pennsylvania Avenue, N.W., Suite 6000
Washington, D.C. 20006
Tel:  202-887-1500
Fax:  202-887-0763
Email: KMullen@mofo.com
*Counsel for Orbital Sciences Corporation*

6

7   Dated:  August 26, 2020              ARNOLD & PORTER KAYE SCHOLER LLP

8

9                                        By:  */s/ Craig A. Holman*
                                              Craig A. Holman (*admitted pro hac vice*)

10

11                                       Counsel for Plaintiff
                                         *Space Exploration Technologies Corp.*

12

13

14

15

16                          **EXHIBIT A REDACTED IN FULL**

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO SUPPLEMENT COURT RECORD