**MORRISON & FOERSTER** LLP
KEVIN P. MULLEN (*admitted pro hac vice*)
KMullen@mofo.com
2000 Pennsylvania Ave., N.W.
Washington, D.C. 20006-1888
Telephone: 202.887.1500
Facsimile: 202.887.0763

Attorney for Defendant-Intervenor
Orbital Sciences Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., | Case No. 2:19-cv-07927-ODW-GJS |
| Plaintiff, | Honorable Otis D. Wright II |
| v. | **ORBITAL SCIENCES CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT COURT RECORD** |
| UNITED STATES OF AMERICA, | |
| Defendant. | Date: Oct. 5, 2020<br>Time: 1:30 p.m.<br>Ctrm: 5D, 5th Floor<br>First Street Courthouse<br>350 W. First Street<br>Los Angeles, CA 90012 |
| and | |
| UNITED LAUNCH ALLIANCE, LLC, BLUE ORIGIN, LLC, and ORBITAL SCIENCES CORPORATION, | |
| Defendant-Intervenors. | |

OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT –

## MEMORANDUM IN OPPOSITION

Orbital Sciences Corporation ("Orbital") opposes Plaintiff SpaceX's motion to supplement the Court's record with the Source Selection Decision Document ("SSDD") for the Phase 2 Launch Service Procurement ("LSP"). The SSDD for the recent LSP awards is irrelevant to the proceedings before the Court regarding the Air Force's award of the Launch Services Agreements ("LSAs") to Blue Origin, Orbital, and United Launch Alliance ("ULA"), but not SpaceX. Indeed, that document relates to a different procurement than the one the Court is considering; and it describes evaluations and award decisions involving different proposals for different launch vehicles, based on different evaluation criteria, made by different government officials. Plaintiff's arguments for inclusion of the irrelevant LSP SSDD in the record are illogical and misleading, and the Court should deny Plaintiff's motion.

Although Plaintiff suggests the SSDD is relevant to the Court's consideration of relief in this case, its motion primarily rehashes its arguments regarding the merits of the Government's LSA awards. Plaintiff cites three portions of the LSP SSDD, each of which it presents as evidence of SpaceX's alleged technical superiority in the LSA competition. In doing so, however, Plaintiff fails to explain that the Air Force's evaluation criteria for the LSP awards were not the same as the criteria for the LSA awards, and it glosses over the fact that SpaceX proposed a different portfolio of launch vehicles for each solicitation. *Id.* at 2-3 ("The Phase 2 award decision reveals ▇ . . . ."); *id.* at 3 (quoting the Source Selection Decision Document's reference to ▇ ▇); *id.* at 3 n.3 (citing the adjectival ratings assigned to SpaceX's and ULA's Phase 2 proposals); *see also id.* at 4 n.3 (admitting SpaceX did not propose the same launch vehicles for the Phase 2 procurement as it did in the LSA competition).

OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT –

Plaintiff's submission of the Government's evaluation of the SpaceX LSP proposal – two years after the LSA awards at issue here – presents a non sequitur under the established standard of review in this case; and the Court's consideration of the LSP SSDD in its review of the LSA award decision would be illogical and legally improper. *See Camp v. Pitts*, 411 U.S. 138, 142, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973) (holding that, in a challenge to agency action under the Administrative Procedure Act, "the focal point for judicial review should be the administrative record already in existence" prior to the litigation).

Although Plaintiff suggests the LSP SSDD will assist the Court in balancing the hardships pertinent to injunctive relief, it has not identified a single new fact in the document bearing on the alleged harms SpaceX attributes to the LSA award decision. As Plaintiff acknowledges, the Court already has taken notice of the LSP contracts awarded to SpaceX and ULA, including the relative share of launches awarded to the two firms and SpaceX's complaints about its lesser share. Pl.'s Memo. 2, ECF No. 215. The SSDD contains no new information relevant to the Court's determination of the appropriateness of injunctive relief.

Finally, Plaintiff's motion extols SpaceX's excellence in providing launch services to the Government, but SpaceX's recent success in competing for an LSP award undermines, rather than bolsters, Plaintiff's claim of irreparable harm resulting from the allegedly improper LSA awards. *See* Joint Notice 5, ECF No. 214 (noting SpaceX's Phase 2 award largely addresses the principal injuries for which it is seeking relief). Furthermore, SpaceX's decision to abandon its Starship or Big Falcon Rocket ("BFR") in its successful LSP proposal renders its LSA proposal – which relied on the Starship/BFR for Category C missions – ineligible for an LSA award. *See id.* at 4. Rather than grant Plaintiff's motion to add the LSP SSDD to the record – and effectively conflate two separate Government evaluation decisions – the

Court should deny Plaintiff's motion and dismiss SpaceX's complaint for mootness and lack of standing.

September 14, 2020

By: /s/ Kevin P. Mullen
Kevin P. Mullen (*admitted pro hac vice*)

*Attorney for Defendant-Intervenor Orbital Sciences Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2020, I caused a true and correct copy of the foregoing document to be served by email on:

**Joseph Evan Borson**
U.S. Department of Justice
Federal Programs Branch - Civil Division
1100 L Street, N.W.
Washington, D.C. 20005
Tel: 202-514-1944
Fax: 202-616-8460
Email: joseph.borson@usdoj.gov
Counsel for United States of America

**Scott E. Pickens**
Barnes and Thornburg LLP
1717 Pennsylvania Avenue, N.W., Suite 500
Washington, D.C. 20006-1313
Tel: 202-371-6349
Fax: 202-289-1330
Email: Scott.Pickens@btlaw.com
Counsel for Blue Origin, LLC

**Todd R. Steggerda**
McGuireWoods LLP
2001 K Street, N.W., Suite 400
Washington, D.C. 20006
Tel: 202-857-2477
Fax: 202-828-2968
Email: tsteggerda@mcguirewoods.com
Counsel for United Launch Services, LLC

**Craig A. Holman**
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Telephone: 202.942.5000
Facsimile: 202.942.5999
Email: craig.holman@arnoldporter.com
Counsel for Space Exploration Technologies Corp.

By: /s/Kevin P. Mullen
KEVIN P. MULLEN (*pro hac vice*)
*Attorney for Orbital Sciences Corporation*

4

**OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT –**