|   |   |
|---|---|
| 1 | **BARNES & THORNBURG LLP** |
|   | Scott E. Pickens (admitted *pro hac vice*) |
| 2 | scott.pickens@btlaw.com |
|   | Scott N. Godes (admitted *pro hac vice*) |
| 3 | Scott.Godes@btlaw.com |
|   | Matthew J. Michaels (admitted *pro hac vice*) |
| 4 | MMichaels@btlaw.com |
|   | 1717 Pennsylvania Avenue N.W., Suite 500 |
| 5 | Washington, D.C. 20006-4623 |
|   | Telephone:   202-289-1313 |
| 6 | Facsimile:    202-289-1330 |
| 7 | **BARNES & THORNBURG LLP** |
|   | Matthew B. O'Hanlon (SBN 253648) |
| 8 | matthew.ohanlon@btlaw.com |
|   | 2029 Century Park East, Suite 300 |
| 9 | Los Angeles, CA 90067-3012 |
|   | Telephone:   310-284-3880 |
| 10 | Facsimile:    310-284-3894 |
| 11 | Attorneys for Defendant-Intervenor |
|   | Blue Origin, LLC |

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| SPACE EXPLORATION TECHNOLOGIES CORP., | Case No. 2:19-cv-07927-ODW-GJS |
|---|---|
| Plaintiff, | **DEFENDANT-INTERVENOR BLUE ORIGIN, LLC'S OPPOSITION TO PLAINTIFF SPACE EXPLORATION TECHNOLOGIES CORP.'S MOTION TO SUPPLEMENT COURT RECORD** |
| v. |  |
| UNITED STATES OF AMERICA, |  |
| Defendant. |  |
|  | ▮▮▮▮▮▮▮▮▮▮▮▮ |
|  | Date:         October 5, 2020 |
|  | Time:        1:30 p.m. |
|  | Courtroom: 5D, 5th Floor |
|  |                    First Street Courthouse |
|  |                    350 W. 1st Street |
|  |                    Los Angeles, CA 90012 |

**OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT COURT RECORD –** ▮▮▮▮▮

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

## I. INTRODUCTION

Defendant-Intervenor Blue Origin, LLC ("Blue Origin") submits the following opposition to Plaintiff Space Exploration Technologies Corporation's ("SpaceX") motion for an order to supplement the Court's record with the August 6, 2020 Source Selection Decision Document, the award decision (the "Phase 2 Decision") made by the U.S. Air Force Space and Missile Systems Center (the "Agency" or "Air Force") in the connection with the National Security Space Launch <u>Phase 2</u> Launch Service Procurement Competition (the "Motion").

As the Court will recall, this proceeding involves SpaceX's challenge to the Air Force's evaluation and award decisions issued back in October 2018 under the <u>Phase 1</u> Launch Service Agreements ("LSA") Request for Proposals to develop space launch systems for national security missions. Those Phase 1 LSA awards were intended to facilitate development of at least three launch system prototypes as early as possible, allowing those launch systems to mature prior to a future selection of two launch service providers for Phase 2 Launch Service Procurements ("LSP") award, which process recently culminated in the Phase 2 Decision. The Phase 2 Decision is <u>not</u> at issue in this proceeding.

The Motion represents SpaceX's latest effort in a continuing pattern of conduct to present materials to the Court in support of SpaceX's Motion for Judgment on the Administrative Record ("MJAR")[1] outside the subject administrative record considered by the Agency in the challenged LSA award decisions. Indeed, as with the lengthy Declaration of ▉▉▉▉▉ tendered by SpaceX in support of the MJAR, SpaceX again impermissibly seeks to supplement the administrative record to convince the Court that the Air Force must have erred in declining to provide SpaceX with a Phase 1

---

[1] The MJAR was fully briefed on February 14, 2020, oral argument took place on June 19, 2020, and the parties submitted responses to the Court's follow up questions on July 17, 2020. The MJAR remains under submission.

1

**OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT COURT RECORD –**

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

Case 2:19-cv-07927-ODW-GJS Document 229 Filed 10/05/20 Page 3 of 7 Page ID #:3389
Case 2:19-cv-07927-ODW-GJS Document 218 (Ex Parte) Filed 09/14/20 Page 3 of 7 Page ID #:3299

LSA award because SpaceX ultimately secured a Phase 2 LSP Award as reflected in the Phase 2 Decision.

SpaceX fails to clearly disclose to the Court, however, that SpaceX failed to obtain a Phase 1 LSA award based upon one proposed launch vehicle (*i.e.* the Starship) but then abandoned that approach and secured a Phase 2 LSP award based upon a separate and distinct vehicle (*i.e.* the Falcon Heavy Rocket) which SpaceX had ***not proposed previously***. Accordingly, having lost a Phase 1 award with one proposed rocket but won a Phase 2 award with another, SpaceX strains credulity by suggesting that its Phase 2 victory has any relevance to its failure to obtain a Phase 1 award. Instead, SpaceX seeks to compare apples and oranges. Rather than re-briefing that issue in detail here, Blue Origin incorporates by reference the opposition to the Motion submitted by Defendant-Intervenor United Launch Services ("ULS"). See Dkt. No. 216.[2]

Separate and apart from the abject lack of relevance of the Phase 2 Decision to this proceeding, the Motion also suffers from other fatal flaws which require its denial. First, SpaceX failed to comply with Local Rule 7-3 in connection with the Motion, instead filing the Motion a mere day after giving notice of its intent to present the Phase 2 Decision to the Court. Second, as noted above, SpaceX's request that the Court consider the Phase 2 Decision in connection with ruling on the MJAR constitutes an improper after-the-fact effort to supplement the administrative record in violation of applicable law. Doing so is impermissible. To the extent SpaceX contends that the Phase 2 Decision is relevant to the issue of injunctive relief (*i.e.* alleged harm it

---

[2] SpaceX suggests that defendants conceded the relevance of the Phase 2 award by stipulating to notifying the Court that the award decision itself had occurred with "each party outlin[ing] its position regarding the impact of the Phase 2 awards." See Motion at 2 (citing Dkt. No. 212). In fact, while Blue Origin joined the stipulation to notify the Court of the Phase 2 award decision, Blue Origin did not opine on the impact of the Phase 2 award decision in Docket Entry No. 212 or otherwise and instead refrained from commenting on the Phase 2 award given its objections herein.

2

**OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT COURT RECORD –**

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

suffered by failing to secure a Phase 1 award), such an argument fails given (a) the lack of relevance of the Phase 2 Decision for the reasons discussed above and in ULS' opposition to the Motion, and (b) the unavailability of injunctive relief here for the reasons discussed in detail in Blue Origin's opposition to the MJAR.

Accordingly, for the reasons discussed in further detail below, the Court should deny the Motion.

## II. THE COURT SHOULD DENY THE MOTION

### A. SpaceX Failed to Comply With Local Rule 7-3

Local Rule 7-3 provides in pertinent part as follows:

> counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

That process did not occur. As other district judges in the Central District have stated, "[t]he Court generally does not excuse noncompliance with Rule 7-3." *Boedeker v. Farley*, 2020 WL 2536969 at *1 (C.D. Cal. February 5, 2020) (denying motion for inexcusable breach of Local Rule 7-3). To that end, the meet-and-confer requirement is not a casual suggestion, but a directive aimed at "a possible informal resolution" and "enabl[ing] the parties to brief the remaining disputes in a thoughtful, concise and useful manner." *Boedeker, supra* at *1. When parties fail to comply with Local Rule 7-3, it is within the Court's discretion to deny the offending motion.

3

OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT COURT RECORD –

*Boedeker, supra* at *1. Consistent with this, this Court has stated that "[t]he Court strictly adheres to the Federal Rules of Civil Procedure and the Central District of California's Local Rules and will not hesitate to strike any motion that fails to strictly comply with Local Rule 7–3." *Bhatti v. Goldman*, 2014 WL 2970441, at *2 (C.D. Cal. July 1, 2014).

Here, as reflected in SpaceX's Notice of Motion, counsel SpaceX first sent an e-mail giving notice of its intent to file the Motion on August 25, 2020, ***a mere day before filing the Motion***. Obviously, the foregoing e-mail does not comply with the letter or spirit of Local Rule 7-3, and tellingly SpaceX's Notice of Motion does not even represent (as required) that any conference of counsel occurred in compliance with Local Rule 7-3. Accordingly, the Court should deny the Motion on this basis.

**B.    SpaceX Yet Again Improperly Asks That The Court Consider Materials Outside The Administrative Record**

Judicial review of an agency decision is limited to the administrative record already in existence, not some new alternate record created initially in the reviewing court. *Camp v. Pitts*, 411 U.S. 138, 142 (1973). A court generally may not consider extra-record evidence, although the Ninth Circuit has recognized certain limited exceptions to that rule, which are plainly not applicable here.[3] *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014). Otherwise, "[w]ere the federal courts routinely or liberally to admit new evidence when reviewing agency decisions, it would be obvious that the federal courts would be proceeding, in effect, de

---

[3] These exceptions exist for situations when admission of the evidence: "(1) is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) is necessary to determine whether the agency has relied on documents not in the record, (3) [ ] is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith." *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014) (citations and quotations omitted). The exceptions are to be "narrowly construed," and the party seeking to supplement with the extra-record evidence "bears the burden of demonstrating that a relevant exception applies." *Id.* at 992–93.

4

**OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT COURT RECORD –**

novo rather than with the proper deference to agency processes, expertise, and decision-making." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005).

Here, SpaceX does not contend that the Phase 2 Decision is relevant to any of the four above-referenced factors. Rather, SpaceX argues that a further exception exists when a party seeks injunctive relief before the district court. Although a limited number of cases do allow the consideration of new evidence solely relevant to the issue of injunctive relief, *see, e.g., Nat'l Parks & Conservation Assn. v. Babbitt*, 241 F.3d 722, 738 (9th Cir. 2001), such authorities do not justify the Court's consideration of the Phase 2 Decision here given that it has no relevance to the issues in this proceeding for the reasons discussed herein and in ULS' opposition to the Motion. Furthermore, as to the harm SpaceX has allegedly suffered as a result of its failure to obtain a Phase 1 award, injunctive relief is not available for the reasons discussed in detail in Blue Origin's opposition the MJAR. See Dkt. No 179.

### III. CONCLUSION

For the foregoing reasons, the Court should deny the Motion.

Respectfully submitted,

**BARNES & THORNBURG LLP**

Dated: September 14, 2020

By: /s/ Scott E. Pickens
Scott E. Pickens (admitted *pro hac vice*)
Scott.Pickens@btlaw.com
Attorney for Defendant-Intervenor Blue Origin, LLC

5
OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT COURT RECORD –

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2029 Century Park East, Suite 300, Los Angeles, CA 90067.

On September 14, 2020, I served the foregoing document(s):

**DEFENDANT-INTERVENOR BLUE ORIGIN, LLC'S OPPOSITION TO PLAINTIFF SPACE EXPLORATION TECHNOLOGIES CORP.'S MOTION TO SUPPLEMENT COURT RECORD**

on the interested parties in this action as follows:

Craig A. Holman
craig.holman@arnoldporter.com
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Telephone: 202.942.5000
Facsimile: 202.942.5999
***Counsel for Plaintiff***
***Space Exploration Technologies Corp.***

Kevin P. Mullen
KMullen@mofo.com
Morrison and Foerster LLP
2000 Pennsylvania Avenue, N.W.
Suite 6000
Washington, D.C. 20006
Tel: 202-887-1500
Fax: 202-887-0763
***Counsel for Orbital Sciences Corporation***

Joseph Evan Borson
joseph.borson@usdoj.gov
U.S. Department of Justice
Federal Programs Branch
Civil Division
1100 L Street, N.W.
Washington, D.C. 20005
Tel: 202-514-1944
Fax: 202-616-8460
***Counsel for United States of America***

Todd R. Steggerda
tsteggerda@mcguirewoods.com
McGuireWoods LLP
2001 K Street, N.W., Suite 400
Washington, D.C. 20006
Tel: 202-857-2477
Fax: 202-828-2968
***Counsel for United Launch Services, LLC***

☒ **BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION:** Based on an agreement of the parties to serve copies of documents by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above.

☒ **FEDERAL**: I declare under penalty of perjury that the forgoing is true and correct.

Executed on September 14, 2020, at Los Angeles, California.

/s/ Matthew B. O'Hanlon
Matthew B. O'Hanlon

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

1
**PROOF OF SERVICE**