John D. Lombardo (Bar No. 187142)
john.lombardo@arnoldporter.com
Arnold & Porter Kaye Scholer LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: 213.243.4000
Facsimile: 213.243.4199

Craig A. Holman (*admitted pro hac vice*)
craig.holman@arnoldporter.com
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Telephone: 202.942.5000
Facsimile: 202.942.5999

Attorneys for Plaintiff
*Space Exploration Technologies Corp.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Space Exploration Technologies Corp., | Case No. 2:19-cv-07927-ODW(GJS) |
| Plaintiff, | Honorable Otis D. Wright II |
| v. | ███████ **REPLY IN SUPPORT OF MOTION BY PLAINTIFF TO SUPPLEMENT COURT RECORD** |
| United States of America, | |
| Defendant, | |
| v. | Date:  Oct. 5, 2020 |
| Blue Origin, LLC, *et al.*, | Time: 1:30 p.m. |
| Defendant-Intervenors. | Ctrm: 5D, 5th Floor |
| | First Street, Courthouse |
| | 350 W. First Street |
| | Los Angeles, CA 90012 |

██████████████████████████████████
████████████████

**FINAL REDACTED VERSION**
**10/7/2020**

REPLY IN SUPPORT OF MOTION TO SUPPLEMENT COURT RECORD

1    [Caption page continued]

2    Kara L. Daniels (*admitted pro hac vice*)
kara.daniels@arnoldporter.com

3    David M. Hibey (*admitted pro hac vice*)
david.hibey@arnoldporter.com

4    Sonia Tabriz (*admitted pro hac vice*)
sonia.tabriz@arnoldporter.com

5    Nathaniel Castellano (*admitted pro hac vice*)
nathaniel.castellano@arnoldporter.com

6    Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.

7    Washington, D.C. 20001
Telephone: (202) 942-5000

8    Facsimile:  (202) 942-5999

9    Attorneys for Plaintiff
*Space Exploration Technologies Corp.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF MOTION TO SUPPLEMENT COURT RECORD

1    Plaintiff Space Exploration Technologies Corp. ("SpaceX") hereby timely
2   submits this reply in support of its motion for the Court to consider the redacted award
3   decision made by the U.S. Air Force Space and Missile Systems Center ("SMC") in the
4   Phase 2 Competition, Solicitation No. FA8811-19-R-002, as extra-record evidence to
5   complete the Court's record on the issue of harm.  No one disputes that the document
6   describes the rationale for the contract awards of which the Court took notice on August
7   19, 2020 following the parties' Stipulation (ECF Nos. 212 and 213).  Rather, Defendant
8   United States (the "Government") and Defendant-Intervenors United Launch Services,
9   LLC ("ULA"), Orbital Sciences Corporation ("Orbital"), and Blue Origin, LLC ("Blue
10  Origin") oppose SpaceX's motion, arguing that the Court may not consider extra-record
11  evidence when balancing the injunctive relief factors and that the Phase 2 award
12  decision purportedly is not relevant.  Defendants' arguments confuse the administrative
13  record and the Court's record.

14    Contrary to Defendants' suggestions, SpaceX does not ask the Court to consider
15  the Phase 2 award decision to find the Agency's Launch Service Agreement ("LSA")
16  evaluation and award decision flawed.  SpaceX moved the Court to include the Phase 2
17  award decision in the Court's record because that decision has relevance to the relief
18  requested and the parties' recent assertions in the Joint Notice informing the Court of
19  the Phase 2 awards.  (ECF No. 215, ECF No. 214.)  As noted in SpaceX's motion, this
20  Court is not limited to the administrative record in its analysis of the existence and
21  magnitude of potential harms.  *See e.g., NRDC v. United States Dep't of the Navy*, 857
22  F. Supp. 734, 736, n. 2 (D.C.Cal.1994), vacated by settlement, 1994 WL 715704
23  (recognizing that "[t]he analysis of the existence and magnitude of potential harms
24  includes all evidence admitted at the hearings," and "[i]n making this decision, the Court
25  is not limited to the administrative record.").

26
27
28

REPLY IN SUPPORT OF MOTION TO SUPPLEMENT COURT RECORD

The Government also now contends that injunctive relief is not available in Administrative Procedure Act ("APA") actions.  (ECF No. 220 at 2.)[1]  Again, the Government's position is legally wrong.  A plaintiff challenging final agency action under the APA may seek injunctive relief in addition to vacatur.  *See W. Watersheds Project v. Abbey*, 719 F.3d 1035, 1054 (9th Cir. 2013) (reversing lower court decision because agency action violated law and remanding for consideration of injunctive relief).[2]

Further, contrary to the Government's Opposition, it is the Government, not SpaceX, that seeks piecemeal, inefficient presentation of the issues to this Court by seeking to bifurcate the merits and relief.  SpaceX's has sought declaratory and injunctive relief since it first initiated this action.  (ECF No. 1.)  In its papers in support of its Motion for Judgment on the Certified Administrative Record, SpaceX briefed its entitlement to both declaratory and injunctive relief.  (*See* ECF No. 170, 182.)  In connection with injunctive relief, SpaceX showed that, without correction, the challenged unlawful evaluation and award decision deprived SpaceX the opportunity to compete fairly for an LSA, provided SpaceX's competitors with unique and solution specific insights regarding the Agency's launch service needs in the Phase 2 Competition and beyond, and that similar insights are not available to SpaceX without an LSA award, impeding SpaceX's ability to anticipate and fully address the Agency's design priorities and technical requirements well into the future.  (ECF No. 170 at 43-44; *see also* ECF No. 182 ("Without injunctive relief, SpaceX will not attain those

---

[1] Page citations to ECF documents are to the ECF page ID on the top of the document.

[2] The Government's reliance on *Palisades General Hospital Inc. v. Leavitt*, 426 F.3d 400 (D.C. Cir. 2005), is misplaced.  That case involved a hospital's claim that it received a lower level of reimbursement due under a Medicare statute because the Secretary of the Department of Health & Human Service failed to make timely requested corrections to wage data submitted by the hospital.  426 F.3d at 401.  But the statute on which the plaintiff relied provided expressly that the Secretary's decision was not subject to review.  *Id*. at 403.  Consequently, the D.C. Circuit affirmed the lower court's decision that it lacked jurisdiction "either to order the Secretary to reconsider his reclassification decision or to direct a reimbursement payment that would reflect such a reclassification."  *Id*. at 404.

non-monetary benefits, and SpaceX's direct competitors will benefit long after the Phase 2 award. To be sure, the anticompetitive award decision has already and continues to harm SpaceX, but SMC-input delayed is better than SMC-input denied. No money damages can cure SpaceX's loss (or its competitors' undue gain) of the LSA partnership.").)   Whether the Agency acted unlawfully or arbitrarily and capriciously under the APA and how to remedy the harm are issues properly before this Court.  (*See also e.g.*, ECF Nos. 208, 210 (the Court specifically seeking and the parties providing additional input about relief).)

Defendant and Defendant Intervenors' substantive objections that the decision is not relevant to relief also lack merit.[3]  All parties asked the Court to take judicial notice of the Phase 2 awards (ECF No. 212-1 at 3), and Defendants suggested in the Joint Notice that the Phase 2 award decision somehow eliminated the need for the Court action.  (ECF No. 212-2 at 5-9.)  Stated otherwise, Defendants asked the Court to take notice of the award because Defendants believed the award helped them on relief, but now they object to the Court considering the award <u>rationale</u> (which became available to the parties after the Joint Notice) because the rationale establishes the need for Court action.

Moreover, SpaceX's motion does not challenge the Phase 2 award decision as certain Defendants suggest.  To the contrary, the award decision confirms the harm SpaceX suffered in the Phase 2 Competition and establishes that, as a Phase 2 awardee, SpaceX will continue to suffer harm without Court action.  (*Compare* ECF

---

[3] Defendant Blue Origin objects to the motion under Local Rule 7-3 because SpaceX filed the motion less than seven days after the conference of the parties discussing the relief requested. Counsel for SpaceX emailed counsel for each of the other parties, attaching a copy of the redacted source selection decision, indicating SpaceX's belief that the Phase 2 award decision of which the Court took notice both corroborates the impact of the challenged LSA award decision and demonstrates the need for the Court to resolve the matter, and asking whether any party would oppose a request to the Court to include the redacted decision in the Court record.  Counsel for each party, <u>including Blue Origin</u>, indicated their opposition to the request, indicating an impasse on the single request at issue.  Given the status of the matter, SpaceX also indicated to each of the parties that it sought to raise this issue with the Court shortly after receiving the document from the Agency. (ECF No. 215 at 3.)  If Blue Origin wanted more time to confer, its counsel could have so indicated.

No. 168 at ¶¶123-128 (showing flawed LSA awards conferred an unearned advantage to SpaceX's competitors by giving each competitor a significant price advantage and agency guidance in the Phase 2 Competition) *with* ECF No. 215 at 5-6 (explaining how redacted award decision confirms that the improperly awarded LSA directly contributed to ULA winning 60% of the Phase 2 launches and disadvantages SpaceX moving forward).)  Specifically, SpaceX noted that absent Court intervention to correct the flawed LSA process, ULA will continue to benefit from government support and technical insight provided under the LSA during the Phase 2 Contract, while SpaceX (the United States leading commercial provider and the highest technically rated offeror in the Phase 2 Competition) will not.  (ECF No. 215 at 7-8.)

Defendants arguments about differences between the SpaceX LSA proposal and Phase 2 proposal expose Defendants' relevancy objections as arguments of convenience.  The Government has relied on extra-record evidence about differences in SpaceX's technical approaches in the LSA and Phase 2 competitions since January 2020.  (ECF No. 177 at 50 (government citing technical changes made after the LSA proposal <u>as ground for a remand</u> versus a directed award).)

In a contrived effort to distract from the issues at hand, ULA counsel suggests that SpaceX obscured that SpaceX bid the Falcon 9 and Falcon Heavy rockets for all missions in the Phase 2 competition and did not bid the Starship.  ULA counsel's suggestion that only SpaceX knew this fact until recently or that the Government could not disclose it, is false.  Indeed, the very article ULA counsel cited in the Joint Notice to state what SpaceX proposed for the Phase 2 Competition reported on public statements by SpaceX <u>from 2019</u>. (ECF No. 212-1 at 5 n.3 citing Stephen Clark, ULA, SpaceX win landmark multibillion-dollar launch contracts with Pentagon (Aug. 7, 2020), <u>https://spaceflightnow.com/2020/08/07/ula-spacex-win-landmark-launch-agreements-with-pentagon</u> ("'It's Falcon 9 and Falcon Heavy, no Starship,' said Gwynne Shotwell, SpaceX's president and chief operating officer, last year.").)  Thus, ULA (along with the rest of the space community) knew which rockets SpaceX

- 4 -

intended to offer for the Phase 2 Competition long ago rendering the arguments of ULA counsel disingenuous.[4]

Still further, the LSA Agreements Officer and the Phase 2 Contracting Officer are the same person. If the Government deemed the Phase 2 proposal information relevant, it could have sought to supplement the Court's record with the Phase 2 proposals. As a matter of law, as SpaceX has argued to this Court, the Government errantly declared the Starship too risky in the LSA competition. Defendant-Intervenors' suggestion that SpaceX had to bid the Starship during the Phase 2 competition to maintain its LSA action strains credulity. SpaceX was free to follow the Government's direction, while it challenged the direction. It likewise is no secret that SpaceX (a commercial spaceflight company) successfully has moved the purportedly too risky Starship forward.[5] By contrast, the Agency has reported to the press that it is cautiously optimistic that it can stop buying Russian rockets for ULA before ULA uses the remaining 12 RD-180 rockets Congress has permitted DoD to buy on ULA's behalf.[6]

Moreover, the fact that SpaceX proposed the Falcon 9 and Falcon Heavy rockets (also proposed in the LSA) for all missions in the Phase 2 Competition hardly helps Defendants in any event. The very procurement flaws before this Court prevented SpaceX from proposing the Starship for the two Category C missions in Phase 2. (ECF No. 170 at 26-30, 33-43; ECF No. 182 at 12-19, 25-29; ECF No. 210 at 6-13.) Based on those flaws, SpaceX (the most capable provider and the only

---

[4] Blue Origin's suggestion in its Opposition that SpaceX did not propose the Falcon Heavy rocket in the LSA competition is likewise wrong. (*Compare* ECF No. 218 at 3 *with* Tab 123 at AR 39572, 39573.)

[5] Chris Bergen, Starship test program advances towards ambitious SN8 test flight, https://www.nasaspaceflight.com/2020/09/starship-test-program-ambitious-sn8-flight.

[6] Stephen Clark, ULA, SpaceX win landmark multibillion-dollar launch contracts with Pentagon (Aug. 7, 2020), https://spaceflightnow.com/2020/08/07/ula-spacex-win-landmark-launch-agreements-with-pentagon/ ("'By the end of '22, we cannot buy any more RD-180 engines,' Roper said. 'We do have 12 engines that are available should we need to use those engines beyond the '22 mark. We're allowed to use them. We're just [not] allowed to purchase more.'").

REPLY IN SUPPORT OF MOTION TO SUPPLEMENT COURT RECORD

commercial provider) still in this competition is self-funding all <u>three</u> lines of dual-use commercial/national security spacecraft, while ULA's purpose-built for government solution does not meet Congress' statutory proscriptions for a dual use spacecraft and yet continues to receive the very resources (financial and Agency support) Congress earmarked for commercial solutions that also meet the Agency's needs.  FY 2018 NDAA, Pub. L. No. 115-91, § 1605 (2017); *see also* ECF No. 182 at 8-9, 13-14.  Unchecked by this Court, the Agency and ULA will have succeeded in once again diverting all of the U.S. taxpayer resources (resources Congressionally-targeted to commercial providers) to the same entrenched military contractor that has failed to meet Congress' objectives (no Russian rockets, cost control, assured access) across more than two decades.  (*See e.g.*, ECF No. 182 at 15-16.)

The harm to SpaceX (and unearned advantage to ULA) resulting from the flawed LSA decision will continue under the Phase 2 Contract performance.  The irreparable harm to SpaceX will only end with relief that requires the Agency to correct the flawed LSA evaluation and award decision.

Accordingly, for these reasons noted in SpaceX's Motion to Supplement the Court's record, Plaintiff respectfully asks this Court to supplement the Court's record for remedy purposes with the redacted Phase 2 award decision.

Dated:  September 21, 2020          ARNOLD & PORTER KAYE SCHOLER LLP

By:  */s/ Craig A. Holman*
          Craig A. Holman (*admitted pro hac vice*)

          Attorney for Plaintiff
          *Space Exploration Technologies Corp.*

REPLY IN SUPPORT OF MOTION TO SUPPLEMENT COURT RECORD

## **PROOF OF SERVICE**

I hereby certify that on this 21st day of September 2020, I electronically filed the foregoing Sealed Reply in Support of Plaintiff's Motion for Order to Supplement Court Record by using the CM/ECF system and that service to the other counsel will be accomplished via email as follows:

Joseph Evan Borson
U.S. Department of Justice
Federal Programs Branch - Civil Division
1100 L Street, N.W.
Washington, D.C. 20005
Tel:  202-514-1944
Fax:  202-616-8460
Email: joseph.borson@usdoj.gov
*Counsel for United States of America*

Scott E. Pickens
Barnes and Thornburg LLP
1717 Pennsylvania Avenue, N.W., Suite 500
Washington, D.C. 20006-1313
Tel:  202-371-6349
Fax:  202-289-1330
Email: Scott.Pickens@btlaw.com
*Counsel for Blue Origin, LLC*

Todd R. Steggerda
McGuireWoods LLP
2001 K Street, N.W., Suite 400
Washington, D.C. 20006
Tel:  202-857-2477
Fax:  202-828-2968
Email: tsteggerda@mcguirewoods.com
*Counsel for United Launch Services, LLC*

REPLY IN SUPPORT OF MOTION TO SUPPLEMENT COURT RECORD

1    Kevin P. Mullen
     Morrison and Foerster LLP
2    2000 Pennsylvania Avenue, N.W., Suite 6000
     Washington, D.C. 20006
3    Tel:  202-887-1500
     Fax:  202-887-0763
4    Email: KMullen@mofo.com
     *Counsel for Orbital Sciences Corporation*

5

6

7    Dated:  September 21, 2020          ARNOLD & PORTER KAYE SCHOLER LLP

8

9                                       By:  */s/ Craig A. Holman*
                                             Craig A. Holman (*admitted pro hac vice*)
10
                                        Counsel for Plaintiff
11                                      *Space Exploration Technologies Corp.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        2